UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

        Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Frontier Group Holdings, Inc., *incorrectly* named as "Frontier Holdings Group, Inc., a Delaware corporation, d/b/a Frontier Airlines, Inc." ("Defendant"), gives Notice of Removal of this action from the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, based upon the Complaint for Damages (the "Complaint"), filed by Plaintiff, Rebecca Beliard ("Plaintiff") on March 21, 2023. In support thereof, Defendant states as follows.

## UNDERLYING ACTION

1.    On March 21, 2023, Plaintiff commenced an action against Defendant by filing the Complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "State Court Action"). A copy of the Complaint filed in the State Court Action is attached as **Exhibit 1**.

2.    The Complaint asserts state law claims for negligence (Count I) and for negligent hiring, retention, training or supervision (Count II), arising from alleged personal injuries sustained

2

by Plaintiff during her travel on Frontier Airlines, Flight No. 3984 ("Flight 3984") from Miami, Florida to Baltimore, Maryland on May 20, 2022.  Compl. ¶¶ 6, & 12.

3. Plaintiff claims that she was "rushed by the Flight Attendants to put her bags in the overhead bin because the plane had to depart."  Compl. ¶ 7; *see also* ¶ 13.  And that "[a]fter putting her bags in the bin, [Plaintiff] was again rushed by the Flight Attendants to take her seat, and as she was attempting to sit, she tripped and fell injuring herself" (the "Incident").  Compl. ¶ 7; *see also* ¶ 13.

4. And as a result of the Incident, Plaintiff claims, *inter alia*, she was disfigured, suffers from severe bodily injuries, has mental anguish, has lost capacity for the enjoyment of her life, and incurred expenses for hospitalization, medical and nursing care, treatment, and loss of earnings.  *See* Compl. ¶¶ 11, 18.

5. Plaintiff claims these injuries are causing her damages in excess of $50,000.  Compl. ¶ 1.

6. On or about July 31, 2023, Plaintiff served "Frontier Holdings Group, Inc." with the Complaint and various discovery requests.  The summons was addressed to: "Frontier Holdings Group, Inc. 4545 Airport Way, Denver, CO 80239."

7. On August 17, 2023, Defendant moved for an extension of time seeking an additional thirty (30) days to respond to the Complaint and pending discovery requests in the State Court Action.  If granted, the new deadline to respond to the Complaint would be September 19, 2023, and the new deadline to respond to the discovery requests would be October 14, 2023.

8. The district courts of the United States have diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

#226860401_v2

9. The Southern District of Florida, Miami Division, embraces the place where the State Court Action is pending, *i.e.*, Miami-Dade County.

10. This Notice of Removal is signed subject to Federal Rule of Civil Procedure 11, and is timely in accordance with 28 U.S.C. § 1446.

### DIVERSITY JURISDICTION EXISTS

11. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and thus it is properly removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, the State Court Action is a civil action between citizens of different states with an amount in controversy exceeding $75,000, exclusive of interest and costs.

12. Plaintiff alleges that she is a "natural person residing in Miami-Dade County, Florida and is otherwise *sui juris*." *See* Compl. ¶ 2.

13. Defendant Frontier Group Holdings, Inc. is a foreign corporation. It is organized under the laws of Delaware, Compl. ¶ 3, with its principal place of business in Colorado. Defendant Frontier Group Holdings, Inc., therefore, is a citizen of the States of Delaware and Colorado and complete diversity of citizenship exists between Plaintiff and Defendant.

14. The Complaint alleges damages in excess of the state's circuit court jurisdictional threshold of $50,000. *See* Compl. ¶ 1. Plaintiff claims that because of the Incident, "[Plaintiff] suffered severe bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical and nursing care, treatment, and loss of earnings of loss of ability to earn money." Compl. ¶ 11. And that these "injuries are either permanent or continuing in nature and the Plaintiff will suffer the losses and impairment into the future." *Id.*

15. Based on the pleadings, the amount in controversy exceeds $75,000, exclusive of

#226860401_v2

interest and costs. *See Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 295-96 (S.D. Fla. 1992) (stating defendant seeking to remove action on diversity grounds can supply the elements required to establish diversity jurisdiction in its removal papers if the complaint, on its face, lacks the necessary jurisdictional allegations). Accordingly, this case is properly removed pursuant to 28 U.S.C. §§ 1332 and 1441(b).[1]

## TIMELINESS

16. Pursuant to 28 U.S.C. § 1446(b), the instant Notice of Removal has been filed within thirty (30) days of receipt by Defendant of the Summons and Complaint. The Summons and Complaint were served on Defendant on July 31, 2023. Accordingly, this Notice of Removal filed on August 29, 2023 is timely under 28 U.S.C. § 1446(b).

## JOINDER OF ALL SERVED DEFENDANTS.

17. Defendant Frontier Group Holdings, Inc., incorrectly named as Frontier Holdings Group, Inc., is the only named Defendant.

## STATE COURT PLEADINGS.

18. The docket for the State Court Action is attached as **Exhibit 2**. A true and correct copy of all the process, pleadings, and orders served in the State Court Action are attached as **Exhibit 3**. The Civil Cover Sheet for the removal is enclosed as **Exhibit 4**.

## NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL.

19. A copy of this Notice of Removal is being filed with the Eleventh Judicial Circuit

---

[1] Defendant reserves the right to assert federal questions jurisdiction under 28 U.S.C. § 1331 based upon the Federal Aviation Act of 1958 (the "FAA"), 49 U.S.C. § 40101 *et seq*. Federal question jurisdiction extends to cases in which a federal question appears on the face of the well-pleaded Complaint or where otherwise applicable state law has been completely preempted by federal law. The FAA impliedly preempts state law standards governing aviation safety and flight operations—standards that are made explicitly central to the Complaint on the face of the pleading itself, and that must guide the Court's analysis in this case.

#226860401_v2

Court in and for Miami-Dade County, Florida and written notice is being provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

## NON-WAIVER AND RESERVATION OF RIGHTS

20. In filing this Notice of Removal, Defendant reserves all and does not waive any defenses.

**WHEREFORE**, Defendant respectfully submits that this Notice of Removal complies with the statutory removal requirements and respectfully requests that this action now proceeding against it be removed from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, to this Court, and that this action proceed in this Court as a properly removed action.

Dated: August 30, 2023.

> Respectfully submitted,
> HOLLAND & KNIGHT LLP
>
> */s/ Joshua R. Levenson*
> Joshua R. Levenson
> Florida Bar No. 56208
> joshua.levenson@hklaw.com
> Holland & Knight LLP
> 515 E. Las Olas Boulevard, Suite 1200
> Fort Lauderdale, Florida 33301
> Phone: (954) 525-1000
> Fax: (954) 463-2030
> *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2023, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Geralda David, Esq.
DAVID LAW OFFICE, P.A.
2200 N. Commerce Parkway, Suite 200
Weston, FL 33326
paralegal@davidlawoffice.com
service@davidlawoffice.com
*Counsel for Plaintiff*
**[ via e-service ]**

                    By: */s/ Joshua R. Levenson*
                           Joshua R. Levenson
                           Florida Bar No. 56208

#226860401_v2