# EXHIBIT "3"

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>REBECCA BELIARD</u>
Plaintiff                                                    Case # _____
                                                             Judge _____

vs.

<u>FRONTIER HOLDINGS GROUP INC dba FRONTIER AIRLINES</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☒ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Geralda David            Fla. Bar # 104969
      Attorney or party                    (Bar # if attorney)

Geralda David                 03/21/2023
  (type or print name)             Date

- 3 -

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI COUNTY, FLORIDA
CASE NO.:

REBECCA BELIARD,

     Plaintiff,

  vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, REBECCA BELIARD, by and through the undersigned attorney, and sues Defendant, FRONTIER HOLDINGS GROUP INC., a Delaware Corporation, d/b/a FRONTIER AIRLINES INC., (Flight #3984), (hereinafter "FRONTIER HOLDINGS"), and alleges as follows:

1.    This is an action for damages which exceeds the sum of Fifty Thousand Dollars ($50,000.00), exclusive of interest, attorney's fees, and costs.

2.    At all times material hereto, Plaintiff, REBECCA BELIARD was a natural person residing in Miami-Dade County, Florida and is otherwise *suris juris*.

3.    At all times material hereto, Defendant FRONTIER HOLDINGS GROUP, INC., a Delaware Corporation, d/b/a FRONTIER AIRLINES INC., (Flight #2984), is authorized, licensed, and doing business in the State of Florida, and doing business in Miami-Dade County, Florida.

4.    Defendant FRONTIER HOLDINGS, owned, controlled, operated, managed, and/or maintained FRONTIER AIRLINES FLIGHT #3984, at the premises at MIAMI INTERNATIONAL AIRPORT located at 2100 NW 42nd Ave, Miami, FL 33142.

5.    Venue is proper in Miami-Dade County, Florida because the incident which is the subject of this Complaint occurred in Miami-Dade County, Florida.

## COUNT I – NEGLIGENCE

Plaintiff hereby adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 5 as if fully set forth herein:

6.      On or about May 20, 2022, Plaintif, REBECCA BELIARD boarded a Frontier Airlines aircraft, Flight # 2984, at Miami International Airport, Florida, for a direct flight to Baltimore, scheduled to depart at 6:00am.

7.      Plaintiff, REBECCA BELIARD boarded with other passengers and was rushed by the Flight Attendants to put her bags in the overhead bin because the plane had to depart.  After putting her bags in the bin, Plaintiff, REBECCA BELIARD,  was again rushed by the Flight Attendants to take her seat, and as she was attempting to sit, she tripped and fell injuring herself.

8.      Defendant owed a duty of care to maintain the Premises in a reasonably safe condition for the safety of Plaintiff, REBECCA BELIARD on the premises, which included a reasonable effort to keep the Premises free from hazardous or dangerous condition that could have foreseeably given rise to loss, injury, or damage, and to warn of the presence of a dangerous condition.

9.      Defendant breached its duty of care because Defendant failed to provide adequate, proper and a safe environment for Plaintiff, REBECCA BELIARD, negligently failed to take any action to correct the conditions of the Premises, and failed to give notice or warn as to these conditions, and created a hazardous and dangerous condition for Plaintiff, REBECCA BELIARD.

10.      As a result of Defendant's negligence, due to unreasonably unsafe conditions with the Premises as described above, and Defendant's failure to maintain adequate, proper and safe environment, Plaintiff, REBECCA BELIARD violently tripped and fell and suffered injuries.

11.      As a direct and proximate result of the Defendant's negligence, Plaintiff, REBECCA BELIARD suffered severe bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical and nursing care, treatment, and loss of earnings of loss of ability to earn money. The injuries are either permanent or continuing in nature and the Plaintiff will suffer the losses and impairment into the future.

WHEREFORE, the Plaintiff, REBECCA BELIARD, demand judgment against Defendant, FRONTIER HOLDINGS GROUP, INC., a Delaware Corporation, d/b/a FRONTIER AIRLINES INC., (Flight #3984), a Foreign Profit Corporation, for damages, costs, and any other relief which this Court may deem appropriate.

## COUNT II – NEGLIGENT HIRING, RETENTION, TRAINING OR SUPREVISION AGAINST DEFENDANT FRONTIER HOLDINGS GROUP, INC. D/A/B FRONTIER AIRLINES, INC.

Plaintiff hereby adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 5 as if fully set forth herein.

12.     On or about May 20, 2022, Plaintif, REBECCA BELIARD boarded a Frontier Airlines aircraft , Flight # 2984, at Miami International Airport, for a direct flight to Baltimore, scheduled to depart at 6:00am.

13.     After Plaintiff, REBECCA BELIARD had boarded the plane, she was rushed by the Flight Attendants to put her bags in the overhead bin.  After putting her bags in the bin, Plaintiff, REBECCA BELIARD was again rushed by the Flight Attendants  to sit, and as she was attempting to sit as instructed, she tripped and fell injuring herself.

14.     Defendant, FRONTIER HOLDINGS' employee, agent or representative negligently failed to communicate and interact in a professional and competent manner causing Plaintiff, REBECCA BELIARD to hurry and sit, causing Plaintiff, REBECCA BELIARD to trip and fall, which caused severe and permanent injuries to Plaintiff, REBECCA BELIARD.

15.     At all times material hereto, Defendant FRONTIER HOLDINGS had a duty to Plaintiff, REBECCA BELIARD to exercise reasonable care in the hiring, retention, training, and or supervision and employ competent and careful employees, agents or representatives.

16.     Defendant FRONTIER HOLDINGS failed inquire as to the extent of its employees, agents or representative's knowledge, communication skills, and expertise in the industry.

17.     Defendant, FRONTIER HOLDINGS failed to ascertain whether the employees, agents or representatives were competent to do the work safely and in a professional and competent manner.

