UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,
         Plaintiff,
vs.

FRONTIER HOLDINGS GROUP, INC. a
Delaware Corporation, d/b/a FRONTIER
AIRLINES, INC. (FLIGHT #2984),
         Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
AND STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

Defendant Frontier Group Holdings, Inc., incorrectly named as Frontier Holdings Group, Inc., a Delaware corporation, d/b/a Frontier Airlines, Inc. ("Defendant") respectfully submits this motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Rebecca Beliard's ("Plaintiff") Complaint on the grounds that: (1) Plaintiff failed to name the proper party that operates the airline as the defendant by instead suing an incorrectly named holding company and failed to serve the proper party; and (2) in any event, Plaintiff's common law negligence claims fail to meet the negligence standard under Florida law.

Additionally, Defendant respectfully requests that the Court stay discovery pending its decision on this dispositive motion where the wrong party was named as the Defendant, among other grounds for dismissal as stated herein.

**FACTS ALLEGED IN THE COMPLAINT**

Plaintiff seeks damages for alleged injuries suffered in connection with a slip and fall she claims occurred when Plaintiff fell while trying to take her seat during the boarding process because she felt rushed to get to her seat. Specifically, Plaintiff alleges that on May 20, 2022, while she was boarding Frontier Airlines, Flight No. 3984 ("Flight 3984") from Miami, Florida to

Baltimore, Maryland, she was "rushed by the Flight Attendants to put her bags in the overhead bin because the plane had to depart." Compl. ¶¶ 6-7; *see also* ¶ 13. And that "[a]fter putting her bags in the bin, [Plaintiff] was again rushed by the Flight Attendants to take her seat, and as she was attempting to sit, she tripped and fell injuring herself" (the "Incident"). *Id.* ¶ 7; *see also* ¶ 13. Plaintiff claims she was injured as a result. *Id.* ¶¶ 11, 18. But instead of suing the airline entity that operated the flight (i.e., Frontier Airlines, Inc.), Plaintiff sued the holding company that is multiple corporate layers removed from the airlines. [*See* ECF No. 8, Rule 7.1 Stmt. of Defendant.] Worse, Plaintiff sued an incorrectly named holding company and therefore never effectuated proper service of process as to Frontier Group Holdings, Inc. if that was the holding company Plaintiff intended to sue. Frontier advised Plaintiff, through counsel on multiple occasions,[1] that she has sued the incorrect entity. Plaintiff, however, has failed to amend her Complaint despite sharing a draft of the proposed amended complaint on October 5, 2023.

Plaintiff asserts two state law claims against Defendant, one for common carrier negligence (Count I), and the other for negligent hiring, retention, training, or supervision (Count II). Regarding Count I, Plaintiff claims that Defendant "owed a duty of care to maintain the Premises in a reasonably safe condition for the safety of Plaintiff . . . which included a reasonable effort to keep the Premises free from hazardous or dangerous condition [sic] that could have foreseeably given rise to loss, injury, or damage, and to warn of the presence of a dangerous condition." *Id*. ¶ 8. Plaintiff then alleges Defendant breached that duty by failing to provide an adequate, proper and a safe environment for Plaintiff and by negligently failing to take any action to correct the conditions of the Premises, and by failing to give notice or warn as to these conditions, creating a

---

[1] Frontier advised Plaintiff's counsel on at least five (5) separate occasions: August 31, 2023; September 7, 2023; September 18, 2023; September 28, 2023; and October 4, 2023.

2

hazardous and dangerous condition for Plaintiff. *Id*. ¶ 9. There is no allegation about a foreign object – only the open and obvious "seat" that Plaintiff was attempting to sit in when she "tripped and fell". *Id.* ¶ 7.

Regarding Count II, Plaintiff alleges Defendant had a duty to exercise reasonable care in the hiring, retention, training, and or supervision and employment of competent and careful employees, agents or representatives, and that Defendant breached that duty by failing to:

- "inquire as to the extent of its employees, agents or representative's knowledge, communication skills, and expertise in the industry." *Id.* ¶ 16

- "ascertain whether the employees, agents or representatives were competent to do the work safely and in a professional and competent manner." *Id.* ¶ 17

As a result of Defendant's alleged negligence, Plaintiff claims, *inter alia*, she was disfigured, suffers from permanent bodily injuries, has mental anguish, has lost capacity for the enjoyment of her life, and incurred expenses for hospitalization, medical and nursing care, treatment, and loss of earnings. *See id.* ¶¶ 11, 18. Again, there is no allegation about a foreign object – only the open and obvious "seat" that Plaintiff was attempting to sit in when she "tripped and fell." *Id.* ¶ 13.

