UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC. (FLIGHT #2984), a Foreign Profit Corporation

        Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

Defendant Frontier Airlines, Inc. ("Defendant") respectfully submits this motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Rebecca Beliard's ("Plaintiff") Second Amended Complaint [ECF No. 31] on the grounds that Plaintiff's common law negligence claim fails to meet the negligence standard under Florida law. On its third attempt to state a cause of action, Plaintiff is trying to plead around a premises liability claim by asserting a claim of negligence that rests on vague and non-specific allegations where Plaintiff tripped and fell without being touched by Defendant. Plaintiff's Second Amended Complaint must be dismissed for two primary reasons. First, notwithstanding being labeled as a claim for "negligence", Plaintiff's claim is truly a premises liability claim that fails to allege the premises was dangerous or that there was a concealed danger. Second, even if the Court analyzes Plaintiff's claim under ordinary negligence principles, Plaintiff fails to sufficiently allege that Defendant breached its duty of care or caused Plaintiff's injuries.

Additionally, Defendant respectfully requests that the Court stay discovery pending its decision on this dispositive motion, with an additional reason being that Defendant is requesting the Court dismiss Plaintiff's Second Amended Complaint with prejudice.

## FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT

Plaintiff seeks damages for alleged injuries suffered in connection with a slip and fall she claims occurred when Plaintiff fell while trying to take her seat during the boarding process because she allegedly felt rushed to get to her seat. Specifically, Plaintiff alleges that on May 20, 2022, while she was boarding Frontier Airlines, Flight No. 2984 ("Flight 2984") from Miami, Florida to Baltimore, Maryland, she was "rushed, coerced, pressed, and forced by the Defendant's Flight Attendants to secure her carry-on luggage in the overhead bin because the Subject Aircraft was seemingly in a rush to depart timely." Sec. Am. Compl. ¶¶ 6-8. And after securing her carry-on luggage in the overhead bin, "[Plaintiff] was again rushed, coerced, pressed, and forced by the Defendant's Flight Attendants to hurry to her seat" where she then "tripped and fell while attempted [sic] to seat herself quickly and with great haste as a result of the unreasonable actions taken by Defendant's Flight Attendants" (the "Incident"). *Id.* ¶ 10. As a result, Plaintiff claims, *inter alia*, she was disfigured, suffered severe bodily injury, has mental anguish, has lost capacity for the enjoyment of her life, and incurred expenses for hospitalization, medical and nursing care, treatment, and loss of earnings. *See id.* ¶ 14.

Plaintiff purports to assert one state law claim for common carrier negligence against Defendant. To support its alleged negligence claim, Plaintiff asserts that Defendant "owed a duty of care to [Plaintiff] to ensure the safe, controlled, and secure boarding of the Subject Aircraft, which included exercising a reasonable effort and taking the necessary safety measures to ensure a safe boarding process and safe departure for the Subject Flight." *Id.* ¶ 11. Plaintiff then alleges Defendant breached that duty by failing "to ensure the safe, controlled, and secure boarding of the Subject Aircraft, and by failing to exercise reasonable efforts to ensure the proper safety measures had been taken to effectuate a safe boarding process and ultimate safe departure for the Subject Flight for Plaintiff." *Id.* ¶ 12. To be clear, there is no allegation that any of Defendant's flight

attendants physically touched Plaintiff, only that Plaintiff subjectively felt "rushed, coerced, pressed, and forced" by Defendant's flight attendants' verbal commands to take her seat prior to takeoff. *Id.* ¶¶ 8-10. Nor is there any allegation about a dangerous condition or foreign object on the aircraft—only the open and obvious "seat" that Plaintiff was attempting to sit in when she "tripped and fell". *Id.* ¶ 10.

