UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC. (FLIGHT #2984), a Foreign Profit Corporation

        Defendant.
_____/

## JOINT SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26 and Local Rule 16.1(b)(2), a case management meeting was held on December 18, 2023, which were attended by Brandon Stein, Esq. and Geralda David, Esq., counsel for Rebecca Beliard ("Plaintiff") and Joshua Levenson, Esq., counsel for Defendant Frontier Airlines, Inc. ("Defendant").  Enclosed as **Exhibit "1"** is a proposed Joint Scheduling Order.  The parties suggest that this action should be placed on the **standard** track as provided in Local Rule 16.1(a)(2)(b).  Below is the parties' conference report pursuant to Local Rule 16.1(b)(2).

**(A)   THE LIKELIHOOD OF SETTLEMENT.**

The parties are open to resolving this matter amicably through settlement if possible.

**(B)   THE LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES.**

None at this time.

**(C)     PROPOSED LIMITS ON THE TIME:**

**(i) to join other parties and to amend the pleadings.**

Please see proposed Joint Scheduling Order enclosed as Exhibit 1.

**(ii) to file and hear motions.**

Please see proposed Joint Scheduling Order enclosed as Exhibit 1.

**(iii) to complete discovery.**

Please see proposed Joint Scheduling Order enclosed as Exhibit 1.

**(iv) expert disclosures.**

Defendant requests the following procedure, block quoted below, in connection with the disclosure of experts:

> The parties' disclosure of expert witnesses shall be in accordance with Federal Rule of Civil Procedure Rule 26(a)(2) and shall include, inter alia, the following information: (i) the expert's area of expertise; (ii) a statement regarding the subject matter of the expert's area of anticipated testimony to be prepared by counsel, (iii) a copy of the expert(s)' curriculum vitae on or before the date selected by the court in the enclosed scheduling order; (iv) three proposed deposition dates for each expert with their disclosures with all dates occurring prior to their respective deadlines to produce expert witnesses for deposition; and (v) a report in accordance with Rule 26(a)(2)(B). The parties' experts shall be deposed prior to the cutoff of expert witness discovery, or at a mutually convenient time agreed to by the parties. All of the Plaintiff's experts shall be deposed before the Defendant's experts are deposed. The parties will work together to schedule these depositions, including seeking an extension with the Court, to ensure that all of the Plaintiff's experts shall be deposed before the Defendant's experts are deposed. All experts will appear at the deposition with their work completed and with their final opinions, except as set forth above. Any expert for either side shall produce copies of any and all litigation related testing, computer animations, video animations, or other similar visual or electronic recreation of the accident or injury sequence that he or she intends to rely upon and/or utilize at trial no later than fifteen (15) days before the date of such expert's deposition. If the expert prepared a written report setting forth their opinions and the basis for their opinions, it shall be produced at least fifteen (15) days prior to their deposition.

**(D)     PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES, INCLUDING THE ELIMINATION OF FRIVOLOUS CLAIMS OR DEFENSES, AND THE NUMBER AND TIMING OF MOTIONS FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT.**

The parties have agreed to discuss, in good faith, the entry of stipulations and the elimination of any frivolous claims and defenses and improper parties. The parties have agreed to further reassess their respective positions following each stage of discovery, in a joint effort to determine if the facts, as revealed through the discovery process, comport with the claims and defenses asserted in the pleadings.

**(E)     THE NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS.**

If amendments become necessary, any motion(s) to amend will be filed within the time frame set forth in the proposed scheduling order.

**(F)     THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION OR THINGS WHICH WILL AVOID UNNECESSARY PROOF, STIPULATIONS REGARDING AUTHENTICITY OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION OR THINGS, AND THE NEED FOR ADVANCE RULINGS FROM THE COURT ON ADMISSIBILITY OF EVIDENCE.**

Upon the completion of discovery, the parties will meet and confer to stipulate to as many additional facts as possible. Upon the completion of discovery, the parties will further discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence.

**(G)** **SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE;**

The parties agree to discuss the stipulation as to facts and the authenticity and admissibility of documents and evidence. Additionally, the parties have agreed to attempt to utilize requests for admissions to avoid unnecessary proof and cumulative evidence.

**(H)** **SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER;**

The parties do not consent to matters being tried before the Magistrate Judge at this time.

**(I)** **A PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL;**

The parties anticipate that a trial will last five to seven days.

**(J)** **REQUESTED DATE OR DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE, AND TRIAL; AND**

The parties submit that status conferences are appropriate on or about March 15, 2024 and June 10, 2024. Pre-Trial conference is also appropriate fifteen (15) days prior to the commencement of trial. Plaintiff and Defendant believe this matter should not be set for trial earlier than April 15, 2025. The parties agree to advise the Court, as soon as practicable, if any of the above is subject to change or if the circumstances of this matter otherwise dictate.

**(K)** **ANY ISSUES ABOUT:** (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.

The parties believe the following information is helpful for this Court:

(i) Plaintiff agrees to appear for CMEs for each injury alleged in the jurisdiction this action is pending without the need for additional motion practice or a Rule 35 Order. If any new injuries are alleged, Plaintiff will re-appear for a separate CME as to those new injuries.

(ii) A confidentiality agreement may be required in this action. The parties agree to work on and prepare the necessary confidentiality agreement.

(iii) Plaintiff may seek the production of certain Frontier Airlines, Inc. manuals, guidelines, and procedures that may implicate that Sensitive Security Information ("SSI"). Defendant is prohibited by federal law from disclosing any such materials pursuant to 49 C.F.R. § 1520, without special authorization from the U.S. Department of Homeland Security. The Court has the authority to review any denial of authorization from the U.S. Department of Homeland Security.

(iv) Defendant represents that pursuant to its contract of carriage and controlling federal law and regulations, Defendant is prohibited from producing documents and information implicating the privacy and the personal information of its crewmembers and customers.

(v) Defendant will be seeking all social media and text message records from the Plaintiff regarding the incident and the alleged damages, though Plaintiff reserves the right to object to said request where appropriate.

(section (L) begins on next page)

#229277885_v3

**(L)** **ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE.**

None at this time.

Dated: December 18, 2023

| | |
|---|---|
| STEINLAW, P.A.<br>*Attorneys for Plaintiff*<br>20807 Biscayne Blvd., Suite 200<br>Aventura, FL 33160<br>Tel: (786) 230-3819; Fax: (305) 627-3302<br><br>By:/s/ *Brandon E. Stein*<br>    Brandon E. Stein, Esq.<br>    Florida Bar No. 88302<br>    Email: bstein@steinlaw.com | HOLLAND & KNIGHT LLP<br>*Attorneys for Defendant*<br>515 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 525-1000<br><br>By:/s/ *Joshua R. Levenson*<br>    Joshua R. Levenson, Esq.<br>    Florida Bar No. 56208<br>    Email: joshua.levenson@hklaw.com |

DAVID LAW OFFICE, P.A.
*Attorneys for Plaintiff*
2200 N. Commerce Pkwy
Weston, FL 33326
Telephone: (855) 411-1600

By:/s/ *Geralda David*
    Geralda David, Esq.
    Florida Bar No. 104969
    Email: gdavid@davidlawoffice.com