UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23321-KMM

REBECCA BELIARD,

    Plaintiff,
vs.

FRONTIER AIRLINES, INC.
(FLIGHT #2984),
a Foreign Profit Corporation,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS THE SECOND AMENDED COMPLAINT**

The plaintiff, Rebecca Beliard (Beliard), files this Response to Defendant's Motion to Dismiss the Second Amended Complaint [DE 33], and states:

1. On December 13, 2023, the defendant, Frontier Airlines, Inc. (Frontier), filed its motion to dismiss the second amended complaint. [DE 33].

2. In the second amended complaint, the plaintiff pled a single count of general negligence against Frontier based on the active negligence of defendant's flight attendant (in the course and scope of her employment with Frontier). This case is not, as Frontier suggests, based on premises liability or a dangerous condition with the aircraft itself. Therefore, this response will focus on the claim for ordinary negligence.

3. Plaintiff alleged she was boarding the small aircraft, which had a tight, confined cabin with a single aisle for passengers to access their seats. As she boarded with other passengers, she was "rushed coerced, pressed, and forced by defendant's flight attendants to secure her carry-on luggage in the overhead bin because the subject aircraft was seemingly in a rush to depart timely." Second Amended Complaint, par. 8.

4. Once plaintiff secured her carry-on bag, she "was again rushed, coerced, pressed, and forced by the defendant's flight attendants to hurry to her seat" and a result, "tripped and fell while attempted to seat herself quickly and with great haste as a result of the unreasonable actions taken by defendant's flight attendants, thus causing serious and permanent injury." Second Amended Complaint, par. 9.

5. Plaintiff alleged that Frontier breached its duty of reasonable care to passengers to ensure the safe, controlled, and secure boarding of the aircraft.

6. By filing its motion to dismiss under Fed. R. Civ. P. 12(b)(6), Frontier accepts the facts alleged, but maintains that plaintiff has no right to recover under those facts.

7. In arguing that plaintiff's claim of general negligence should be precluded, Frontier relies primarily and briefly on the case of *Willis v. Royal Caribbean Cruises, Ltd.*, No. 1:20-CV-21192-KMM, 2022 WL 1521193 (S.D. Fla. May 4, 2022), aff'd 77 4th 1332 (11th Cir. 2023). But ironically, that district court ruling and the Eleventh Circuit Court opinion affirming it support plaintiff's right to recover under the circumstances of our case, which were very similar to those in *Willis*.

8. Although *Willis* was a maritime action, the factual predicate is strikingly similar to the facts in our case. During a mandatory muster drill on the ship, Willis "fell when descending a step because she felt rushed to sit down by one of Defendant's crewmembers." (See *Willis* trial order * 2). Willis was told to "hurry up". She did not "know what happened. I went down. She was rushing me." She "fell because she felt rushed and pressured by" the crewmember. (See *Willis* trial order *3). There was no other explanation for the fall. (See *Willis* trial order *5).

9. The *Willis* district court dismissed the two counts based on dangerous condition because of the lack of notice of the dangerous condition. (See *Willis* trial order *29). That determination

is not relevant to our claim because plaintiff here did not bring an action based on a dangerous condition. Instead, plaintiff has brought an action based on general negligence.

10. Significantly, *Willis* did **not** dismiss the third count in that case (which was based on general negligence) for failure to state a claim upon which relief could be granted (or grant a summary judgment because there was no such legal action). Instead, *Willis* granted a summary judgment on the general negligence claim because that plaintiff failed to prove that the accident caused damages. In other words, Willis failed to present sufficient evidence that her injuries were caused by the incident. (See *Willis* trial order *31-38).

11. The critical point is that *Willis'* general negligence claim based on the claimant being rushed by the defendant's employees was a legitimate claim. Frontier's suggestion that *Willis'* claim was not allowed because her feeling rushed was not a valid basis for a claim is specious and inaccurate. That was **not** the basis of the summary judgment. Rather, Willis lost because she did not have sufficient medical evidence to prove that her damages were caused by the accident. (If the nature of the claim itself were invalid, the court would never have had to even reach the causation of damages issue).

12. The Eleventh Circuit's affirmance confirms this conclusion. As the appellate court stated, "on Count III (general negligence against Royal Caribbean for its employee's conduct under a theory of vicarious liability), the district court determined that Willis put forth insufficient evidence of medical causation." *Willis v. Royal Caribbean Cruises, LTD*, 77 4th 1332, 1333 (11th Cir. 2023). The Eleventh Circuit "conclude[d] that Willis fails to provide sufficient evidence to create a genuine dispute of material fact as to medical causation and, therefore, we affirm the district court's grant of summary judgment to Royal Caribbean." *Id*. at 1335-36.

13. Consequently, plaintiff has stated a cause of action upon which relief can be granted. Frontier's motion to dismiss the second amended complaint should therefore be denied.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this __16th__ day of January, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I certify that the foregoing document is being served this date on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

        **STEINLAW, P.A.**
        Attorneys For Plaintiff
        20807 Biscayne Boulevard, Suite 200
        Aventura, Florida 33180
        Telephone: 786.230.3819
        Facsimile:   786.627.3302
        Email: bstein@steinlaw.com
        Email: efranjul@steinlaw.com

        By __/s/ Brandon E. Stein__
            Brandon E. Stein, ESQ.
            FBN 88302

        **DAVID LAW OFFICE, P.A.**
        Attorney For Plaintiff
        2200 N. Commerce Parkway, Suite 200
        Weston, Florida 33326
        Telephone: 954.666.0486
        Facsimile:   954.416.2368
        Email: paralegal@davidlawoffice.com
        Email: service@davidlawoffice.com

        By __/s/ Geralda David__
            Geralda David, ESQ.
            FBN 104969

**SERVICE LIST:**
Joshua R. Levenson, Esq.
FBN: 56208
HOLLAND & KNIGHT, LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Email: Joshua.levenson@hklaw.com
(via E-Service)