UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

       Plaintiff,

vs.

FRONTIER AIRLINES, INC. (FLIGHT #2984), a Foreign Profit Corporation

       Defendant.

_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), pursuant to Local Rule 7.1(c) of the Southern District of Florida, hereby replies to Plaintiff Rebecca Beliard's ("Plaintiff") Response ("Response") [ECF No. 43] to Defendant's Motion to Dismiss the Second Amended Complaint and Stay Discovery and Incorporated Memorandum of Law ("Motion to Dismiss") [ECF No. 33] and in support, states:

### I.    INTRODUCTION

Plaintiff's Response misconstrues the issues before the Court. It is solely devoted to addressing Defendant's cite to this Court's decision in *Willis v. Royal Caribbean Cruises, Ltd.*, No. 1:20-CV-21192-KMM, 2022 WL 1521193 (S.D. Fla. May 4, 2022). Yet, Plaintiff mischaracterized the applicability of *Willis*, a similar negligence action based on a plaintiff feeling "rushed" then falling as a result of their own mistakes, to erroneously claim that simply because the plaintiff's claims there were decided on summary judgment (in defendant's favor), then Plaintiff's claim, here, should survive a motion to dismiss. In doing so, Plaintiff overlooks the procedural history for *Willis*—where the Plaintiff's claims were never tested at the pleading stage

in a motion to dismiss—in disingenuously claiming *Willis* supports Plaintiff's right to proceed beyond the motion to dismiss stage. Even considering Plaintiff's inaccurate Response, Plaintiff's common law negligence claim still fails to meet the negligence standard under Florida law. For this reason, and because Plaintiff failed to respond to the other points raised in the Motion to Dismiss, this Court should dismiss Plaintiff's Second Amended Complaint with prejudice.

## II. REPLY

### A. Plaintiff Mischaracterizes this Court's Decision in *Willis*.

In its Motion to Dismiss, Defendant cited to this Court's decision in *Willis* (acknowledging in the Motion to Dismiss that the case was decided on summary judgment) to support the general argument that Plaintiff failed to sufficiently allege the requisite element of causation for its negligence claim. *See* Mot. to Dismiss, pp. 9-10. Plaintiff, in its Response, has mischaracterized the *Willis* decision by isolating this one citation out of context.

In *Willis*, a passenger aboard a cruise ship was participating in a mandatory muster drill, where, during that drill, Plaintiff fell as she was descending a step and became injured because Plaintiff felt rushed by one of Defendant's crewmembers. *See Willis*, 2022 WL 1521193, at *1. The passenger then brought a negligence action against the defendant cruise ship alleging general negligence (Count I); negligent failure to warn (Count II); and negligence for the actions of its crewmembers based on vicarious liability (Count III). *Id.* As to Counts I and II of the operative amended complaint, the Court granted summary judgment in favor of the cruise ship because the passenger failed to provide record evidence sufficient to establish a genuine issue of material fact regarding defendant's constructive notice of any dangerous condition. *Id.* at *11. As to Count III, the Court likewise granted summary judgment in favor of the defendant because plaintiff failed to come forward with evidence that creates a genuine issue of material fact as to the element of causation. *Id.* at *12. The Eleventh Circuit Court of Appeals affirmed this Court's ruling in favor

of the defendant, explaining that plaintiff did not provide sufficient medical evidence to satisfy proximate cause. *See Willis v. Royal Caribbean Cruises, Ltd.*, 77 F.4th 1332, 1333 (11th Cir. 2023).

Here, however, Plaintiff disingenuously asserts that this Court's "ruling and the Eleventh Circuit Court opinion affirming it support plaintiff's right to recover under the circumstances of our case", given the factual similarities between *Willis* and the present case. *See* Response ¶ 7. Plaintiff goes on to assert that "[t]he critical point is that *Willis'* general negligence claim based on the claimant being rushed by the defendant's employees was a legitimate claim." *Id.* ¶ 11. Both of these assertions are incorrect. To be clear, nowhere in this Court's decision in *Willis* does the Court explain or suggest the passenger's negligence claim as a result of being rushed was a "legitimate claim." Nor did the Court pass judgment on the sufficiency of plaintiff's claims at the pleading stage. Indeed, Plaintiff conveniently fails to acknowledge the underlying procedural history of the *Willis* case. A review of the *Willis* trial docket confirms the inaccuracy of Plaintiff's assertions, a true and correct copy of which is enclosed as **Exhibit A**.

In *Willis*, the plaintiff filed its complaint on March 18, 2020, with the case being stayed multiple times pending completion of plaintiff's medical care. [*See Willis* D.E. 18]. The plaintiff then later filed an unopposed motion to reopen the case and for entry of a scheduling order, where the plaintiff advised the Court in the motion that she was filing an amended complaint, which the defendant did not oppose (reserving its defenses). *Id.* After plaintiff filed the amended complaint, the defendant **did not move to dismiss**, but instead filed an answer and affirmative defenses to the amended complaint and later filed a motion for summary judgment, which was ultimately granted by this Court. [*See Willis* D.E. 24, 44, 53]. Thus, this Court in *Willis* never had the opportunity to test the legal sufficiency of the plaintiff's claims on a motion to dismiss—unlike here. This key

distinction provides the ability for this Court, here, to rule that verbal instructions should be deemed insufficient at the motion to dismiss stage, without running into conflict with its decision in *Willis*.

