UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC. (FLIGHT
#2984), a Foreign Profit Corporation

        Defendant.

_____/

**JOINT MOTION FOR EXTENSION OF TIME**
**REGARDING TRIAL AND PRETRIAL DEADLINES**

Plaintiff, Rebecca Beliard ("Plaintiff"), and Defendant, Frontier Airlines, Inc. ("Frontier"),

pursuant to this Court's Paperless Order Scheduling Trial in Miami ("Scheduling Order", D.E. 35)

and this Court's Paperless Order of Referral to Mediation ("Mediation Order", D.E. 36), both dated

December 20, 2023, jointly and respectfully request this Court to enter an order extending the

upcoming deadlines in this Court's Scheduling Order and Mediation Order for one hundred and

twenty (120) days to: i) provide the parties additional time to engage in settlement discussions; ii)

give the parties sufficient time to complete pending discovery requests; and iii) allow the parties

to coordinate the scheduling of depositions.  This is the parties' first request for an extension.  In

support, the Parties state as follows:

1.        Prior to and since the issuance of aforementioned Scheduling Order (D.E. 35) and

Mediation Order (D.E. 36) on December 20, 2023, the parties have been diligently litigating this

action and discussing potential settlement.

2.        After Frontier filed motions to dismiss in response Plaintiff's prior iterations of her

complaint, Plaintiff filed her current operative Second Amended Complaint on November 29, 2023

(D.E. 31).  Frontier then filed its Motion to Dismiss the Second Amended Complaint and Stay Discovery and Incorporated Memorandum of Law on December 13, 2023 (D.E. 33) ("Motion to Dismiss").  Plaintiff responded in opposition to the Motion to Dismiss on January 16, 2024 (D.E. 43), and Frontier replied in support of the Motion to Dismiss on January 23, 2024 (D.E. 44).

3.     Notwithstanding the pending Motion to Dismiss and request to stay discovery, the parties have been diligently pursing the matter in the event the Court did not dismiss or stay discovery pending resolution of the Motion to Dismiss.

4.     Regarding initial disclosures, Frontier provided its initial disclosures on January 22, 2024.  Plaintiff served her initial disclosures on March 6, 2024.  The parties then had a meet-and-confer conference regarding alleged deficiencies in Plaintiff's initial disclosures, which resulted in Plaintiff serving supplemental initial disclosures on May 30, 2024.

5.     Regarding discovery, Plaintiff served requests for production and interrogatories on Frontier on April 14, 2024, and Frontier served requests for production, interrogatories, and requests for admission on April 30, 2024, which the parties are still coordinating responses to.

6.     Regarding non-party discovery, Frontier has been coordinating with multiple non-parties to obtain documents relevant to the Plaintiff's damages in this lawsuit.  Frontier, however, has received objections to its non-party subpoenas from the following non-parties: Able To Behavioral Health Services, PC; Breakthrough Care and Resource Center Inc; MedStar Health Urgent Care at Federal Hill; and Amazon.com, Inc.  Frontier is attempting to resolve these objections without having to move to compel, but these objections have delayed Frontier's ability complete its non-party discovery and obtain responsive documents.

7.     As further background, Frontier issued its initial waive of eleven (11) non-party subpoenas on May 3, 2024 and May 17, 2024, which was directed to non-parties that Plaintiff

identified in the context of providing documents as part of a confidential settlement communication. Frontier then issued its second wave of twenty-one (21) non-party subpoenas to the remaining non-parties listed on Plaintiff's initial disclosures on June 5, 2024.[1]

8.      In addition to the pending discovery between the parties and involving the non-parties, Frontier and Plaintiff are in the process of coordinating the scheduling of the Federal rule 30(b)(6) deposition of Frontier. Frontier is also coordinating with Plaintiff's counsel to schedule the deposition of Plaintiff.

9.      Importantly, the requested extension will also permit the parties to engage in additional settlement discussions in an effort to reach a global resolution of this action.

10.      The parties respectfully request that this Court extend each of the deadlines listed below by 120 days. The parties are seeking this extension with the hope that no further requests for extension will be required for the reasons stated in this Motion.

