UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon Defendant Frontier Airlines, Inc.'s ("Defendant") Motion to Dismiss the Second Amended Complaint. ("Mot.") (ECF No. 33). Plaintiff Rebecca Beliard ("Plaintiff") filed a Response in opposition. ("Resp.") (ECF No. 43). Defendant filed a Reply. ("Reply") (ECF No. 44). The Motion is now ripe for review.

**I.    BACKGROUND[1]**

On May 20, 2022, Plaintiff boarded Frontier Airlines Flight No. 2984 at Miami International Airport for a direct flight to Baltimore, Maryland scheduled to depart at 6:00 AM. *See* SAC ¶ 1. While boarding the flight, Plaintiff alleges that she "was rushed, coerced, pressed, and forced by the Defendant's Flight Attendants to secure her carry-on luggage in the overhead bin because the Subject Aircraft was seemingly in a rush to depart timely." *Id.* ¶ 8. Plaintiff alleges that after securing her carry-on luggage, she was "again rushed, coerced, pressed, and forced by the Defendant's Flight Attendants to hurry to her seat," where Plaintiff then "tripped

---

[1] The following facts are taken from the Second Amended Complaint, ("SAC") (ECF No. 31), and are accepted as true for purposes of ruling on the Motion to Dismiss. *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022).

and fell while attempt[ing] to seat herself quickly and with great haste as a result of the unreasonable actions taken by Defendant's Flight Attendants, thus causing serious and permanent injury." *Id.* ¶ 10. In her SAC, Plaintiff asserts one count of general negligence against Defendant based on Defendant's purported breach of its duty to "ensure the safe, controlled, and secure boarding of the Subject Aircraft." *Id.* ¶ 11. Now before the Court is Defendant's Motion to Dismiss. *See* Mot.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

**III.   DISCUSSION**

In the instant Motion, Defendant argues that Plaintiff's SAC should be dismissed for three reasons: (1) Plaintiff's state law negligence claim is preempted by federal law regulating the aviation industry; (2) despite being labeled as a claim for negligence, Plaintiff's claim is truly a premises liability claim that fails to allege the premises were dangerous or that there was a concealed danger; and (3) even if the Court analyzes Plaintiff's claim under ordinary negligence principles, Plaintiff fails to sufficiently allege that Defendant breached its duty of care or caused Plaintiff's injuries. *See generally* Mot. In response, Plaintiff maintains that her claim "is not, as Frontier suggests, based on premises liability or a dangerous condition with the aircraft itself," but is instead a "single count of general negligence against Frontier based on the active negligence of defendant's flight attendant." Resp. at 1. Plaintiff further argues that her negligence claim is sufficiently pled. *See generally id.* The Court addresses Defendant's arguments in turn.

    **A.   Federal Preemption**

First, Defendant argues that dismissal is warranted because Plaintiff's state law negligence claim is preempted by the Federal Aviation Act of 1958 ("FAA"), 49 U.S.C. § 40101 *et seq.*, and its implementing regulations. *See* Mot. at 4–6; Reply at 4. To reach this conclusion, Defendant points to Paragraph 7 of the SAC, which states that "[t]he Subject Aircraft was a small aircraft that consisted of a small, tight, confined cabin area with a single aisle for passengers to travel within to access their respective assigned seat." SAC ¶ 7. According to Defendant, these allegations "obviously implicate[] the FAA and its implementing regulations concerning the safety precautions and design of an airplane," and thus "any argument that the

interior of the subject aircraft had an unsafe layout is preempted by federal law." Mot. at 6. The Court is not persuaded by Defendant's preemption argument.

As a threshold matter, the Court does not interpret Plaintiff's allegations concerning the physical appearance of the cabin area as "argu[ing] that the interior of the subject aircraft had an unsafe layout." *Id.* Rather, the Court interprets these allegations as simply providing a description of subject area as context for Plaintiff's claims.

