UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC. (FLIGHT #2984), a Foreign Profit Corporation

        Defendant.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO *PRO SE* PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SECURE COUNSEL AND AMEND COMPLAINT

Defendant Frontier Airlines, Inc. ("Defendant") respectfully requests that this Court deny *Pro Se* Plaintiff's Motion for Extension of Time to Secure Counsel and Amend Complaint (the "Second Motion for Extension of Time") for the following four reason: **(i)** the requested extension amounts to a 110-day extension for Plaintiff to lodge her complaint now for a *fourth* time; **(ii)** Plaintiff herself is a member of the Florida Bar; **(iii)** Plaintiff was using an attorney named Donnie King, Esq, from Akerman LLP (her third attorney) to communicate and receive messages on behalf of Plaintiff from August 27, 2024 until October 3, 2024, and has otherwise failed to set forth good cause regarding any efforts she undertook to obtain a fourth lawyer; and **(iv)** Plaintiff failed to comply with Local Rule 7.1's meet-and-confer requirements. For any of these reasons, the Second Motion for Extension of Time [DE 50] should be denied and the case closed with prejudice. In further support, Defendant states as follows:

### PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND A FOURTH TIME

1. Plaintiff has filed three different version of a complaint in an attempt to state a cause of action and is now asking this Court for a 110-day extension to file a *fourth* complaint after her

last was one was dismissed.

2. Specifically, Plaintiff amended her complaint on the following dates to continually evade Defendant's Motion to Dismiss before her case was ultimately dismissed:

    a. Aug. 30, 2023[1] – Plaintiff's Complaint [DE 1-1].
    b. Oct. 6, 2023 – Defendant's Motion to Dismiss Compl. [DE 15].
    c. Oct. 17, 2023 – Plaintiff's Amended Complaint [DE 20].
    d. Nov. 16, 2023 – Defendant's Motion to Dismiss Am. Compl. [DE 26].
    e. Nov. 29, 2023 – Plaintiff's Second Amended Complaint [DE 31].
    f. Dec. 13, 2023 – Defendant's Motion to Dismiss Sec. Am. Compl. [DE 33].
    g. July 31, 2024 – Order Granting Defendant's Motion to Dismiss [DE 47].

3. This Court already granted Plaintiff a 45-day extension to find a new attorney and amend her complaint by October 4, 2024. [*See* DE 49.] Plaintiff failed to meet that deadline.

4. What Plaintiff is essentially telling this Court is that since she filed her initial complaint in state court on March 21, 2023 – **562 days ago** – that she still needs more time to find both an attorney willing to take her case, and time to amend her complaint for a ***fourth*** time.

5. Respectfully, Plaintiff is out of time and any further delay only prejudices Defendant for having to continually monitor an alleged pending claim that has not gotten past the pleadings stage, and which required Defendant to undergo significant non-party discovery before the Plaintiff's Second Amended Complaint was dismissed.

6. Accordingly, the Second Motion for Extension of Time [DE 50] should be denied.

### PLAINTIFF HERSELF IS A MEMBER OF THE FLORIDA BAR

7. The Court should also deny Plaintiff's Second Motion for Extension of Time [DE 50] because it is premised on the idea that Plaintiff needs time to find an attorney, but fails to acknowledge to the court that ***she is an attorney*** and member of the Florida Bar (FBN 125643).

---

[1] Plaintiff originally filed her Complaint on March 21, 2023, in state court under Case No. 2023-010175, in the 11th Judicial Circuit, in and for Miami-Dade County, before it was timely removed to federal court.

8. Plaintiff is not a *pro se* litigant that can claim to be unfamiliar with the litigation process. She is an attorney and previously worked for a law firm (Akerman LLP) before opening her own practice under the name RPB Law Firm. *See* https://www.rebeccabeliard.com/ (last visited Oct. 3, 2024). This is not a litigant that is unfamiliar with the judicial process and seriousness of complying with court orders timely.

9. Because Plaintiff is an attorney, the Court should not grant Plaintiff an additional 45 days (totaling 110 since the dismissal) to "engage new counsel in order to amend the complaint by the deadline" and should deny the Plaintiff's Second Motion for Extension of Time [DE 50].

