UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23321-KMM

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC.
(FLIGHT #2984),
a Foreign Profit Corporation,

        Defendant.

_____/

Plaintiff demands trial by jury

FILED BY _____ D.C.
OCT 04 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## THIRD AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, REBECCA BELIARD, *pro se*, and sues Defendant, FRONTIER AIRLINES INC., (Flight #2984), a Foreign Profit Corporation, and alleges as follows:

### JURISDICTION AND PARTIES

1. At all times material hereto, Plaintiff, REBECCA BELIARD was an adult and a natural person residing and domiciled in Miami-Dade County, Florida and is otherwise *sui juris*. Plaintiff is a citizen of the United States and Florida.

2. At all times material hereto, Defendant FRONTIER AIRLINES INC., (Flight #2984), a Foreign Profit Corporation, is authorized, licensed, and doing business in the State of Florida, and doing business in Miami-Dade County, Florida. For jurisdictional purposes[1], it is not incorporated in Florida and its principal place of business is not Florida.

3. Defendant FRONTIER AIRLINES, INC. ("Frontier") owned, controlled, operated, managed, and/or maintained FRONTIER AIRLINES FLIGHT #2984, at the premises at MIAMI INTERNATIONAL AIRPORT located at 2100 NW 42nd Ave, Miami, FL 33142.

4. Venue is proper in Miami-Dade County, Florida because the incident which is the subject of this Complaint occurred in Miami-Dade County, Florida.

5. As alleged below, this case exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

### OPERATIVE FACTS

6. On or about May 20, 2022, Plaintiff, REBECCA BELIARD, in reliance upon

---

[1] This case was removed from state court.

1

Defendant FRONTIER AIRLINES, INC.'s representations of a safe and orderly travel experience, boarded Frontier Airlines aircraft, Flight #2984, at Miami International Airport, Florida, for a direct flight to Baltimore, scheduled to depart at 6:00 am, hereinafter referred to as the "Subject Flight."

7. In a cautious and prudent effort to protect her own health and safety amidst a global health crisis, Plaintiff, REBECCA BELIARD, deliberately chose to remain in the boarding area until the majority of passengers had boarded the flight, thereby seeking to minimize her exposure to crowded conditions and adhere to public health guidelines.

8. Upon the announcement of final boarding by the gate agent, Plaintiff, REBECCA BELIARD, in compliance with boarding protocols, presented her ticket and approached the gate agent to board the flight, expecting a boarding process conducted with due care and attention to passenger safety.

9. The Subject Aircraft was a small aircraft, characterized by a confined cabin area with a single aisle, which necessitated careful navigation and management by Defendant's Flight Attendant staff to ensure passenger safety during boarding.

10. During the boarding process, Plaintiff, REBECCA BELIARD, became aware of the obstructed aisle that compelled Plaintiff to momentarily cease her advance toward her seat until such a time that the aisle was rendered clear, thereby ensuring her safe passage.

11. Despite Plaintiff, REBECCA BELIARD, communicating her concern to Defendant's Flight Attendants, Plaintiff was subjected to unwarranted, aggressive, unsafe and improper instructions and commands from Defendant's Flight Attendants to disregard the clear obstacles of both a passenger and their luggage blocking the aisle and was improperly instructed to proceed to her seat.

12. Plaintiff respectfully rejected Defendant's Flight Attendants' demands and opted to remain in the aisle, awaiting a safer opportunity to proceed to her seat once the aisle was cleared.

13. Instead of Defendant's Flight Attendant upholding FAA regulations which require flight attendants to maintain clear aisles and ensuring a safe environment for passengers, Defendant's flight attendant acted in direct contradiction of FAA regulations and aggressively urged, commanded, and improperly instructed Plaintiff to bypass the obstruction, neglecting the safety and well-being of Plaintiff.

14. Plaintiff REBECCA BELIARD, once again, conveyed the impossibility of safe passage due to the blocked aisle and the confined space, yet was met with further coercion and improper and unsafe instructions and commands by Defendant's Flight Attendants to disregard her safety concerns and hurry to her seat, in an unreasonable and unsafe manner.

15. The flight attendant was well aware of the dangerous conditions, and yet disregarded

such conditions and still ordered Plaintiff to move into the dangerous area. The incident and harm that ensued was wholly foreseeable.

16. The flight attendant had a duty to be aware of such dangerous conditions, and to keep passengers safe and free from such dangerous conditions and keep aisles clear for any hazards and a duty to render aid in emergency situations.

17. Moreover, the flight attendants had a duty of reasonable care, meaning the care that a reasonably careful, prudent, and cautious person would use under the circumstances.