18.     As a direct and proximate result of Defendant, FRONTIER HOLDINGS's negligence, Plaintiff, REBECCA BELIARD suffered permanent bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical and nursing care, treatment. The injuries are either permanent or continuing in nature and Plaintiff, REBECCA BELIARD will suffer the losses and impairment into the future.

WHEREFORE, the Plaintiff, REBECCA BELIARD demand judgment against Defendant, FRONTIER HOLDINGS GROUP, INC., a Delaware Corporation, d/b/ FRONTIER AIRLINES INC., (Flight #3984), for damages, costs, and any other relief which this Court may deem appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, REBECCA BELIARD demands a trial by jury on all issues so triable.

**DATED this 21st of March, 2023.**

> **DAVID LAW OFFICE, P.A.**
> Attorney For Plaintiff
> 2200 N. Commerce Parkway, Suite 200
> Weston, Florida 33326
> Telephone: 954.666.0486
> Facsimile:   954.416.2368
> Email: paralegal@davidlawoffice.com
> Email: service@davidlawoffice.com
>
> By: */s/ Geralda David*
>     GERALDA DAVID, ESQ.
>     FBN 0104969

4

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CASE NO.: 2023-010175-CA-01

REBECCA BELIARD,

     Plaintiff,

  vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

     Defendant.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of Said:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint or petition in the above styled cause upon the Defendant:

**FRONTIER HOLDINGS GROUP, INC.
4545 AIRPORT WAY
DENVER, CO 80239**

     Each Defendant is hereby required to serve written defenses to said complaint or petition on Geralda David, Esq.**,** Plaintiff's attorney, whose address is David Law Office, P.A., 2200 N. Commerce Parkway, Suite 200, Weston, Florida 33326 within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.

     WITNESS my hand and the seal of said Court on this ____ day of _____, 2023.

Luis G. Montaldo, Clerk Ad Interim,
Circuit and County Courts.

By:_____
         As Deputy Clerk

(COURT SEAL)

## NOTICE TO PERSONS WITH DISABILITIES

If you are a person with a disability who needs an accommodation to participate in a court proceeding, please contact Aliean Simpkins, the Eleventh Judicial Circuit Court ADA Coordinator Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone 305-349-7175; TDD 305-349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

## IMPORTANTE

Usted ha sido demandado legamente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante a Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention de numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous resquez de perdre l a cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiffs' Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff(s) Attorney:
**GERALDA DAVID, ESQUIRE**
Florida Bar No.: 0104969

DAVID LAW OFFICE, P.A.
2200 N. Commerce Parkway, Suite 200
Weston, Florida 33326
Telephone: (954) 666-0486
Facsimile: (954) 416-2368
E-Mail for Pleadings: gdavid@DavidLawOffice.com; paralegal@davidlawoffice.com

Case 1:23-cv-23321-KMM   Document 1-3   Entered on FLSD Docket 08/30/2023   Page 12 of 49

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI COUNTY, FLORIDA
CASE NO.: 2023-010175-CA-01

REBECCA BELIARD,

      Plaintiff,

 vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

     Defendant.

_____/

### PLAINTIFF'S REQUEST FOR PRODUCTON TO DEFENDANT, FRONTIER HOLDINGS GROUP, INC.

Plaintiff, REBECCA BELIARD, by and through the undersigned counsel, and pursuant to the Florida Rules of Civil Procedure 1.350, hereby propounds this First Request for Production to Defendant, FRONTIER HOLDING GROUP, INC., a Delaware Corporation, d/b/a FRONTIER AIRLINES, INC. (FLIGHT #2984). Defendant shall respond to this Request in the manner, and within the time frame prescribed by Rule 1.350.  A true and correct copy of the Request is attached hereto as Exhibit A.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of June, 2023, I electronically filed with the Clerk of Courts using the Florida Courts E-Filing Portal and a true and correct copy of the foregoing has been furnished to Defendant with the Summons and Complaint.

**DAVID LAW OFFICE, P.A.**
Attorney For Plaintiff
2200 N. Commerce Parkway, Suite 200
Weston, Florida 33326
Telephone: 954.666.0486
Facsimile:  954.416.2368
Email: paralegal@davidlawoffice.com
Email: service@davidlawoffice.com

By:  _/s/ Geralda David_____
    GERALDA DAVID, ESQ.
    FBN 0104969

**EXHIBIT A**

**DEFINITIONS**

For purposes of this request, the following definitions apply:

A.      All capitalized terms in this Request shall have the same meaning attributed to such terms in the Complaint.

B.      "All documents" means any document known to you and every such document which can be located by you or your representative or discovered by reasonably diligent efforts.

C.      "And" and "or" shall be construed in the disjunctive or conjunctive as necessary to make the request inclusive rather than exclusive.

D.      "Communication" shall mean any oral or written utterance, notation or statement of any nature whatsoever, by and to whomever made, including but not limited to correspondence, conversations, dialogues, discussions, interviews, meetings, consultations, agreements and other understandings between or among two or more persons.

E.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

F.      "Defendant" refers to **FRONTIER HOLDING GROUP, INC.** and any of its agents, employees, representatives or other persons acting or purporting to act on its behalf.

G.      "Document" means the original and all copies whether different from the original by reason of any notation made on such copies or otherwise, regardless of the origin or location, of any written, recorded, transcribed, punched, taped, filmed, electronically or digitally stored, or graphic matter, however produced or reproduced, including but not limited to, all physical forms of correspondence, e-mails, facsimiles, accounts payable records, accounts receivable records, agreements, audio recordings (whether transcribed or not), balance sheets, bills, books, books of accounts, cablegrams, cash receipt journals, cash disbursement journals, certificates, charters, charts, checks, communications, correspondence, compilations, computer cards, computer printouts, computer programs, computer readouts, computer disks, contracts, data compilations, diaries, disks and diskettes, drafts, drafts of documents, emails (whether printed out or not), entries, estimates, expense reports, financial analysis, financial books, financial records, financial statements, general ledgers, income statements, intra-office and inter-office communications, invoices, itemizations, journals, letters, licenses, manuals, memoranda of all conversations of telephone calls, minutes, notes, orders, photocopies, press releases, publications, receipts, recordings, records, records of account, reports, resolutions, sketches, specifications, statements, statistical records, studies, summaries, tapes, telegrams, texts, writings or work papers which are in the possession, custody or control of Plaintiff's or your representatives.  In all cases where documents are in a language other than English, all translations and materials related to each and every translation of such documents shall also be considered to be documents.