## **PROCEDURAL HISTORY**

Plaintiff filed her claims against Defendant on March 21, 2023 in the Eleventh Judicial Circuit in and for Miami County, Florida. Plaintiff did not serve the Complaint and Summons on Defendant, however, until July 31, 2023. [ECF No. 1-1.] The Summons was addressed to "Frontier Holdings Group, Inc." [ECF No. 1-3, p. 9.] On August 30, 2023, Defendant timely removed the action to the Southern District of Florida on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). [ECF No. 1.] Pursuant to this Court's Paperless Order [ECF No. 11], Defendant's deadline to respond to the Complaint was extended until October 6, 2023.

## LEGAL STANDARD

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) considers the facts as alleged in the complaint to be true, but challenges a plaintiff's right to recovery under the stated facts. Courts, however, should not accept conclusory allegations as true, particularly when they are belied by the specific allegations in the complaint. While Fed. R. Civ. P. 8(a)(2) requires a pleading to contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 578 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (citing *Twombly*, 550 U.S. at 555). Rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## LEGAL ARGUMENT

### A. PLAINTIFF NAMED THE WRONG ENTITY AS DEFENDANT

As a threshold matter, the Complaint incorrectly names "Frontier Holdings Group, Inc., a Delaware corporation, d/b/a Frontier Airlines, Inc." as Defendant. Frontier *Group Holdings*, Inc., a Delaware corporation, is a public entity and is the 100% owner of Frontier Airlines Holdings, Inc. In turn, Frontier Airlines Holdings, Inc., a Delaware corporation, is a holding company and is the 100% owner of Frontier Airlines, Inc. Frontier Airlines, Inc. is a Colorado corporation. [*See* ECF No. 8, Rule 7.1 Stmt. of Defendant.] Each of these three entities are separate and distinct from one another, as Frontier Airlines, Inc. is **not** a "d/b/a" of Frontier Group Holdings, Inc. To be

4

clear, Frontier Group Holdings, Inc. is merely a holding company that has no involvement with respect to the operation of Plaintiff's flight.

A plaintiff's failure to name the property party as defendant is grounds for granting a motion to dismiss. *See Cuevas v. Miami Dade Coll.*, No. 18-20731-CIV, 2018 WL 11472730, at *2 (S.D. Fla. Dec. 18, 2018) ("Cueva's failure to name the proper party serves as a basis for granting MDC's motion."); *see, e.g.*, *O'Hara v. Univ. of W. Fla.*, No. 3:07cv351/RS/MD, 2008 WL 4833104, at *2 (N.D. Fla. Nov. 5, 2008) (granting motion to dismiss in part for failure to name proper university entity); *U.S. E.E.O.C. v. Fla. Gulf Coast Univ.*, Nos. 2:06-cv-326-FtM-29SPC, 2:06-cv-395-FtM-29DNF, 2007 WL 2077577, at *2 (M.D. Fla. July 16, 2007) (granting, in part, motion to dismiss complaint against defendant that was not the proper party).

What follows from Plaintiff's failure to name the proper party as defendant is that Plaintiff, to date, has failed to effect service of process on the correct party (i.e., Frontier Airlines, Inc.). And even as to the Defendant that Plaintiff attempted to serve, Plaintiff served an incorrectly named holding company and therefore never effectuated proper service of process as to Frontier Group Holdings, Inc. if that was the holding company Plaintiff intended to sue. And even assuming *arguendo* that Plaintiff did serve the correct holding company, as stated herein, it has no involvement with the operations of the airlines. This failure of proper service of process also provides a basis for this Court dismissing Plaintiff's Complaint. *See Marcus v. Postmaster Gen., U.S. Postal Serv. Se. Area*, 461 F. App'x. 820, 822 (11th Cir. 2011) (noting district court did not abuse its discretion in dismissing Plaintiff's action for failure to properly serve the defendant within the required time provided by Rule 4(m)). Accordingly, because Plaintiff has named the incorrect party as defendant and likewise failed to timely effect service of process on the proper party— Frontier Airlines, Inc.— the Complaint should be dismissed.