## **PROCEDURAL HISTORY**

Plaintiff filed her claims against Frontier Group Holdings, Inc., incorrectly named as Frontier Holdings Group, Inc., on March 21, 2023 in the Eleventh Judicial Circuit in and for Miami County, Florida. Plaintiff served Frontier Group Holdings on July 31, 2023. [ECF No. 1-3, p. 38.] On August 30, 2023, Defendant timely removed the action to the Southern District of Florida on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). [ECF No. 1.] On October 9, 2023, Plaintiff filed her Motion for Leave to Amend Complaint and Case Caption [ECF No. 16]. The purpose of the amendment was to drop Frontier Group Holdings and to add Frontier Airlines, Inc., as the named Defendant. On October 10, 2023, the Court entered its Paperless Order [ECF No. 19], which granted Plaintiff's Motion for Leave to Amend Complaint and Case Caption and directed the Plaintiff to file her Amended Complaint separately on the docket on or before October 17, 2023. Plaintiff filed her Amended Complaint adding Frontier Airlines, Inc. on October 17, 2023 [ECF No. 20]. Thereafter, the parties executed a joint stipulation on October 19, 2023, agreeing to a waiver of service of process and stipulating that Defendant will serve its response to the Amended Complaint on or before November 16, 2023 [ECF No. 22].

After Defendant filed a motion to dismiss Plaintiff's First Amended Complaint [ECF No. 26] on November 26, 2023, Plaintiff filed a motion for leave to file a second amended complaint on November 27, 2023 [ECF No. 28], which the Court granted on November 29, 2023 [ECF No.

3

28]. Later that same day, on November 29, 2023, Plaintiff filed her Second Amended Complaint [ECF No. 31].

## LEGAL STANDARD

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) considers the facts as alleged in the complaint to be true, but challenges a plaintiff's right to recovery under the stated facts. Courts, however, should not accept conclusory allegations as true, particularly when they are belied by the specific allegations in the complaint. While Fed. R. Civ. P. 8(a)(2) requires a pleading to contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 578 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (citing *Twombly*, 550 U.S. at 555). Rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## LEGAL ARGUMENT

### A. **PLAINTIFF'S NEGLIGENCE CLAIM FAILS, AS PLED, UNDER STATE LAW**

As explained below, Plaintiff's negligence claim should be dismissed for failing to meet the exacting standard for negligence under Florida law.[1] *See Taylor v. Royal Caribbean Cruises,*

---

[1] To the extent that the Court determines that Plaintiff's state law negligence claim is preempted by federal law, Plaintiff's claim is governed by the Federal Aviation Act of 1958 ("FAA"), 49 U.S.C. § 40101 *et seq.,* and its implementing regulations. *See Abdullah v. Am. Airlines Inc.*, 181 F.3d 363, 368 (3d Cir. 1999); *Bailey v. Rocky Mountain Holdings*, 136 F. Supp. 3d 1376, 1380

*Ltd.*, No. 20-14754, 2021 WL 3502626, at *4 (11th Cir. Aug. 10, 2021) (affirming dismissal of plaintiff's amended complaint because plaintiff failed to adequately plead her negligence claims).

Here, Plaintiff predicates her claim of "negligence" arising from a trip and fall while trying to take her seat during a flight's boarding process on, *inter alia*, Defendant's conduct in failing "to ensure the safe, controlled, and secure boarding of the Subject Aircraft", and by failing "to exercise reasonable efforts to ensure the proper safety measures had been taken to effectuate a safe boarding process and ultimate safe departure for the Subject Flight for Plaintiff." Sec. Am. Compl. ¶ 12. Plaintiff asserts that her injuries from her trip and fall "were certainly foreseeable by Defendant in light of the fact that Flight Attendants are presumably trained on the proper procedure and protocol for securing the cabin of the Subject Aircraft prior to departure and thus the Defendant was aware of the risks associated with failing to properly and safely board the plane and secure the cabin." *Id.* ¶ 13.