Rather than citing any cases to support its assertion that feeling "rushed, coerced, pressed, and forced"—but not touched—is sufficient to support its negligence cause of action (it did not and could not), Plaintiff's entire Response is directed to Defendant's cite to *Willis*. Again, Plaintiff's faulty logic attempts to confuse the issues before this Court by mischaracterizing the *Willis* opinion in claiming that *Willis* supports Plaintiff's cause of action withstanding a motion to dismiss. This is both inconsistent with the *Willis* opinion and underlying procedural history of *Willis*. Therefore, Defendant respectfully requests this Court to dismiss Plaintiff's Second Amended Complaint.

**B. Plaintiff Failed to Respond to the Remaining Arguments in Defendant's Motion to Dismiss.[1]**

As explained above, because the entirety of Plaintiff's Response is devoted to mistakenly discussing this Court's prior decision in *Willis*, Plaintiff ignores the other key points raised in Defendant's Motion to Dismiss.

First, Plaintiff wholly fails to respond to the argument that, to the extent that the Court determines that Plaintiff's state law negligence claim is preempted by federal law, then Plaintiff's claim is governed by the Federal Aviation Act of 1958 ("FAA"), 49 U.S.C. § 40101 *et seq.*, and its implementing regulations; Plaintiff's Complaint fails to state a cause of action under the federal law. *See* Mtn. to Dismiss, p. 4, n. 1.

---

[1] Southern District of Florida Local Rule 7.1(c)(1) provides that "[f]or all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. R. 7.1(c)(1).

Second, aside from asserting, in conclusory fashion, that this "case is not, as Frontier suggests, based on premises liability or a dangerous condition with the aircraft itself", Plaintiff provides no further explanation or response to Defendant's argument that Plaintiff's claim is really a claim for premises liability disguised as a claim for negligence. *See* Response ¶ 2. Though framed as a claim under ordinary negligence principles, Plaintiff asserts that the "Subject Aircraft was a small aircraft that consisted of a small, tight, confined cabin area with a single aisle for passengers to travel within to access their respective assigned seat." Sec. Am. Compl. ¶ 7. This was a decision by Plaintiff who, to Defendant's understanding, is trying to suggest that the subject airplane is somehow an unsafe premises. And this was consistent with how Plaintiff pled its claims in the first two incarnations of the complaint (i.e., as a premises liability claim). As further explained in Defendant's Motion to Dismiss, Plaintiff nonetheless failed to state a claim for premises liability. *See* Mot. to Dismiss, pp. 5-8. Defendant's Response provides no argument to the contrary.

Third, Plaintiff provides no response to Defendant's argument that Plaintiff failed to sufficiently allege that Defendant breached any duty owed to Plaintiff. Instead, Plaintiff chose to only discuss how Court's decision in *Willis*, which ruled in favor of the defendant because plaintiff failed to produce evidence as to the element of *causation*, somehow supports the notion that Plaintiff has stated a cause of action here. Because Defendant failed to address this purported deficiency regarding the required element of breach for its negligence claim as explained in the Motion to Dismiss, Plaintiff has failed to state a cause of action. *See* Mot. to Dismiss, p. 9.

Lastly, in her Response, Plaintiff also ignores Defendant's request for a stay of discovery pending the Court's ruling on the Motion to Dismiss. Since a stay of discovery would mitigate potentially unnecessary discovery costs and avoid unnecessary discovery disputes, and because

5

Defendant did address Defendant's request for the stay in its Response, this Court should stay discovery pending ruling on the Motion to Dismiss. *See Redford v. Gwinnet Cty. Jud. Cir.*, 350 F. App'x. 341, 346 (11th Cir. 2009) (affirming discovery stay where dispositive motion to dismiss raised "questions regarding the viability of [the plaintiff's] complaint.").

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the Second Amended Complaint in its entirety as a matter of law and with prejudice, stay discovery pending ruling on the Motion to Dismiss, and grant all other relief as necessary and equitable.

Dated: January 23, 2024

Respectfully submitted,
HOLLAND & KNIGHT LLP

*/s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208
joshua.levenson@hklaw.com
Holland & Knight LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Phone:  (954) 525-1000
Fax:  (954) 463-2030
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 23, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| Geralda David, Esq.<br>DAVID LAW OFFICE, P.A.<br>2200 N. Commerce Parkway, Suite 200<br>Weston, FL 33326<br>paralegal@davidlawoffice.com<br>service@davidlawoffice.com<br>ghiggins@davidlawoffice.com<br>*Counsel for Plaintiff*<br>**[ via CM/ECF ]** | Brandon E. Stein, Esq.<br>STEIN LAW, P.A.<br>20807 Biscayne Boulevard, Suite 200<br>Aventura, Florida 33180<br>Telephone: 786.230.3819<br>Facsimile: 786.627.3302<br>Email: bstein@steinlaw.com<br>Email: efranjul@steinlaw.com<br>*Counsel for Plaintiff*<br>**[ via CM/ECF ]** |

By: */s/ Joshua R. Levenson*
      Joshua R. Levenson
      Florida Bar No. 56208