11.      Accordingly, the extension being requested by this Motion to extend all remaining pre-trial deadlines and trial by 120-days results in the following updated schedule:

| **Event** | **Current Deadlines** | **Proposed New Deadline** |
|---|---|---|
| Parties disclose experts and exchange expert witness summaries or reports. | June 13, 2024 | October 11, 2024 |
| Notice of Scheduling Mediation | July 3, 2024 | October 31, 2024 |
| All discovery, including expert discovery, is completed. | July 12, 2024 | November 8, 2024 (deadline falls on Saturday) |
| Parties must have completed mediation. | August 2, 2024 | November 29, 2024 (deadline falls on Saturday) |
| All pre-trial motions, Daubert motions (which include motions to strike | August 2, 2024 | November 29, 2024 (deadline falls on Saturday) |

---

[1] Frontier is also in process of preparing subpoenas to non-parties, South Miami Hospital and Nomi Health, Inc., who are also listed on Plaintiff's initial disclosures.

#503307952_v2

| | | |
|---|---|---|
| experts), and motions *in limine* are filed.  This deadline includes all dispositive motions. | | |
| Parties must submit Bilateral Pretrial Stipulation and all other pretrial preparations. | October 3, 2024 | January 31, 2025 |
| Final Pretrial Conference | October 8, 2024 | February 5, 2025 |
| Parties submit proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. | October 14, 2024 | February 11, 2025 |
| Calendar Call | October 17, 2024 | February 14, 2025 |
| Trial Docket | October 21, 2024 | February 18, 2025[2] |

12.     This Motion is not being sought for the purposes of delay.  Rather, the parties would like to focus on settlement efforts.  Moreover, both parties have been engaging in discovery and have been working well together to move the case forward, including successfully working together on discovery disputes.

13.     The extension requested in this Motion is within the Court's discretion and will not prejudice the parties.  *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (explaining a district court enjoys "broad discretion" over pre-trial matters such as discovery and scheduling); *Catalano v. Cohen & Grigsby, P.C.*, No. 208CV667FTM29SPC, 2010 WL 11507248, at *1 (M.D. Fla. June 28, 2010) (noting district courts have broad discretion in managing their cases in finding good cause to grant the unopposed extensions and modify the case management and scheduling order).

---

[2] The parties inserted this date as a placeholder and understand it's subject to the Court's availability based on its current trial docket.

14.     In accordance with Local Rule 7.1(a)(2), a proposed order is enclosed as **Exhibit 1.**

**WHEREFORE,** Plaintiff and Frontier respectfully request that this Court grant this Motion for Extension of time, extend the deadlines in the Scheduling Order and Mediation Order, and grant all other relief as necessary and equitable.

## GOOD FAITH CERTIFICATION

Counsel for Frontier and Plaintiff discussed this Motion prior to filing it.  The parties have agreed to file this as a joint motion and respectfully request the extension for the reasons set forth herein.

Dated: June 6, 2024

STEIN LAW, P.A.                                          HOLLAND & KNIGHT LLP

*/s/ Brandon Stein, Esq.*                              */s/ Joshua R. Levenson, Esq.*
Brandon Stein, Esq.                                    Joshua R. Levenson, Esq.
Florida Bar No. 88302                                  Florida Bar No. 0056208
20807 Biscayne Boulevard, Suite 200                    joshua.levenson@hklaw.com
Aventura, Florida 33180                                515 East Las Olas Boulevard
Telephone: 786.230.3819                                Suite 1200
Facsimile: 786.627.3302                                Fort Lauderdale, FL 33301
Email: bstein@steinlaw.com                             Telephone: (954) 468-7852
Email: efranjul@steinlaw.com                           Facsimile: (954) 463-2030
***Attorney for Plaintiff***                           ***Attorney for Defendant***

DAVID LAW OFFICE, P.A

*/s/ Geralda David, Esq.*
Geralda David, Esq.
Florida Bar No. 104969
2200 N. Commerce Parkway, Suite 200
Weston, FL 33326
paralegal@davidlawoffice.com
service@davidlawoffice.com
***Attorney for Plaintiff***

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing..

Geralda David, Esq.
DAVID LAW OFFICE, P.A.
2200 N. Commerce Parkway, Suite 200
Weston, FL 33326
paralegal@davidlawoffice.com
service@davidlawoffice.com
*Counsel for Plaintiff*
**[ via CM/ECF ]**

Brandon E. Stein, Esq.
STEIN LAW, P.A.
20807 Biscayne Boulevard, Suite 200
Aventura, Florida 33180
Telephone: 786.230.3819
Facsimile: 786.627.3302
Email: bstein@steinlaw.com
Email: efranjul@steinlaw.com
*Counsel for Plaintiff*
**[ via CM/ECF ]**

By: */s/ Joshua R. Levenson*
    Joshua R. Levenson
    Florida Bar No. 56208

6

#503307952_v2