In any event, Defendant's preemption argument is foreclosed by binding Eleventh Circuit precedent. In *Public Health Trust of Dade County, Florida v. Lake Aircraft, Inc.*, 992 F.2d 291, 295 (11th Cir. 1993), the Eleventh Circuit determined that Congress's enactment of a provision in the FAA providing for express preemption of state laws "having a connection with or reference to airline rates, routes, or services"[2] implies that items outside the scope of that provision are not preempted by the FAA. *Id.* at 925 (finding injured passenger's state law design defect claims not preempted by federal regulations promulgated under the FAA). Although other courts have reached a different conclusion,[3] the case law in this Circuit makes clear that *Public Health Trust* "remains good law" and "definitively resolves the implied preemption argument raised by Defendant." *Psalmond v. Delta Air Lines, Inc.*, No. 1:13-CV-2327-JEC, 2014 WL 1232149, at *4 (N.D. Ga. Mar. 25, 2014); *see also Ballenger v. Sikorsky Aircraft Corp.*, No. 2:09CV72-MHT, 2011 WL 5245209, at *2 (M.D. Ala. Nov. 3, 2011) ("[T]his court has no

---

[2] At the time of the *Public Health Trust* decision, the referenced provision was located at 49 U.S.C. § 1305. *See Morales v. JetBlue Airways Corp.*, No. 618CV1218ORL18GJK, 2018 WL 11467406, at *2 (M.D. Fla. Sept. 24, 2018). However, the provision is now codified at 49 U.S.C. § 41713(b). *Id.*

[3] Indeed, "[m]any courts that have considered the issue of whether federal law preempts state law in the field of aviation safety have found in the affirmative." *Morales*, 2018 WL 11467406, at *2 (collecting cases). However, the Eleventh Circuit is "among the minority of courts to have reached the opposite conclusion." *North v. Precision Airmotive Corp.*, No. 6:08-CV-2020-ORL, 2011 WL 679932, at *4 (M.D. Fla. Feb. 16, 2011).

4

choice but to follow the Eleventh Circuit's decision in Public Health Trust."); *Morales*, 2018 WL 11467406, at *2.

Additionally, the Eleventh Circuit has explicitly found that "state law personal injury claims are not pre-empted" by the Airline Deregulation Act of 1978 ("ADA"). *Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1258 (11th Cir. 2003); *see also Mennella v. Am. Airlines, Inc.*, No. 17-21915-CIV, 2019 WL 1429636, at *7 (S.D. Fla. Mar. 29, 2019) ("[T]he Eleventh Circuit has specifically excluded claims for negligence arising from personal injuries resulting from the operation or maintenance of the aircraft"), *aff'd*, 824 F. App'x 696 (11th Cir. 2020). As such, "[n]umerous district courts agree that the ADA does not preempt traditional state law claims sounding in negligence." *Pipino v. Delta Air Lines, Inc.*, No. 15-CV-80330-KAM, 2015 WL 4450039, at *3 (S.D. Fla. July 20, 2015) (collecting cases); *see also Karlin v. Delta Airlines*, No. 12-80620-CIV, 2013 WL 12142361, at *2 (S.D. Fla. Feb. 11, 2013) (personal injury claim not preempted where bag fell on passenger's head). Accordingly, the Court will not dismiss Plaintiff's Second Amended Complaint on federal preemption grounds.

**B.     Premises Liability**

Next, Defendant argues that the Court should construe Plaintiff's SAC as bringing a claim for premises liability, because though "disguised as a claim for negligence, Plaintiff alludes to [her] cause of action being a claim sounding in premises liability." Mot. at 5. In support, Defendant again cites to Plaintiff's allegation the subject aircraft had "a small, tight, confined cabin area with a single aisle for passengers to travel within to access their respective assigned seat." SAC ¶ 7. According to Defendant, Plaintiff is "using this allegation to suggest that the subject airplane is somehow an unsafe premises." Mot. at 6. Plaintiff disputes Defendant's characterization of her claim. *See* Resp. at 1.

The Court declines to construe Plaintiff's claim as being a claim for premises liability. First, it is well established that "the party who brings a suit is master to decide what law [s]he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). As such, "it is not left to defendants to decide how plaintiffs' claims should be pled." *Rhodes v. Embry-Riddle Aeronautical Univ., Inc.*, 513 F. Supp. 3d 1350, 1356 (M.D. Fla. 2021) (cleaned up). Second, Defendant has not provided, nor has the Court independently identified, any case law supporting Defendant's position that Plaintiff's claim is "truly" a premises liability claim, and may not be brought under a theory of general negligence. *See generally* Mot.; Reply. The Court therefore rejects Defendant's attempt to recast Plaintiff's claim under a legal theory that she does not pursue. *See Rhodes*, 513 F. Supp. 3d at 1357.