**PLAINTIFF WAS USING AN ATTORNEY FROM AUG. 27, 2024 UNTIL OCT. 3, 2024**

10. Plaintiff has now used three attorneys on this case and now claims she needs time to find a fourth attorney. Her first two attorneys -- Brandon E. Stein and Geralda David – were discharged on August 16, 2024 [DE 49].

11. On August 27, 2024, undersigned counsel received a phone call from a new, third attorney named Donnie King, Esq. at Akerman LLP. He indicated he was calling on behalf of Plaintiff, Rebecca Beliard. Mr. King then followed up that phone call with an email to undersigned counsel that same date on Ms. Beliard's behalf.

12. Mr. King then called undersigned counsel on Sept. 5, 6, 24 and 25 – all in connection with Ms. Beliard's claims.

13. Mr. King also emailed undersigned counsel on Sept. 26 and Oct. 2 on behalf of Ms. Beliard in connection with settlement offers being exchanged between the parties.

14. Undersigned counsel was never advised by Mr. King that Ms. Beliard had a medical issue, or that she would be seeking additional time to find new counsel.

15. For Plaintiff to now ask this Court for more time to find an attorney is disingenuous

when she in fact was using an attorney from August 27 until October 3, 2024, to communicate with undersigned counsel.

16. Glaringly absent from Plaintiff's Second Motion for Extension of Time [DE 50] is any indication or evidence that Plaintiff was attempting to secure additional counsel and was having difficulties. In fact, there is <u>no mention</u> of any efforts Plaintiff has undertaken to comply with the Court's Order since July 31, 2024, other than a passing reference to undisclosed "health issues." There is no mention of when these health issues arose, and why Plaintiff was not able to otherwise secure counsel before this issue arose.

17. In any event, Plaintiff's health issues did not actually prevent her from finding an attorney because she had attorney Donnie King, Esq. communicating with undersigned counsel from August 27 until October 3, 2024.

18. For these reasons, Plaintiff's Second Motion for Extension of Time [DE 50] should be denied.

## **PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 7.1**

19. Local Rule 7.1(a)(3) requires a pre-filing conference prior to filing any motion, with the exception of a limited few not relevant here. Specifically, it states in relevant part:

> Pre-filing Conferences Required of Counsel. **Prior to filing any motion in a civil case**, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, for pro hac vice admission, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award, **counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion**. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel

for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. **Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.**

*See* L.R. 7.1(a)(3) (emphasis added).

20. Local Rule 1.1 makes clear that "When used in these Local Rules, the word 'counsel' shall be construed to **apply to a party if that party is proceeding pro se**." *See Foreman v. City of Fort Lauderdale*, No. 22-CV-61846-RAR, 2022 WL 16540180, at *1 (S.D. Fla. Oct. 28, 2022) ("Even Plaintiffs appearing *pro se* are required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure)).

21. As indicated in Local Rule 7.1, this Court has the power to "**deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.**"

22. Because Plaintiff is now asking for a ***fourth*** attempt to lodge her Complaint without following this Court's local rules, and considering it's been 562 since Plaintiff first commenced her lawsuit, Plaintiff's Second Motion for Extension of Time [DE 50] should be denied.

23. Put simply, Plaintiff has had plenty of time to find an attorney since she started this litigation and her recent failure to find an attorney is not the result of any excusable neglect.

WHEREFORE, Defendant respectfully requests that this Court: (i) deny Plaintiff's Second Motion for Extension of Time [DE 50]; (ii) close the case with prejudice, and (iii) grant all other relief as necessary and equitable.

Dated: October 3, 2024

Respectfully submitted,
HOLLAND & KNIGHT LLP

*/s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208
joshua.levenson@hklaw.com
Holland & Knight LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Phone: (954) 525-1000
Fax: (954) 463-2030
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 3, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Rebecca Beliard
RPB Law, PLLC
121 NE 34th St Unit 2714
Miami, FL 33137-3886
Email: hello@rebeccabeliard.com;
rebecca@rebeccabeliardesq.com;
rebecca@rebeccabeliard.com
**[ via E-mail ]**

By: */s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208