18. Due to the situation (boarding an airplane), Plaintiff was not at liberty to disregard crewmember commands.

19. Plaintiff, REBECCA BELIARD cognizant of the Federal Aviation Administration's regulations mandating compliance with instructions from Defendant's flight attendants, feared violating regulations due to her initial refusal to follow the Defendant's flight attendant's improper and unsafe instructions.

20. Accordingly, and as <u>ordered</u> by the flight attendant (<u>see</u>, <u>e. g.</u> 14 CFR §§ 91.11 and 121.580), plaintiff moved forward, causing her to fall as she attempted to navigate the obstacles. Put another way, the flight attendant ordered and compelled her to move directly into a fall hazard, which then caused her to fall.

21. After Plaintiff's fall, which was a direct result of the Flight Attendant's improper and unsafe instructions, Plaintiff requested assistance, however, Defendant's Flight Attendant failed to render aid and prioritized seating all passengers immediately for takeoff.

22. Unable to stand on her own or collect the items that had scattered from her bag, including her ID and other cards, Plaintiff had to rely on fellow passengers for help, which further delayed the boarding process and caused additional frustration among the Flight Attendant staff.

23. Moreover, Plaintiff was obligated to follow crewmembers' commands under the Frontier Airlines Contract of Carriage. In sum, she was ordered to move into a dangerous place and had no choice. Put another way, the flight attendant knew that her commands would force Plaintiff into a dangerous condition and put her in danger, and yet issued the commands and forced the Plaintiff to comply with them.

24. Consequently, in Plaintiff's attempt to adhere to Defendant's unsafe and improper instructions and commands, Plaintiff sustained grave injuries, including a torn ACL and meniscus, necessitating extensive surgery and continued physical therapy, all of which occurred as direct result of Defendant's Flight Attendant's improper instruction.

25. Plaintiff also sustained other extensive injuries, which include, but are not limited to, mental pain, suffering, and anguish, anxiety, inconvenience, physical pain, and a prolonged course

of physical therapy.

26. A special relationship existed between Plaintiff, Rebecca Beliard, and Defendant, Frontier Airlines, Inc., wherein the Plaintiff entrusted herself to the protection and safety Defendant's flight attendants.

## DUTY, BREACH, AND DAMAGES

27. Defendant Frontier Airlines, Inc. is a common carrier as defined by law.

28. Defendant Frontier Airlines, Inc. owed a duty to exercise the highest degree of care to safely transport its passengers, including Plaintiff, Rebecca Beliard, and protect them while in transit on its aircraft.

29. Defendant Frontier Airlines, Inc. owed a duty to warn passengers, including Plaintiff, Rebecca Beliard, against dangerous conditions known or reasonably ascertainable by Defendant Frontier Airlines, Inc.

30. Defendant Frontier Airlines, Inc. owed a duty to train its flight attendants to not give improper and unsafe instructions and directions to Frontier Airlines passengers during the boarding process.

31. Defendant Frontier Airlines, Inc. owed a duty to render aid and care to Frontier Airlines passengers.

32. Defendant Frontier Airlines, Inc. breached its duties to its passengers, including Plaintiff Beliard, when its flight attendants coerced, forced, ordered, pressured, and provided improper instruction to Plaintiff Beliard to navigate a blocked aisle during the boarding process despite clear safety hazards and without providing necessary assistance or ensuring the aisle was clear for safe passage.

33. All flight attendants, as well as the airline itself, breached their duties as described in this Complaint.

34. Despite Plaintiff's express concerns about an obstructed aisle posing a risk to safe passage, Defendant's Flight Attendants repeatedly issued improper instructions and orders, coercing Plaintiff into ignoring this hazard and proceeding to her seat in a rushed and unsafe fashion.

35. The unsafe and improper instructions and directive failed to account for the safety of Plaintiff, violating the standard of care expected in managing passenger boarding, especially in the context of a small, confined aircraft cabin.

36. The breach was further exacerbated by the Defendant's failure to ensure its Flight Attendants were adequately trained to handle such situations, prioritizing timely departure over passenger safety.

37. The Defendant's flight attendants' failure to manage the boarding process safely, including unsafe and improper instruction to Plaintiff to proceed through a hazardous condition without ensuring a clear passage, constitutes a breach of the aforementioned duties.

38. Moreover, the Defendant's failure to render assistance resulted in further delays for the Plaintiff in receiving medical care, as she was unable to provide her ID and insurance information, having lost these items during the incident on the airplane, with no help from the flight crew in recovering them or assistance.

39. All Frontier personnel had a duty to keep the aisle clear and otherwise ensure safe boarding conditions, but failed to do so.