H.      "Including" shall mean without limitation.

I.      "Person" means any natural individual acting in any capacity whatsoever, or any entity or organization, including the organization's divisions, departments or other units.  The term "person" shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, state governmental agency, commission, bureau, or department.

J.      "Plaintiff" refers to the above captioned Plaintiff, and any of her agents, representatives or other persons acting or purporting to act on her behalf, and includes any of her members, trustees, beneficiaries, past and present, predecessors and successors in interest.

K.      "Relating to" or "relates to" means pertaining to, referring to, concerning, supporting, or refuting.

L.      "Representative" mean any and all agents, employees, servants, attorneys or other person acting or purporting to act on behalf of the person in question.

M.      "You," "your" or "yourself" refers to the Defendant to which these requests are addressed, as well as any person acting or purporting to act on its behalf.

N.      Reference to the singular in any of these requests shall also include a reference to the plural, and references to the plural shall also include a reference to the singular.

## **INSTRUCTIONS**

A.      For documents no longer in the possession, custody, or control of you or your representative, for any reason, with respect to each such document:

1.      Describe the nature of the document;

2.      State the date of the document;

3.      Identify the persons who sent and received the original and

copies of the document;

4.      State in as much detail as possible the contents of the document; and

5.      State the manner and date of disposition of the document.

B.      For any communication or document you claim to be protected by the attorney-client privilege, work-product doctrine, and/or other applicable privilege, please provide a list of all such documents on or before the due date of this request, containing the following information for each document:

1.      The identity of the speaker or author;

2.      The identity of all persons who received or heard the document or communication;

3.      The date of the communication or document;

3

4.      The nature of the document or communication; and

5.      The subject matter of the document or communication.

In addition, for each such communication or document, state the basis of your claim of privilege or work product.

C.      If you cannot produce any of the documents in full, produce to the extent possible and specify in writing the reasons for your inability to produce the remainder of the document.

D.      After the date of your initial production of responsive documents, if additional responsive documents come into your possession, custody, or control, such additional responsive documents shall be produced to undersigned counsel immediately.

## FIRST REQUEST TO PRODUCE TO DEFENDANT, FRONTIER HOLDINGS GROUP, INC.

1.      Any and all statements of Plaintiff's agents revealing knowledge of acts relevant and material to the claims and defenses in the instant litigation.

2.      Any and all policies of insurance, insuring the flight attendant, employee, agent or representative of Defendant, FRONTIER which might insure to the benefit of the Plaintiff as a result of the incident in question herein.

3.      Any and all drawings, graphs, photographs and or writings pertaining to the subject matter of this case.

4.      Any and all incident reports generated as a result of the incident in question herein.

5.      All photographs, diagrams, or other printed or written material describing or attempting to describe the scene of the accident described in the Complaint or any person described in the Complaint.

6.      Please produce any and all documents prepared by anyone as a result of tests, inspections or measurements made or taken with respect to the scene of the incident.

7.      Please produce any and all documents prepared by anyone as a result of tests, inspections or measurements made or taken with respect to the incident.

8.      Please produce any and all documents which contain or are related to any surveillance or investigation concerning Plaintiff's claims or allegations in this action.

9.      Please produce any and all documents which evince, contain or relate to any statements made by the Plaintiff or any other person or any communication by any person at the scene in question.

10.      Please produce any and all insurance policies which may provide coverage to you for part or all of any judgment for which they may be adjudged liable in this action or under which you may be indemnified or reimbursed for payments made to satisfy such judgment.

11.      Please produce any and all correspondence or similar communication between any parties to this action.

12.      Please produce a copy of all transcripts containing the testimony of any party or witness pertaining to the incident.

13.      Please produce any and all documents or other written material which you contend evidence, support or refute any fact or circumstance relating to your defenses or claims in this action.

14.     Any and all documents and item specified in your answers to interrogatories, pursuant to the Florida Rules of Civil Procedure, Rule 1.340(c), exercising the option to produce documents in lieu of complication of summary based on said records and reports.

15.     The personnel file of the flight attendant, employee, agent or representative of Defendant, FRONTIER on Flight #2984 on the date of the incident.

16.     Copies of all insurance policies listing FRONTIER HOLDINGS GROUP, INC. as an insured, additional insured, or otherwise, including, any umbrella, excess or other insurance that provides coverage for the incident alleged in Plaintiff's Complaint in effect on May 20, 2022.

Case 1:23-cv-23321-KMM   Document 1-3   Entered on FLSD Docket 08/30/2023   Page 18 of 49

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI COUNTY, FLORIDA
CASE NO.: 2023-010175-CA-01

REBECCA BELIARD,

     Plaintiff,

  vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff, REBECCA BELIARD, by and through the undersigned counsel, and pursuant to the applicable Florida Rules of Civil Procedure, requests Defendant, FROJTIER HOLDINGS GROUP, INC., a Delaware Corporation d/b/a FRONTIER AIRLINES, INC. (FLIGHT #2984) (hereinafter "FRONTIER"), to admit or deny the truth of each of the following statements no later than 45 days from the date of service herein.

1.     Admit or deny that Defendant, FRONTIER is properly named herein.

2.     Admit or deny that on May 20, 2022, Plaintiff boarded Frontier Airlines Aircraft, Flight #2984 at Miami International Airport.