### B. PLAINTIFF'S NEGLIGENCE CLAIMS FAIL, AS PLED, UNDER STATE LAW

Assuming *arguendo* that Plaintiff named the correct entity, her claims should nonetheless still be dismissed for failing to meet the exacting standard for negligence under Florida law.[2]

**1. Count I – Negligence**

Here, Plaintiff predicates her claims of negligence arising from a trip and fall while trying to take her seat during the boarding process on a flight on, *inter alia*, Defendant's conduct in:

- failing to provide an "adequate, proper, and a safe environment for Plaintiff" (Compl. ¶ 9);

- failing to "take any action to correct the conditions of the Premises" (*id.* ¶ 9);

- failing to "give notice or warn as to these conditions" (*id.* ¶ 9);

- creating a "hazardous and dangerous condition for Plaintiff" (id. ¶ 9);

- failing to "inquire as to the extent of its employees, agents or representative's knowledge, communication skills, and expertise in the industry" (*id.* ¶ 16); and

- failing "to ascertain whether the employees, agents or representatives were competent to do the work safely and in a professional and competent manner" (*id.* ¶ 17).

---

[2] To the extent that Plaintiff is afforded leave to replead against the proper party, those claims are governed by the Federal Aviation Act of 1958 ("FAA"), 49 U.S.C. § 40101 *et seq.,* and its implementing regulations. *See Abdullah v. Am. Airlines Inc.*, 181 F.3d 363, 368 (3d Cir. 1999); *Bailey v. Rocky Mountain Holdings*, 136 F. Supp. 3d 1376, 1380 (S.D. Fla. 2015), *aff'd,* 889 F.3d 1259 (11th Cir. 2018) (acknowledging "Congress' intent to rest sole responsibility for supervising the aviation industry with the federal government" when it enacted the FAA"); *see also Carvajal v. American Airlines*, No. 10-cv-23269, 2011 WL 13273367, at *4 (S.D. Fla. Nov. 10, 2011) (finding claims based upon an airline's instruction to remain seated and allegations of improper maintenance of the aircraft to be "comfortably within the category of airline regulation entrusted to the federal agency"); *Schopp v. American Airlines*, No. 16-cv-23630, 2017 WL 3130360, at *3 (S.D. Fla. July 24, 2017) (denying Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use and quoting *Abdullah* to conclude that "the FAA and FARs 'establish complete and thorough safety standards for interstate and international air transportation.'").

Under Florida law, a claim for negligence consists of four elements: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Sequeira v. GEICO Gen. Ins. Co.*, No. 16-24542-CIV, 2017 WL 6557427, at *3 (S.D. Fla. Apr. 7, 2017). To show a breach of the duty to protect, a plaintiff must show that the defendant "failed to maintain its property in a reasonably safe condition, or that it failed to warn the plaintiff of a concealed peril of which it either knew or should have known and which could not have been discovered by the plaintiff through the exercise of ordinary care." *Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1367–68 (S.D. Fla. Sept. 4, 2008). In regards to the warning requirement, a defendant must "give timely notice of latent or concealed perils which are known or should be known." *Id.*

Notably, in Florida, if an alleged danger is open and obvious enough, it does not consist of a dangerous condition as a matter of law. *See Ugaz*, 576 F. Supp. 2d at 1371 (noting Florida recognizes the open and obvious doctrine); *Krol v. City of Orlando*, 778 So. 2d 490, 492 (Fla. 5th DCA 2001) ("The obvious danger doctrine recognizes that owners and occupiers should be legally permitted to assume that the invitee will perceive that which would be obvious to them upon the ordinary use of their own senses."). Indeed, numerous courts across Florida have applied this doctrine where conditions that caused an injury were so open and obvious that they did not constitute a hidden dangerous condition as a matter of law. *See e.g.*, *Navarro v. Carnival Corp.*, No. 19-21072-CIV, 2020 WL 1307185, at *2 (S.D. Fla. Mar. 19, 2020) (dismissing amended complaint that failed to allege that the risk creating condition was "not open and obvious."); *Circle K Convenience Stores, Inc. v. Ferguson*, 556 So. 2d 1207, 1208 (Fla. 5th DCA 1990) (finding that an uneven parking lot surface located at a convenience store does not constitute a hidden dangerous condition); *Aventura Mall Venture v. Olson*, 561 So. 2d 319, 320 (Fla. 3d DCA 1990) (finding that

7

six-inch sidewalk curb located at a mall is not a "concealed or latent danger"); *Yaque v. J.C. Penney Corp., Inc.*, No. 08-20923-CIV, 2009 WL 10666693, at *3 (S.D. Fla. June 18, 2009) (granting summary judgment in favor of J.C. Penney and noting that a table leg on a display table was an open and obvious condition).