    **I.**    **Failure to State a Claim for Premises Liability**

As a threshold matter, this Court should analyze Plaintiff's Second Amended Complaint as being a claim in premises liability. Though disguised as a claim for negligence, Plaintiff alludes to its cause of action being a claim sounding in premises liability. Specifically, Plaintiff prefaces its supposed negligence allegations with the description that the "Subject Aircraft was a small

---

(S.D. Fla. Sept. 23, 2015), *aff'd*, 889 F.3d 1259 (11th Cir. 2018) (acknowledging "Congress' intent to rest sole responsibility for supervising the aviation industry with the federal government" when it enacted the FAA"); *see also Carvajal v. American Airlines*, No. 10-cv-23269, 2011 WL 13273367, at *4 (S.D. Fla. Nov. 10, 2011) (finding claims based upon an airline's instruction to remain seated and allegations of improper maintenance of the aircraft to be "comfortably within the category of airline regulation entrusted to the federal agency"); *Schopp v. American Airlines*, No. 16-cv-23630, 2017 WL 3130360, at *3 (S.D. Fla. July 24, 2017) (denying Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use and quoting *Abdullah* to conclude that "the FAA and FARs 'establish complete and thorough safety standards for interstate and international air transportation.'").

aircraft that consisted of a small, tight, confined cabin area with a single aisle for passengers to travel within to access their respective assigned seat." *Id.* ¶ 7.  To Defendant's understanding, Plaintiff is using this allegation to suggest that the subject airplane is somehow an unsafe premises.

To be sure, Plaintiff's vague and non-specific allegation that the subject aircraft had a "small, tight, confined cabin area with a single aisle for passengers to travel within" obviously implicates the FAA and its implementing regulations concerning the safety precautions and design of an airplane.  *See, e.g.*, 14 C.F.R. § 25.785 (Seats, berths, safety belts, and harnesses); 14 C.F.R. § 125.113 (Cabin interiors); 14 C.F.R. § 25.815 (Width of aisle); 14 C.F.R. § 25.791 (Passenger information signs and placards); 14 C.F.R. § 121.570 (Airplane evacuation capability); 14 C.F.R. § 121.309 ("Emergency equipment"); 14 C.F.R. § 25.863 (Flammable fluid fire protection).  Thus, any argument that the interior of the subject aircraft had an unsafe layout is preempted by federal law.  And should this Court determine that Plaintiff's claim is not preempted by federal law, Plaintiff's premises liability claim nonetheless still fails under Florida law.

To sustain a premises liability action, "a plaintiff must prove the standard elements of a negligence claim: duty, breach of duty, proximate causation, and damages—with the added element that the landowner had possession or control of the premises when the alleged injury occurred." *Conner v. Marriott Hotel Servs., Inc.*, 559 F. Supp. 3d 1305, 1308 (M.D. Fla. Mar. 29, 2021) (noting that a landowner must warn of dangers on the premises and maintain the premises in a reasonably safe condition).  In the context of a premises liability claim, to show a breach of the duty to protect, a plaintiff must show that the defendant "failed to maintain its property in a reasonably safe condition, or that it failed to warn the plaintiff of a concealed peril of which it either knew or should have known and which could not have been discovered by the plaintiff through the exercise of ordinary care." *Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1367–

68 (S.D. Fla. Sept. 4, 2008). In regards to the warning requirement, a defendant must "give timely notice of latent or concealed perils which are known or should be known." *Id.*

Notably, in Florida, if an alleged danger is open and obvious enough, it does not consist of a dangerous condition as a matter of law. *See Ugaz,* 576 F. Supp. 2d at 1371 (noting Florida recognizes the open and obvious doctrine); *Krol v. City of Orlando*, 778 So. 2d 490, 492 (Fla. 5th DCA 2001) ("The obvious danger doctrine recognizes that owners and occupiers should be legally permitted to assume that the invitee will perceive that which would be obvious to them upon the ordinary use of their own senses."). Indeed, numerous courts across Florida have applied this doctrine where conditions that caused an injury were so open and obvious that they did not constitute a hidden dangerous condition as a matter of law. *See e.g.*, *Navarro v. Carnival Corp.*, No. 19-21072-CIV, 2020 WL 1307185, at *2 (S.D. Fla. Mar. 19, 2020) (dismissing amended complaint that failed to allege that the risk creating condition was "not open and obvious."); *Circle K Convenience Stores, Inc. v. Ferguson*, 556 So. 2d 1207, 1208 (Fla. 5th DCA 1990) (finding that an uneven parking lot surface located at a convenience store does not constitute a hidden dangerous condition); *Aventura Mall Venture v. Olson*, 561 So. 2d 319, 320 (Fla. 3d DCA 1990) (finding that six-inch sidewalk curb located at a mall is not a "concealed or latent danger"); *Yaque v. J.C. Penney Corp., Inc.*, No. 08-20923-CIV, 2009 WL 10666693, at *3 (S.D. Fla. June 18, 2009) (granting summary judgment in favor of J.C. Penney and noting that a table leg on a display table was an open and obvious condition).