### C. General Negligence

Finally, Defendant argues that even if the Court analyzes Plaintiff's claim under ordinary negligence principles, dismissal is nevertheless warranted because Plaintiff has failed to sufficiently plead the elements of breach and causation. *See* Mot. at 8–10. Upon review, the Court agrees that Plaintiff fails to sufficiently allege that Defendant breached its duty of care or caused Plaintiff's injuries.

Under Florida law, a claim for negligence consists of four elements: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Sequeira v. GEICO Gen. Ins. Co.*, No. 16-24542-CIV, 2017 WL 6557427, at *3 (S.D. Fla. Apr. 7, 2017) (quoting *Est. of Rotell ex rel. Rotell v. Kuehnle*, 38 So. 3d 783, 788 (Fla. 2d DCA 2010)). "To successfully raise a claim in negligence, a complaint must contain ultimate facts supporting each

6

element of the negligence cause of action." *Alvarez v. E & A Produce Corp.*, 708 So. 2d 997, 1000 (Fla. 3d DCA 1998).

Beginning with breach, Plaintiff alleges that Defendant breached its duty of reasonable care by "fail[ing] to ensure the safe, controlled, and secure boarding of the Subject Aircraft" and "fail[ing] to exercise reasonable efforts to ensure the proper safety measures had been taken to effectuate a safe boarding process and ultimate safe departure for the Subject Flight for Plaintiff." SAC ¶ 12. However, Plaintiff fails to plead factual content sufficient to allow the Court to draw the inference that Defendant breached any duty to Plaintiff. Plaintiff does not appear to allege that Defendant's flight attendants ever made physical contact with Plaintiff. *See generally* SAC. Rather, as best the Court can tell, Plaintiff alleges that Defendant breached its duty to Plaintiff when Defendant's flight attendants verbally instructed Plaintiff to secure her carry-on luggage and take her seat. *See id.* ¶¶ 8, 10. Dismissal of an action is appropriate "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Here, the Court finds Plaintiff's conclusory and threadbare allegations insufficient to support a plausible finding of breach by Defendant. *See Sequeira*, 2017 WL 6557427, at *3 ("[E]ven assuming that American Airlines had a duty to exercise reasonable care, Sequeira has not sufficiently alleged that American Airlines breached that duty.").[4]

---

[4] Plaintiff's reliance on this Court's decision in *Willis v. Royal Caribbean Cruises, Ltd.*, No. 1:20-CV-21192-KMM, 2022 WL 1521193 (S.D. Fla. May 4, 2022), *aff'd*, 77 F.4th 1332 (11th Cir. 2023), is misplaced. As Defendant correctly notes, nowhere in this Court's decision in *Willis* did the Court explain or suggest that the passenger's negligence claim as a result of being rushed was a "legitimate claim." *See* Reply at 3. To the contrary, because the defendant in *Willis* never filed a motion to dismiss, the Court never had an opportunity to test the legal sufficiency of the plaintiff's claims at the pleading stage. *See id.*

Moreover, as with any negligence claim, Plaintiff must establish that Defendant's negligent performance of a duty in some way caused the specific injury she suffered. *See Mennella*, 2019 WL 1429636, at *7 ("[A] defining factor of negligence and personal injury claims against an airline is that an employee's performance of his duties caused a plaintiff some specific physical, mental, or emotional injury."). Here, Plaintiff's SAC is simply devoid of any factual allegations indicating how Defendant's purported negligence caused Plaintiff to trip and fall. *See generally* SAC. As a result, Plaintiff has failed to plead factual content sufficient to allow the Court to draw the inference that Defendant is liable for the misconduct alleged. *See Sequeira*, 2017 WL 6557427, at *3.

IV.     **CONCLUSION**

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 33) is GRANTED. Plaintiff's Second Amended Complaint (ECF No. 31) is DISMISSED WITHOUT PREJUDICE. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff is granted leave to file an amended complaint within twenty-one (21) days of the date of this Order. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __31st__ day of July, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record