40. Defendant's flight attendants failed to fulfill their federally mandated responsibilities, which include maintaining clear aisles and ensuring a safe environment for passengers, as outlined in FAA regulations, which require flight attendants to conduct pre-flight safety briefings, perform safety checks to ensure aisles and exits are clear, and continuously monitor the cabin to address any hazards.

41. The Defendant's flight attendants' actions disregarded the heightened duty of care owed to Plaintiff, exposing her to unnecessary risk and danger.

42. The negligent conduct of Defendant, specifically the improper instructions and orders issued by its Flight Attendants, proximately caused Plaintiff's injury.

43. As a direct and proximate result of the fault and negligence of Defendant's flight attendants, Plaintiff Rebecca Beliard suffered severe and permanent injuries because she was ordered to bypass a safety hazard—the blocked aisle—without providing necessary assistance or waiting until the aisle was cleared, Defendant created a situation that directly led to Plaintiff's fall incident and further delayed received medical care.

44. This causal connection is evident as the injury occurred in the immediate attempt to comply with the Flight Attendants' orders, under conditions that Defendant had a duty to manage safely.

45. As a direct consequence of Defendant's flight attendants' failure to fulfill their duty of exercising the highest degree of care and their negligence in safeguarding Plaintiff from conditions that were known or should have been reasonably identified as dangerous, Plaintiff, REBECCA BELIARD, sustained injuries, including but not limited to, severe bodily harm, enduring pain and suffering, permanent disability, disfigurement, profound mental anguish, diminished capacity to enjoy life, extensive surgery, more than a year of physical rehabilitation, an ongoing inability to engage in activities previously engaged in prior to injury, significant medical costs, and a loss of income and earning potential are a direct consequence of the flight attendants' breach of

5

their duty to exercise the highest degree of care and their failure to protect Plaintiff from known or reasonably ascertainable dangerous conditions.

46. The quantifiable damages associated with these injuries are substantial, affirming the significant impact of Defendant's negligence on Plaintiff's life and well-being.

47. As to special damages, Plaintiff alleges the following:
    a. Approximately $125,000 in lost wages;
    b. approximately $10,000 for medical treatment and alternative forms of therapy for relief of pain;
    c. approximately $3,000 for transportation costs due to the inability to drive to medical appointments and other locations for an extended period; and
    d. approximately $2,000 for home care assistance.

48. The total for these damages is approximately $140,000.

49. Plaintiff demands in excess of two million dollars ($2,000,000) in damages from Frontier Airlines, Inc.

WHEREFORE, Plaintiff, REBECCA BELIARD, demands judgment against Defendant, FRONTIER AIRLINES, INC., for her injuries and losses, costs incurred in this action, and any other relief deemed just and proper by the Court. Plaintiff further demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff, REBECCA BELIARD demands a trial by jury on all issues so triable.

**Certificate of Service:** Pro se plaintiff respectfully requests to communicate via email as Plaintiff does not have access to electronic filing system.

Rebecca Beliard (Oct 4, 2024 15:16 EDT)
Rebecca Beliard
121 NE 34th Street
Apt 2714
Miami, FL 33137
Email: Rebecca@rebeccabeliard.com

Date: October 4, 2024

Counsel for defendant is:

6

**SERVICE LIST:**
Joshua R. Levenson, Esq.
FBN: 56208
HOLLAND & KNIGHT, LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Email: Joshua.levenson@hklaw.com

Date: October 4, 2024

# Beliard Third Amended Complaint 10.4.24

Final Audit Report                                                                 2024-10-04

| | |
|---|---|
| Created: | 2024-10-04 |
| By: | Rebecca Beliard (hello@rebeccabeliard.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAsfYeCkS37u89XI2DUEnjuMqhohqFU-pV |

## "Beliard Third Amended Complaint 10.4.24" History

- Document created by Rebecca Beliard (hello@rebeccabeliard.com)
  2024-10-04 - 7:14:52 PM GMT

- Document emailed to rebecca@rebeccabeliard.com for signature
  2024-10-04 - 7:14:57 PM GMT

- Email viewed by rebecca@rebeccabeliard.com
  2024-10-04 - 7:15:53 PM GMT

- Signer rebecca@rebeccabeliard.com entered name at signing as Rebecca Beliard
  2024-10-04 - 7:16:14 PM GMT

- Document e-signed by Rebecca Beliard (rebecca@rebeccabeliard.com)
  Signature Date: 2024-10-04 - 7:16:16 PM GMT - Time Source: server

- Agreement completed.
  2024-10-04 - 7:16:16 PM GMT

Adobe Acrobat Sign