3.     Admit or deny that on or about May 20, 2022, the Flight Attendant at Flight #2984 failed to communicate and interact in a professional and competent matter with Plaintiff.

4.     Admit or deny that at the time of the aforementioned accident, the Flight Attendant at Flight #2984, rushed Plaintiff to hurry and sit, causing Plaintiff to trip and fall and be injured.

5.     Admit or deny that at the time of the aforementioned accident, the Flight Attendant at Flight #2984 failed to comply with Frontier's Code of Ethics, "Relationships with Customers. Our business success depends upon our ability to foster positive relationships with our customers. Frontier is committed to dealing with customers fairly, honestly and with integrity."

6.     Admit or deny that at the time of the aforementioned accident, Defendant, FRONTIER, failed to ensure an adequate, proper and safe environment for Plaintiff while attempting to sit in her designated seat.

7.  Admit or deny that at the time of the aforementioned accident, FRONTIER failed to keep the Premises free from a hazardous or dangerous condition that could have foreseeably given rise to loss, injury or damage.

8.  Admit or deny that on May 20, 2022, Defendant, FRONTIER's careless and negligent unsafe conditions caused Plaintiff to violently tripped and fall and suffer injuries.

9.  Admit or deny that on May 20, 2022, Defendant, FRONTIER failed to ascertain whether the Flight Attendants at Flight #2984 were competent to do the work safely and in a professional and competent manner.

10. Admit or deny that on May 20, 2022, the Flight Attendants at Flight #2984 were employees, agents or representatives of Defendant, FRONTIER.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 16th day of June, 2023, I electronically filed with the Clerk of Courts using the Florida Courts E-Filing Portal and a true and correct copy of the foregoing has been furnished to Defendant with the Summons and Complaint.

**DAVID LAW OFFICE, P.A.**
Attorney For Plaintiff
2200 N. Commerce Parkway, Suite 200
Weston, Florida 33326
Telephone: 954.666.0486
Facsimile:  954.416.2368
Email: paralegal@davidlawoffice.com
Email: service@davidlawoffice.com

By:  */s/ Geralda David*
     GERALDA DAVID, ESQ.
     FBN 0104969

2

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI COUNTY, FLORIDA
CASE NO.: 2023-010175-CA-01

REBECCA BELIARD,

      Plaintiff,

  vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

      Defendant.

_____/

## PLAINTIFFS' NOTICE OF COMPLIANCE WITH RULE 2.516 AND EMAIL DESIGNATION

Plaintiff, REBECCA BELIARD, by and through the undersigned attorney, files this Notice of Compliance with Florida Rules Judicial Administration, Rule 2.516(b)(1), and Designation of E-Mail Address and designates the following e-mail addresses:

    Primary:      paralegal@davidlawoffice.com

    Secondary:  service@davidlawoffice.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of June, 2023, I electronically filed with the Clerk of Courts using the Florida Courts E-Filing Portal and that a true and correct copy of the foregoing has been furnished to Defendant with the Summons and Complaint.

                **DAVID LAW OFFICE, P.A.**
                Attorney For Plaintiff
                2200 N. Commerce Parkway, Suite 200
                Weston, Florida 33326
                Telephone: 954.666.0486
                Facsimile:  954.416.2368
                Email: paralegal@davidlawoffice.com
                Email: service@davidlawoffice.com

                By:   _/s/ Geralda David_
                  GERALDA DAVID, ESQ.
                  FBN 0104969

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI COUNTY, FLORIDA
CASE NO.: 2023-010175-CA-01

REBECCA BELIARD,

      Plaintiff,

 vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF TAKING VIRTUAL DEPOSITION DUCES TECUM
*(See attached Schedules "A" and "B")*

**PLEASE TAKE NOTICE** that the undersigned will take the deposition, by oral examination via remote audio-video conference, for the purposes of discovery and for use as evidence in said cause, or both, of the following:

| | |
|---|---|
| **NAME:** | **Corporate Representative for Defendant** |
| **DATE:** | **September 8, 2023** |
| **TIME:** | **10:00am** |
| **PLACE:** | **Remote videoconferencing (Zoom platform) - link will be provided day before the deposition.** |

**Please Take Further Notice that:**

1. The deposition will be conducted remotely using audio-visual conference technology;
2. The court reporter will report the deposition from a location separate from the witness;
3. Counsel for the parties and their clients will be participating from various, separate locations;
4. The court reporter will administer the oath to the witness remotely;
5. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;
6. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;
7. All exhibits will be provided simultaneously and electronically to the witness and all participants;
8. The court reporter will record the testimony;

1

9.  The deposition may be recorded electronically; and
10. Counsel for all parties will be required to stipulate on the record:
    a.  Their consent to this manner of deposition; and
    b.  Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

Said deposition will be taken before a court reporter, a Notary Public, or any other Notary Public or Officer duly authorized by law to administer oaths by the laws of the State of Florida, and a person who is neither a relative, nor employee, nor attorney, nor counsel of any of the parties, and who is neither a relative nor employee of such attorney or counsel, and who is not financially interested in the action.

Said depositions will be taken pursuant to the Florida Rules of Civil Procedure in such cases provided. The said oral examinations will continue from hour to hour and from day to day until completed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of June, 2023, I electronically filed with the Clerk of Courts using the Florida Courts E-Filing Portal and that a true and correct copy of the foregoing has been furnished to Defendant with the Summons and Complaint.

**DAVID LAW OFFICE, P.A.**
Attorney For Plaintiff
2200 N. Commerce Parkway, Suite 200
Weston, Florida 33326
Telephone: 954.666.0486
Facsimile:  954.416.2368
Email: paralegal@davidlawoffice.com
Email: service@davidlawoffice.com

By:  */s/ Geralda David*
    GERALDA DAVID, ESQ.
    FBN 0104969

2

**SCHEDULE "A**
**AREAS OF INQUIRY**

1.   FRONTIER HOLDING GROUP, INC.'s flight safety policies and procedures in place on May 20, 2022.

2.   FRONTIER HOLDING GROUP, INC.'s policies and procedures and/or employee handbook in place on May 20, 202, regarding the code of ethics for flight attendants.