      Here, Plaintiff claims, as she was boarding the flight with other passengers, she tripped and fell while she was attempting to take her seat. *See* Compl. ¶ 7. Plaintiff fails to pinpoint exactly what she tripped on, nor does she state that there were any hazardous or dangerous conditions on the premises. Instead, by her own admission, Plaintiff simply tripped because she felt rushed. There was no "uncommon design or mode of construction creating a hidden danger"—there was only a middle aisle and chair that Plaintiff was going to sit in. *See Casby v. Flint*, 520 So. 2d 281, 282 (Fla. 1988) (affirming trial court's granting of motion to dismiss plaintiff's complaint for negligence and holding that host had no duty to warn social guest of difference in floor levels because they were not inherently dangerous conditions). Because the premises had no hidden or latent hazardous conditions and the chair that Plaintiff attempted to sit in was an open and obvious condition, Defendant breached no duty in keeping the premises safe.

      Nor did Defendant fail to warn the Plaintiff of any concealed peril of which it either knew or should have known that was on the premises—because there was none. *See Casby v. Flint*, 520 So. 2d at 282. Rather, Defendant's flight attendants were simply acting in accordance with their duties as flight attendants in ensuring the proper stowage of baggage and the safe boarding of passengers on the flight prior to takeoff. *See, e.g.*, 14 C.F.R. Part 121.585. Indeed, had Defendant's flight attendants not directed Plaintiff to take her seat prior to takeoff, Plaintiff would have been left in an unsafe position of not being safely secured while the plane prepared for takeoff.

By the same token, Plaintiff's negligence claim also fails at element of causation, as the purported negligent acts on the part of Frontier—verbally (i.e., no touching) asking the Plaintiff to take her seat prior to takeoff—did not cause Plaintiff to trip and fall.  Nor was instruction to a passenger to stow baggage and take a seat grounds for negligence; to the contrary, it is the exact duty of a flight attendant. *See, e.g.*, 14 C.F.R. Part 121.585.  That Plaintiff felt "rushed" is not sufficient, even at the pleading phase, to provide the necessary causation link. *Cf. Willis v. Royal Caribbean Cruises, Ltd.*, No. 1:20-CV-21192-KMM, 2022 WL 1521193, at *12 (S.D. Fla. May 4, 2022), *aff'd*, 77 F.4th 1332 (11th Cir. 2023) (granting summary judgement in favor of cruise ship on passenger's negligence claims where the passenger fell when descending a step because she felt rushed to sit down by one of Defendant's crewmembers).

### 2. Count II – Negligent Hiring, Retention, Training, or Supervision

In Count II, Plaintiff alleges, in conclusory fashion, that Defendant was negligent in failing to inquire as to the extent of its employees' knowledge communication skills, and expertise in the industry and in failing to ascertain whether Defendant's employees were competent to work safely and in a professional manner. *See* Compl. ¶¶ 16-17. Taken together, Plaintiff inappropriately combines these separate theories of negligence in Count II to assert its negligence claim against Defendant. Though these theories of negligence have differing elements and standards, Plaintiff failed to state a cause of action for each of these claims, as explained below.

#### a. Negligent Hiring

"An employer can be liable for negligent hiring if, prior to the time an employee is actually hired, the employer knew or should have known of the employee's unfitness." *Sequeira v. Gate Safe, Inc.*, No. 16-24542-CIV, 2017 WL 6559777, at *3 (S.D. Fla. Aug. 4, 2017). Specifically, "a plaintiff must show that (1) the employer was required to make an appropriate investigation of the

9

employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known." *Cruz v. Advance Stores Co.*, 842 F. Supp. 2d 1356, 1359 (S.D. Fla. Feb. 10, 2012).

Plaintiff's Complaint exhibits a complete absence of allegations to these elements of a claim for negligent hiring under Florida Law. Indeed, Plaintiff does not allege that an investigation into the Defendant's employee's background would have revealed the employee's unsuitability for being employed, and does likewise not allege anything related to the employee's fitness to work for Defendant. In short, Plaintiff alleges no facts showing that Defendant was put on notice of any harmful propensities of the employee, or that it would have been had it conducted a more thorough check. *See Zemba v. Comcast Corp.*, No. 14-CV-23928, 2015 WL 3540068, at *2 (S.D. Fla. June 3, 2015) (granting motion to dismiss due to plaintiff's failure to plead facts to support her negligent hiring claim). Accordingly, Plaintiff's claim for negligent hiring fails.

b. **Negligent Retention and Supervision**

In order to sustain a claim for negligent supervision and/or retention, a plaintiff "must allege that (1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment." *See Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1304 (S.D. Fla. Dec. 17, 2021); *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986).