Here, Plaintiff vaguely asserts that, as she was boarding the flight with other passengers, she tripped and fell while she was attempting to take her seat. *See* Sec. Am. Compl. ¶ 10. Plaintiff fails to pinpoint exactly what she tripped on, nor does she state that there were any hazardous or dangerous conditions on the premises. Plaintiff also fails to explain how the internal layout of the

subject aircraft did not present a reasonably safe condition. Instead, by her own admission, Plaintiff simply tripped because she subjectively felt rushed to take to her seat. There was no "uncommon design or mode of construction creating a hidden danger"—there was only a middle aisle and chair that Plaintiff was going to sit in. *See Casby v. Flint*, 520 So. 2d 281, 282 (Fla. 1988) (affirming trial court's granting of motion to dismiss plaintiff's complaint for negligence and holding that host had no duty to warn social guest of difference in floor levels because they were not inherently dangerous conditions). Because the subject aircraft had no hidden or latent hazardous conditions and the chair that Plaintiff attempted to sit in was an open and obvious condition, Defendant breached no duty in keeping the premises safe. Nor did Defendant fail to warn the Plaintiff of any concealed peril of which it either knew or should have known that was on the premises—because there was none. *See, e.g., id.* at 282.

## II.     Failure to State a Claim for Negligence

To the extent the Court construes Plaintiff's Second Amended Complaint under ordinary negligence principles, Plaintiff has still nonetheless failed to state a cause of action. Specifically, Plaintiff has failed to sufficiently plead the elements of breach and causation for its purported negligence claim. As noted above, a claim for negligence under Florida law consists of four elements: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Sequeira v. GEICO Gen. Ins. Co.*, No. 16-24542-CIV, 2017 WL 6557427, at *3 (S.D. Fla. Apr. 7, 2017); *see also Alvarez v. E&A Produce Corp.*, 708 So. 2d 997, 1000 (Fla. 3d DCA 1998) ("To successfully raise a claim in negligence, a complaint must contain ultimate facts supporting each element of the negligence cause of action.").

Here, Plaintiff has failed to sufficiently allege that Defendant breached any duty owed to Plaintiff. Plaintiff, in conclusory fashion, alleges that Defendant breached its duty of care by failing "to ensure the safe, controlled, and secure boarding of the Subject Aircraft" and failing to "exercise reasonable efforts to ensure the proper safety measures had been taken to effectuate a safe boarding process and ultimate safe departure for the Subject Flight." *See* Sec. Am. Compl. ¶ 12. In other words, Plaintiff is alleging that Defendant breached its duty of care when Defendant's flight attendants verbally directed Plaintiff to take her seat on the flight. In doing so, Plaintiff tellingly omits any allegations that Defendant's flight attendants actually touched Plaintiff in directing her to her seat. Telling someone to take their seat, however, is not a breach of Defendant's duty in securing a safe and controlled boarding of the flight. Rather, Defendant's flight attendants were simply acting in accordance with their duties as flight attendants in ensuring the proper stowage of baggage and the safe boarding of passengers on the flight prior to takeoff. *See, e.g.*, 14 C.F.R. Part 121.585. To the contrary, had Defendant's flight attendants not directed Plaintiff to take her seat prior to takeoff, Plaintiff would have been left in an unsafe position of not being safely secured while the plane prepared for takeoff.