4.   FRONTIER HOLDING GROUP, INC.'s post-accident investigation policies and procedures in effect on May 20, 2023.

5.   Statements taken from witnesses following the May 20, 2022 incident.

6.   Photographs taken of the scene following May 20, 2022.

7.   Reprimands, whether written or oral, of the Flight Attendant at Flight #2984, or employee, agent or representative of Defendant, FRONTIER HOLDING GROUP, INC.

8.   FRONTIER HOLDING GROUP INC.'s contract and scope of services for Flight #2984 on May 20, 2022.

**SCHEDULE "B"**
**DUCES TECUM**

1.    Any and all documents that in any way reference any of the Corporate Representative Designation areas of inquiry as listed herein. This includes any employee, agent, representative or third party acting on behalf of Defendant, FRONTIER HOLDINGS GROUP, INC.

2.   Any and all witness statements taken as a result of the incident on May 20, 2022.

3.   Any and all surveillance videos and/or color copies of any and all photographs of Plaintiff, which were taken by you, or anyone on your behalf on the date of the incident, May 20, 2022.

4.   All documentation which supports any affirmative defenses raised in your Answer.

5.   Any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy.

6.   Copies of any and all flight safety policies and procedures in place on May 20, 2022.

7.   Copies of all prior incident reports relating to trip and fall incidents for the past five years including the date of incident, May 20, 2022.

8.   Copies of all post-accident investigation reports relating to trip and fall accidents for the past five years including the date of incident, May 20, 2022.

9.   Copies of any and all reprimands, whether written or oral, of the Flight Attendant in Flight #2984 or employee or representative of Defendant, FRONTIE HOLDINGS GROUP, INC.

Filing # 175307269 E-Filed 06/16/2023 01:40:14 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI COUNTY, FLORIDA
CASE NO.: 2023-010175-CA-01

REBECCA BELIARD,

     Plaintiff,

  vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT, FRONTIER HOLDINGS GROUP, INC.

Plaintiff, REBECCA BELIARD, by and through the undersigned counsel, and pursuant to the Florida Rules of Civil Procedure 1.340, hereby files its Notice of Service of Interrogatories to Defendant, FRONTIER HOLDINGS GROUP, INC., a Delaware Corporation, d/b/ FRONTIER AIRLINES, INC. (FLIGHT #2984), to be answered under oath and in writing, within forty-five (45) days from the date of service.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of June, 2023, I electronically filed with the Clerk of Courts using the Florida Courts E-Filing Portal and that a true and correct copy of the foregoing has been furnished to Defendant with the Summons and Complaint.

                        **DAVID LAW OFFICE, P.A.**
                        *Attorney For Plaintiff*
                        2200 N. Commerce Parkway, Suite 200
                        Weston, Florida 33326
                        Telephone: 954.666.0486
                        Facsimile:  954.416.2368
                        Email: paralegal@davidlawoffice.com
                        Email: service@davidlawoffice.com

                        By: __*/s/ Geralda David*_____
                          GERALDA DAVID, ESQ.
                          FBN 0104969

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI COUNTY, FLORIDA
CASE NO.: 2023-010175-CA-01

REBECCA BELIARD,

     Plaintiff,

  vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

     Defendant.

_____/

### **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT, FRONTIER HOLDINGS GROUP, INC**

Pursuant to the Florida Rules of Civil Procedure, Plaintiff requests Defendant to answer separately and fully the following interrogatories in writing and under oath within the time required by the rules.

As used herein, the terms "document" and "documents" include, but are not limited to, all paper material of any kind, whether written, types, printed, punched, filmed, or marked in any way; recording tapes or wires, film, photographs, movies or any graphic matter however produced or reproduced; and all mechanical or electronic sound recording or transcripts thereof.

As used herein, the term "person" includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

As used herein, the terms "identify" or "identification", when used in reference to an individual person, means to state his full name, present address, if known, and his present employment position and business affiliation. When used in reference to a person other than an individual person, "identify" or "identification" means to state whether such person is a corporation, partnership or other organization, and the name, present and last known address, and principal place of its business. Once any person has been identified properly, it shall be sufficient thereafter, when identifying that same person, to state his name only.

As used herein, the term "you" refers to the Defendant hereinabove mentioned. As used herein, the term "incident" refers to the accident, casualty or event alleged in the complaint giving rise to this action.

Please insert your answers in the space provided below each interrogatory. Should you need additional space, please attach extra sheets.

## INTERROGATORIES TO DEFENDANT, FRONTIER HOLDINGS GROUP, INC.

1.     What is your name the person answering these Interrogatories, date of birth, social security number, and driver's license number and State issued? (If you are answering for someone else, please state our official position).

2.     Describe in detail, each act or omission on the part of the Plaintiff, you contend constituted negligence that was a contributing legal cause of the accident in question.

3.     List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

4.     List the names, residence address, business address, and telephone number of each person believed to known by you, your agents or attorneys to have heard or who is purported to have the Plaintiff, make any statement, remark or comment, concerning the accident described in the Complaint and the substance of each statement, remark or comment.

5.     Are you or were you aware of any physical infirmity, disability, or sickness of the Flight Attendant on Flight #2984, or employee, agent or representative of Defendant, FRONTIER may have been suffering at the time of the occurrence of the accident described in the Complaint?  If so, what was the infirmity, disability or sickness?

5.      Are you aware if the Flight Attendant on Flight #2984, or employee, agent or representative of Defendant, FRONTIER has ever been convicted of a crime?  If so, what was the date and place of conviction?