Here, Plaintiff does not allege that Defendant had actual or constructive knowledge of facts indicating its employee was unfit. This is fatal to claim for negligent supervision and/or retention. Nor does Plaintiff allege Defendant did not investigate or take corrective action such as discharge

10

or reassignment of its employee. *See Adler v. WestJet Airlines, Ltd.*, 31 F. Supp. 3d 1381, 1388 (S.D. Fla. July 8, 2014) (finding plaintiff failed to plead a claim for negligent supervision where plaintiff did not allege that defendant airline had prior actual or constructive knowledge of facts suggesting that its personnel were unfit for their duties); *Zemba*, 2015 WL 3540068, at *2 (dismissing plaintiff's claim for negligent supervision against Comcast based on insufficient allegations). Thus, Plaintiff's claim for negligent retention and/or supervision fails.

### c. Negligent Training

Negligent training "occurs when an employer was negligent in the implementation or operation of the training program and this negligence caused a plaintiff's injury." *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1324 (S.D. Fla. June 26, 2020). Indeed, "[a] plaintiff bringing such a claim must allege that he was harmed as a result of the employer's failure to adequately train an employee, and that the nature of the employment put the plaintiff in a 'zone of risk' such that the employer had a duty running to the plaintiff." *See Fogle v. IBM Corp.*, No. 8:19-CV-2896-T-33JSS, 2020 WL 4260988, at *5 (M.D. Fla. July 24, 2020).

Here, because Plaintiff fails to allege anything about Defendant's training of its employees— let alone any training program that Defendant implemented—, Plaintiff's purported claim for negligent training must be dismissed. *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1311 (S.D. Fla. Aug. 20, 2021) (recognizing the discrepancy in Plaintiff's negligent training theories because he failed to allege anything about a training program that Carnival implemented); *Doe v. NCL (Bahamas) Ltd.*, No. 1:16-CV-23733-UU, 2016 WL 6330587, at *4 (S.D. Fla. Oct. 27, 2016) (dismissing complaint because plaintiff failed to plead the elements for a negligent training claim). Thus, Plaintiff's claim for negligent training fails.

### C. DISCOVERY SHOULD BE STAYED

In the interest of judicial economy and cost efficiency, Defendant respectfully requests a stay of discovery pending the Court's ruling on this dispositive motion and until the correct party is named in the action.  A stay of discovery is generally warranted during the pendency of a dispositive motion.  *See Redford v. Gwinnet Cty. Jud. Cir.*, 350 F. App'x. 341, 346 (11th Cir. 2009) (affirming discovery stay where dispositive motion to dismiss raised "questions regarding the viability of [the plaintiff's] complaint."). Here, there is no discovery that Plaintiff could seek that will have any bearing on whether they properly pled her claims for relief, which is the sole subject of Defendant's motion.  A stay of discovery, therefore, would mitigate potentially unnecessary discovery costs and avoid unnecessary discovery disputes.

### CONCLUSION

For the foregoing reasons, the Court should grant this Motion and dismiss the Complaint in its entirety as a matter of law, and grant such other relief as warranted.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that he conferred with Plaintiff's counsel regarding the relief sought in this Motion in a good-faith effort to resolve the issues required to be discussed.  Plaintiff's counsel has indicated she will be seeking to amend the Complaint to name the correct entity, and shared a draft of a proposed Amended Complaint on October 5, 2023.  As of this filing, however, Plaintiff has not sought leave to file that proposed Amended Complaint.  Plaintiff otherwise opposes dismissal of the action and a stay on discovery.

Dated: October 6, 2023

Respectfully submitted,
HOLLAND & KNIGHT LLP

*/s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208

        joshua.levenson@hklaw.com
        Holland & Knight LLP
        515 E. Las Olas Boulevard, Suite 1200
        Fort Lauderdale, Florida 33301
        Phone: (954) 525-1000
        Fax: (954) 463-2030
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2023, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Geralda David, Esq.
DAVID LAW OFFICE, P.A.
2200 N. Commerce Parkway, Suite 200
Weston, FL 33326
paralegal@davidlawoffice.com
service@davidlawoffice.com
ghiggins@davidlawoffice.com
*Counsel for Plaintiff*
**[ via E-Service ]**

        By: */s/ Joshua R. Levenson*
            Joshua R. Levenson
            Florida Bar No. 56208