By the same token, Plaintiff's negligence claim also fails at the element of causation, as the purported negligent acts on the part of Frontier—verbally (i.e., no touching) requesting that the Plaintiff to take her seat prior to takeoff—did not cause Plaintiff to trip and fall. Nor is an instruction to a passenger to stow baggage and take a seat grounds for negligence, since it is the exact duty of a flight attendant. *See, e.g.*, 14 C.F.R. Part 121.585. That Plaintiff felt "rushed, coerced, pressed, and forced"—**but not touched**—is insufficient, even at the pleading phase, to provide the necessary causation link. *Cf. Willis v. Royal Caribbean Cruises, Ltd.*, No. 1:20-CV-21192-KMM, 2022 WL 1521193, at *12 (S.D. Fla. May 4, 2022), *aff'd*, 77 F.4th 1332 (11th Cir.

2023) (granting summary judgement in favor of cruise ship on passenger's negligence claims where the passenger fell when descending a step because she felt rushed to sit down by one of Defendant's crewmembers). Yet, under Plaintiff's theory, all flight attendants who verbally request that passengers take their seat prior to takeoff would be liable where a passenger trips and falls while taking their seat based solely on their own subjective feelings and accord.

Accordingly, because Plaintiff, despite having three attempts to state a cause of action, failed to sufficiently allege the requisite elements for a claim of negligence, Plaintiff's Second Amended Complaint must be dismissed with prejudice.

### B. **DISCOVERY SHOULD BE STAYED**

In the interest of judicial economy and cost efficiency, Defendant respectfully requests a stay of discovery pending the Court's ruling on this dispositive motion and until the correct party is named in the action. A stay of discovery is generally warranted during the pendency of a dispositive motion. *See Redford v. Gwinnet Cty. Jud. Cir.*, 350 F. App'x. 341, 346 (11th Cir. 2009) (affirming discovery stay where dispositive motion to dismiss raised "questions regarding the viability of [the plaintiff's] complaint."). Here, there is no discovery that Plaintiff could seek that will have any bearing on whether they properly pled her claims for relief, which is the sole subject of Defendant's motion. A stay of discovery, therefore, would mitigate potentially unnecessary discovery costs and avoid unnecessary discovery disputes.

### **CONCLUSION**

For the foregoing reasons, Frontier respectfully requests that this Court: (i) grant this Motion; (ii) dismiss the Second Amended Complaint in its entirety as a matter of law and with prejudice; (iii) stay discovery pending ruling on the Motion to Dismiss; and (iv) grant such other relief as necessary and equitable.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3), a conferral is not required for a motion to dismiss for failure to state a claim upon which relief can be granted. As to the request to stay discovery, undersigned counsel previously conferred with Plaintiff's counsel as to that request when the prior motions to dismiss were filed that included the same request to stay discovery and Plaintiff's counsel indicated they opposed a stay on discovery while a motion to dismiss was pending. Undersigned counsel emailed Plaintiff's counsel on December 13, 2023 at 11:48 am and followed up with a phone call at 4:19 pm (message left with receptionist) to confirm that they still oppose a stay on discovery and has yet to receive a response. Plaintiff's position has been since the earlier conferrals when the prior motions to dismiss were filed that the Plaintiff opposes a stay on discovery while a motion to dismiss is pending and Plaintiff opposes dismissal.

Dated: December 13, 2023

Respectfully submitted,
HOLLAND & KNIGHT LLP

*/s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208
joshua.levenson@hklaw.com
Holland & Knight LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Phone: (954) 525-1000
Fax: (954) 463-2030
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2023, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| Geralda David, Esq.<br>DAVID LAW OFFICE, P.A.<br>2200 N. Commerce Parkway, Suite 200<br>Weston, FL 33326<br>paralegal@davidlawoffice.com<br>service@davidlawoffice.com<br>ghiggins@davidlawoffice.com<br>*Counsel for Plaintiff*<br>**[ via CM/ECF ]** | Brandon E. Stein, Esq.<br>STEIN LAW, P.A.<br>20807 Biscayne Boulevard, Suite 200<br>Aventura, Florida 33180<br>Telephone: 786.230.3819<br>Facsimile: 786.627.3302<br>Email: bstein@steinlaw.com<br>Email: efranjul@steinlaw.com<br>*Counsel for Plaintiff*<br>**[ via CM/ECF ]** |

By: */s/ Joshua R. Levenson*
   Joshua R. Levenson
   Florida Bar No. 56208