6.      Are you aware if the Flight Attendant on Flight #2984, or employee, agent or representative of Defendant, FRONTIER wears glasses or contact lenses?  If so, who prescribed them, when were they prescribed, when was your last eye examined and by whom?

7.      Are you aware if the Flight Attendant on Flight #2984, or employee, agent or representative of Defendant, FRONTIER is hearing impaired and/or wears a hearing aid?  If so, describe said impairment and who performed his last examination.

8.      List the name and address of all persons or corporations who were the title owner or who had any legal or equitable interest in Defendant, FRONTIER Aircraft Flight #2984 on the date of the accident described in the Complaint.

9.      Did you have liability insurance coverage that protects you from the damages sought in the Complaint? If so:

      a.  What is the name of the insurance company providing coverage?

    b.  What is the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage?

    c.  What is the policy number of each policy?

10.    Describe in detail how the incident happened, including all actions taken by the Flight Attendant on Flight #2984, or employee, agent or representative of Defendant, FRONTIER to prevent the incident.

11.    Do you intent to call any non-medical expert witnesses at trial of this case? If so, please identify each witness; describe his/her qualifications as an expert; state the subject matter upon which he/she is expected to testify; state the substance of the facts and opinion to which he/she is expected to testify; and give a summary of the grounds for each opinion.

## <u>VERIFICATION</u>

_____

Name of Person Answering Interrogatories

_____

Print Name

_____

Title/Position

STATE OF _____)

COUNTY OF_____)

     The foregoing Answers to Interrogatories were acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, on this _____ day of_____ 2023, by _____ who:

[ ]     is personally known to me; OR
[ ]     has produced _____ as identification; and who:
[ ]     did or
[ ]     did not, take an oath

     And who executed the within document, and who acknowledged the within document to bee freely and voluntarily executed for the purposes therein.

_____

NOTARY PUBLIC

(NOTARY SEAL)

_____

Print Name

Commission Expires:_____

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CASE NO.: 2023-010175-CA-01

REBECCA BELIARD,

     Plaintiff,

  vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

     Defendant.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of Said:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
Complaint or petition in the above styled cause upon the Defendant:

**FRONTIER HOLDINGS GROUP, INC.**
**4545 AIRPORT WAY**
**DENVER, CO 80239**

     Each Defendant is hereby required to serve written defenses to said complaint or
petition on Geralda David, Esq., Plaintiff's attorney, whose address is David Law Office, P.A.,
2200 N. Commerce Parkway, Suite 200, Weston, Florida 33326 within 20 days after service
of this summons upon you, exclusive of the day of service, and to file the original of said
written defenses with the clerk of said court either before service on Plaintiff's attorney or
immediately thereafter. If you fail to do so, a default will be entered against you for the relief
demanded in the complaint or petition.

     WITNESS my hand and the seal of said Court on this ____ day of _____,
2023.

6/28/2023

Luis G. Montaldo, Clerk Ad Interim,
Circuit and County Courts

213971

By:_____
          As Deputy Clerk

(COURT SEAL)

## <u>NOTICE TO PERSONS WITH DISABILITIES</u>

If you are a person with a disability who needs an accommodation to participate in a court proceeding, please contact Aliean Simpkins, the Eleventh Judicial Circuit Court ADA Coordinator Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone 305-349-7175; TDD 305-349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

## <u>IMPORTANTE</u>

Usted ha sido demandado legamente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante a Abogado del Demandante).

## <u>IMPORTANT</u>

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention de numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous resquez de perdre l a cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiffs' Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff(s) Attorney:
**GERALDA DAVID, ESQUIRE**
Florida Bar No.: 0104969

DAVID LAW OFFICE, P.A.
2200 N. Commerce Parkway, Suite 200
Weston, Florida 33326
Telephone: (954) 666-0486
Facsimile: (954) 416-2368
E-Mail for Pleadings: gdavid@DavidLawOffice.com; paralegal@davidlawoffice.com

Case 1:23-cv-23321-KMM   Document 1-3   Entered on FLSD Docket 08/30/2023   Page 34 of 49

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CASE NO.: 2023-010175-CA-01

REBECCA BELIARD,

      Plaintiff,

 vs.

FRONTIER HOLDINGS GROUP, INC., a
Delaware Corporation d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984)

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT**

    Plaintiff, REBECCA. BELIARD, by and through the undersigned counsel and pursuant to Fla. R. Civ. P. 1.090(b), hereby moves this Honorable Court to enter an Order enlarging time to serve Defendant, FRONTIER HOLDINGS GROUP, INC. a Delaware Corporation d/b/a FRONTIER AIRLINES, INC. (FLIGHT #2984) and in support thereof states as follows:

    1.    This action arises out of a premises liability accident, in Miami-Dade County, Florida from which Plaintiff suffered injuries.

    2.    On March 21, 2023, Plaintiff, REBECCA BELIARD filed a Complaint against Defendant, FRONTIER HOLDINGS GROUP, INC. A DELAWARE CORPORATION D/B/A FRONTIER AIRLINES, INC. (FLIGHT #2984), alleging negligence as a result of the aforementioned premises liability accident.

    3.    Since the filing of the Complaint, Plaintiff, REBECCA BELIARD has not been able to complete service of process on Defendant, FRONTIER HOLDINGS GROUP, INC. A DELAWARE CORPORATION D/B/A FRONTIER AIRLINES, INC. (FLIGHT #2984).

    4.    Due to the aforementioned reasons, showing the existence of good cause, Plaintiff, REBECCA BELIARD, requires an extension of time during which to obtain service on Defendant, FRONTIER HOLDINGS GROUP, INC. A DELAWARE CORPORATION D/B/A FRONTIER AIRLINES, INC. (FLIGHT #2984).

1

5.      Plaintiff, REBECCA BELIARD, respectfully requests that pursuant to Fla. R. Civ. P. 1.070 and 1.090, the Plaintiff be granted an additional One Hundred and Twenty (120) days during which to obtain service of process on Defendant, FRONTIER HOLDINGS GROUP, INC. A DELAWARE CORPORATION D/B/A FRONTIER AIRLINES, INC. (FLIGHT #2984), in this action.

6.      This Motion is not made for the purpose of delay and is in the interest of justice.

**WHEREFORE**, Plaintiff, REBECCA BELIARD respectfully requests that the Court enter an Order granting, Plaintiff an additional One Hundred and Twenty (120) days to serve process on Defendant, FRONTIER HOLDINGS GROUP, INC. A DELAWARE CORPORATION D/B/A FRONTIER AIRLINES, INC. (FLIGHT #2984), in this action.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this **12th day of July 2023**, I electronically filed with the Clerk of Courts using the Florida Courts E-Filing Portal.

**DAVID LAW OFFICE, P.A.**
*Attorney For Plaintiff*
2200 N. Commerce Parkway, Suite 200
Weston, Florida 33326
Telephone: 954.666.0486
Facsimile:  954.416.2368
Email: paralegal@davidlawoffice.com
Email: servce@davidlawoffice.com

By: */s/ Geralda David*
    GERALDA DAVID, ESQ.
    FBN 0104969

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-010175-CA-01
SECTION: CA23
JUDGE: Barbara Areces

**REBECCA BELIARD**

Plaintiff(s)

vs.

**FRONTIER HOLDINGS GROUP INC**

Defendant(s)

_____/

## ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT

THIS CAUSE having come before the Court on Plaintiff's Motion for Extension of Time to Serve Defendant, FRONTIER HOLDINGS GROUP, INC., a Delaware Corporation d/b/a FRONTIER AIRLINES, INC. (FLIGHT #29840), and having been considered by the Court and otherwise being fully advise of the premises, it is hereby:

**ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion is **GRANTED**.

2. Plaintiff shall have 120 days from the date of this order to effect service of process on Defendant.

3. Failure to timely comply with this order shall result in dismissal without prejudice of this cause, without further hearing or notice.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 26th day of July, 2023.

2023-010175-CA-01 07-26-2023 8:15 PM
Hon. Barbara Areces

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Geralda David, paralegal@davidlawoffice.com
Geralda David, service@davidlawoffice.com
Millie Penichet, mpenichet@jud11.flcourts.org

**Physically Served:**

Filing # 178804049 E-Filed 08/02/2023 04:59:08 PM

## VERIFIED RETURN OF SERVICE

**State of Florida**        **County of Miami-Dade**        **Circuit Court**

Case Number: 2023-010175-CA-01

Plaintiff(s): **REBECCA BELIARD,**
vs.
Defendant(s): **FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),**

For:
GERALDA DAVID, ESQ.
DAVID LAW OFFICE, P.A.
2200 N. COMMERCE PARKWAY
SUITE 200
WESTON, FL 33326

Received by Litigation Process Servers, LLC to be served on **FRONTIER HOLDINGS GROUP, INC.,
1900 West Littleton Blvd., Littleton, CO 80120 .**

I, Derek Minto, being duly sworn, depose and say that on the **31st day of July, 2023** at **12:49 pm, I:**

affirm that I served the **SUMMONS; COMPLAINT FOR DAMAGES; PLAINTIFFS' NOTICE OF
COMPLIANCE WITH RULE 2.516 AND EMAIL DESIGNATION; PLAINTIFF'S NOTICE OF SERVICE
OF FIRST SET OF INTERROGATORIES TO DEFENDANT, FRONTIER HOLDINGS GROUP, INC.;
PLAINTIFF'S NOTICE OF TAKING VIRTUAL DEPOSITION DUCES TECUM; PLAINTIFF'S REQUEST
FOR ADMISSIONS TO DEFENDANT and PLAINTIFF'S REQUEST FOR PRODUCTON TO
DEFENDANT, FRONTIER HOLDINGS GROUP, INC.** upon **FRONTIER HOLDINGS GROUP, INC.** by
leaving the papers with **Cole Stender of The Corporation Service Company(Registered Agent)** who is
an agent authorized and/or designated to receive service for **FRONTIER HOLDINGS GROUP, INC. .**
Service was made at **1900 West Littleton Blvd., Littleton, CO 80120 .**

**Description** of Person Served: Age: 38+, Sex: M, Race/Skin Color: White, Height: 6'0, Weight: 180,
Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action. Service was made pursuant to
the rules and regulations of the State of Colorado.

Subscribed and Sworn to before me on the 31st
day of July, 2023 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC
My commission expires_____

**Derek Minto**
Process Server

**Litigation Process Servers, LLC
8306 Mills Drive, Suite 599
Miami, FL 33183
(305) 340-3100**

Our Job Serial Number: JDA-2023002286
Ref: 2023002286
Service Fee: _____

HEATHER HEATH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 2910003275
MY COMMISSION EXPIRES SEPTEMBER 13, 2025

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

**CASE NO.: 2023-010175-CA-01**

REBECCA BELIARD,

      Plaintiff,

vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES

PLEASE TAKE NOTICE that attorney Joshua R. Levenson, Esq. of the law firm of

Holland & Knight LLP, hereby files his notice of appearance as Counsel for Defendant, Frontier

Holdings Group, Inc., a Delaware corporation, in accordance with Florida Bar Rule of Judicial

Administration 2.516, hereby designates the following email addresses for receipt of all pleadings,

orders, papers, notices, discovery and documents in the above-styled action:

|  |  |
|---|---|
| Primary Addresses: | joshua.levenson@hklaw.com |
| Secondary Addresses: | martell.swain@hklaw.com |
|  | carmen.ramsey@hklaw.com |

Dated:  August 17, 2023

                              Respectfully submitted,

                              *Counsel for Defendant*
                              **HOLLAND & KNIGHT LLP**

                By:   s/*Joshua R. Levenson*
                     **JOSHUA R. LEVENSON** (FBN 56208)
                     email: joshua.levenson@hklaw.com
                     515 E. Las Olas Boulevard, Suite 1200
                     Fort Lauderdale, Florida 33301
                     Tel: (954) 525-1000; Fax: (954) 463-2030

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on **August 17, 2023**, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it via electronic mail on all parties on the following Service List:

By: <u>*/s/ Joshua R. Levenson*            </u>
      Joshua R. Levenson

Geralda David, Esq.
DAVID LAW OFFICE, P.A.
2200 N. Commerce Parkway, Suite 200
Weston, FL 33326
<u>paralegal@davidlawoffice.com</u>
<u>service@davidlawoffice.com</u>
*Counsel for Plaintiff*

#226737560_v2

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

**CASE NO.: 2023-010175-CA-01**

REBECCA BELIARD,

      Plaintiff,

vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),

      Defendant.

_____/

**DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO THE COMPLAINT AND DISCOVERY REQUESTS**

      Defendant Frontier Holdings Group, Inc., a Delaware corporation ("Defendant"), moves

for an extension of time seeking an additional thirty (30) days to respond to Plaintiff Rebecca

Beliard's ("Plaintiff") Complaint for Damages and discovery requests.  In support, Defendant

allege as follows:

      1.      On July 31, 2023, Defendant was served with the Complaint for Damages, a

summons addressed to "Frontier Holdings Group, Inc.," and various discovery requests,

including a Request for Production, Request for Admissions, First Set of Interrogatories, and

Notice of Taking Deposition for a unilaterally scheduled deposition to occur of Defendant's

corporate representative on September 8, 2023.

      2.      Defendant's deadline to respond to the Complaint is due on August 21, 2023.  *See*

Fla. R. Civ. P. 1.140.  Defendant's deadline to respond to the aforementioned discovery requests

is September 14, 2023 (i.e., 45 days after service of process and initial pleading on that

1

defendant).  *See* Fla R. Civ. P. 1.340(a) (interrogatories); 1.350(b) (requests for production); and 1.370(a) (requests for admission).

      3.      Counsel for Defendant requires additional time to prepare an appropriate response to the Complaint, which names the incorrect Frontier entity, as well as Plaintiff's discovery requests.  Undersigned counsel was recently retained to represent Defendant and this additional time will also be used for meeting and conferring with Plaintiff's counsel to discuss the possibility of substituting the correct Frontier entity.

      4.      Defendant respectfully requests this Court enter an order granting a thirty (30) day extension to the applicable deadlines, thereby making the deadline to respond to Plaintiff's Complaint due on or before September 19, 2023, and making the deadline respond to Plaintiff's discovery requests due on or before October 14, 2023.

      5.      No party will be prejudiced by the extension, and the requested extension is not made for the purposes of delay.

      6.      This is the Defendant's first request for an extension of time to respond to the Complaint.

      WHEREFORE, Defendant respectfully requests that the Court allow Defendant an additional thirty (30) days, to serve its response to Plaintiff's Complaint and to respond to Plaintiff's discovery requests.

Dated:  August 17, 2023

Respectfully submitted,
*Counsel for Defendant*
**HOLLAND & KNIGHT LLP**

By:    s/*Joshua R. Levenson*
     **JOSHUA R. LEVENSON** (FBN 56208)
     email: joshua.levenson@hklaw.com
     515 E. Las Olas Boulevard, Suite 1200
     Fort Lauderdale, Florida 33301
     Tel: (954) 525-1000
     Fax: (954) 463-2030

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **August 17, 2023**, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it via electronic mail on all parties on the following Service List:

By: <u>*/s/ Joshua R. Levenson*</u>
　　Joshua R. Levenson

Geralda David, Esq.
DAVID LAW OFFICE, P.A.
2200 N. Commerce Parkway, Suite 200
Weston, FL 33326
paralegal@davidlawoffice.com
service@davidlawoffice.com
*Counsel for Plaintiff*

3

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.: 2023-010175-CA-01**
**SECTION:  CA23**

**REBECCA BELIARD**
**Plaintiff(s),**

**vs.**

**FRONTIER HOLDINGS GROUP INC**
**Defendant(s)**

_____/

## CASE MANAGEMENT ORDER (GENERAL PATHWAY)

    **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

    **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | **07-19-2023** |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **08-08-2023** |
| **Deadline for Witness and Exhibit List, including known experts:** | **09-12-2023** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **09-22-2023** |
| **Deadline for Adding Parties:** | **10-22-2023** |
| **Deadline for Inspections/Examinations:** | **11-05-2023** |
| **Deadline for Expert Disclosure:** | **01-04-2024** |
| **Deadline for Discovery Completion (Including Depositions):** | **03-04-2024** |
| **Deadline for Final Witness and Exhibit List:** | **04-09-2024** |
| **Deadline for Dispositive Motions:** | **04-24-2024** |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | **05-09-2024** |
| **Deadline for ADR/Mediation:** | **05-24-2024** |
| **Trial Ready Deadline:** | **05-24-2024** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, *not through staff*, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances.   The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.   Last minute cancellations are disfavored.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all  documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time.  Refer to paragraph 4 above regarding motions for protective order.

**Witness and Exhibits Lists**

10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## **Mediation**

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

  **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **19th day of August, 2023** .

2023-010175-CA-01 08-19-2023 11:41 PM

2023-010175-CA-01 08-19-2023 11:41 PM

**Barbara Areces**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

Joshua R. Levenson, joshua.levenson@hklaw.com
Joshua R. Levenson, michelle.arias@hklaw.com
Joshua R. Levenson, patty.kearns@hklaw.com
Joshua R. Levenson, joshua.levenson@hklaw.com
Joshua R. Levenson, michelle.arias@hklaw.com
Joshua R. Levenson, martell.swain@hklaw.com
Geralda David, paralegal@davidlawoffice.com
Geralda David, service@davidlawoffice.com