UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,
                    Plaintiff,
vs.

FRONTIER AIRLINES, INC. (FLIGHT
#2984), a Foreign Profit Corporation
                    Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendant Frontier Airlines, Inc. ("Defendant") respectfully submits this motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Rebecca Beliard's ("Plaintiff") Third Amended Complaint ("TAC") [ECF No. 52].

Plaintiff has now filed *four* different versions of a complaint over the past 18 months in an attempt to state a cause of action against Frontier where none otherwise exits. This Court dismissed Plaintiff's Second Amended Complaint for failing to meet the basic negligence standard because: "Plaintiff does not appear to allege that Defendant's flight attendants ever made physical contact with Plaintiff," and verbal instructions directed at Plaintiff to secure her luggage and take her seat is insufficient to state a claim. [ECF No. 47]. In response to the Court's order, Plaintiff now, on her fourth attempt to state a cause of action, modified the factual allegations set forth in the prior iterations of her complaint in an overt attempt to plead around this Court's prior dismissal Order, which is not permitted under the Federal Rules, and should be ignored entirely. Notwithstanding these evolving facts, **Plaintiff still concedes that she was never touched by any flight attendant of Defendant.**

Consistent with this Court's previous order, Plaintiff's fourth iteration of the pleading should be dismissed because: (i) Plaintiff's common law negligence claim fails to meet the negligence standard under Florida law in that (a) Plaintiff still fails to allege with any sufficiency that Defendant breached any duty of care or caused Plaintiff's injuries; (b) any claim for negligent training likewise fails to meet the requisite standard of care; and (c) notwithstanding being labeled as a claim for "negligence," Plaintiff's Third Amended Complaint purports to assert a premises liability claim; however, Plaintiff falls short of alleging that the premises was dangerous or that there was a concealed danger; and (ii), to the extent alleged, state-law claims are otherwise preempted by the Federal Aviation Act of 1958.

## FACTS ALLEGED IN THE THIRD AMENDED COMPLAINT

Plaintiff seeks damages for alleged injuries as a result of her alleged fall on a Frontier flight on May 20, 2022 while trying to take her seat because she felt rushed during the boarding process.

In Plaintiff's initial Complaint [ECF No. 1], Amended Complaint [ECF No. 20] and Second Amended Complaint [ECF No. 31], Plaintiff **never mentioned there was an alleged hazard or obstruction on the floor** that caused her to trip and fall – just that she felt "rushed" and fell while trying to take her seat. Indeed, Plaintiff told this Court when responding to Defendant's Motion to Dismiss the Second Amended Complaint that, "*This case is not, as Frontier suggests, based on premises liability or a dangerous condition with the aircraft itself.*" *See* Pl.'s Resp., ¶ 2 [ECF No 43]. But once the Court dismissed Plaintiff's Second Amended Complaint because she failed to allege sufficient facts to show that any duty was breached, Plaintiff now—***for the first time in four attempts***—claims there was luggage in the aisle—that she saw, but nonetheless walked into and allegedly fell. It is a blatant attempt to plead around this Court's dismissal order: these newly-added contradictory facts some 18-months after the filing of the initial Complaint should be disregarded.

Specifically, Plaintiff alleges that while she was boarding Frontier Airlines, Flight No. 2984 ("Flight 2984") from Miami, Florida to Baltimore, Maryland, she became aware of the aircraft's "obstructed aisle" stopping her in her advance to her seat.  *See* TAC ¶ 10.  Plaintiff claims she was "subjected to unwarranted, aggressive, unsafe and improper instructions and commands from Defendant's Flight Attendants to disregard the clear obstacles of both a passenger and their luggage blocking the aisle and was improperly instructed to proceed to her seat."  *Id.* ¶ 11.  After rejecting the flight attendants' instructions, Plaintiff alleges Defendant's flight attendants "aggressively urged, commanded, and improperly instructed Plaintiff to bypass the obstruction . . ." to take her seat.  *Id.* ¶¶ 12-13.  After Plaintiff "was met with further coercion and improper and unsafe instructions and commands by Defendant's Flight Attendants . . . [P]laintiff moved forward, causing her to fall as she attempted to navigate the obstacles."  *Id.* ¶¶ 14, 20.  As a result, Plaintiff claims, *inter alia*, she sustained grave injuries and seeks over $2M because she was not careful in trying to step over alleged luggage she saw before trying to walk around it. *See id.* ¶¶ 24-25, 45, 49.

Plaintiff purports to assert one state law claim for common carrier negligence against Defendant.  In support, Plaintiff asserts that Defendant owed the following duties: "exercise the highest degree of care" to safely transport and protect Plaintiff while in transit on its aircraft; "to warn passengers, including Plaintiff, Rebecca Beliard, against dangerous conditions known or reasonably ascertainable by Defendant;" "to train its flight attendants to not give improper and unsafe instructions and directions to Frontier Airlines passengers during the boarding process;" and "to render aid and care to Frontier Airlines passengers."  *See id.* ¶¶ 28-31.  Plaintiff alleges Defendant breached its duties to Plaintiff "when its flight attendants coerced, forced, ordered, pressured, and provided improper instruction to Plaintiff Beliard to navigate a blocked aisle during

the boarding process despite clear safety hazards and without providing necessary assistance or ensuring the aisle was clear for safe passage." *Id.* ¶ 32.

To be clear—as with Plaintiff's prior iterations of her complaint—**there remains no allegation that any of Defendant's flight attendants physically touched Plaintiff**, only that Plaintiff subjectively felt "coerced, forced, ordered, pressured" by Defendant's flight attendants' verbal commands to take her seat prior to takeoff. *Id.* ¶ 32. Moreover, the only allegation about a purported dangerous condition was a "passenger and their luggage" that blocked the aisle to Plaintiff's seat—**which was added 18-months after the initial pleading and in any event was open and obvious to Plaintiff and by her own admission**. *See id.* ¶¶ 10, 11.

## PROCEDURAL HISTORY

On March 21, 2023, Plaintiff filed her claims against Frontier Group Holdings, Inc., incorrectly named as Frontier Holdings Group, Inc., in the Eleventh Judicial Circuit in and for Miami County, Florida. On July 31, 2023, Plaintiff served Frontier Group Holdings [ECF No. 1-3, p. 38.]. On August 30, 2023, Defendant timely removed the action to the Southern District of Florida on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) [ECF No. 1.] On October 9, 2023, Plaintiff filed her Motion for Leave to Amend Complaint and Case Caption [ECF No. 16]. The proposed amendment dropped Frontier Group Holdings and added Frontier Airlines, Inc., as the named Defendant. On October 10, 2023, the Court entered its Paperless Order [ECF No. 19], granting Plaintiff's Motion for Leave to Amend Complaint and Case Caption. Plaintiff filed her Amended Complaint adding Frontier Airlines, Inc. on October 17, 2023 [ECF No. 20]. Thereafter, the parties executed a joint stipulation on October 19, 2023, agreeing to a waiver of service of process and stipulating that Defendant will serve its response to the Amended Complaint on or before November 16, 2023 [ECF No. 22].

Defendant filed a motion to dismiss Plaintiff's First Amended Complaint [ECF No. 26] on November 26, 2023; in response, Plaintiff filed a Motion for Leave to File a Second Amended Complaint [ECF No. 28], which the Court granted on November 29, 2023 [ECF No. 28].  Later that same day (i.e., Nov. 29, 2023), Plaintiff filed her Second Amended Complaint [ECF No. 31]. Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 33] on December 13, 2023.  Plaintiff filed her Response to Defendant's Motion to Dismiss Second Amended Complaint on January 16, 2024 [ECF No. 43], after which Defendant filed its Reply on January 23, 2024 [ECF No. 44].

This Court granted Defendant's motion to dismiss the Second Amended Complaint without prejudice an Order on July 31, 2024 ("Order") [ECF No. 47].  The Order stated, among other things, that Plaintiff's generic allegations that Frontier "failed to ensure the safe, controlled, and secured boarding of the [aircraft]" and "failed to exercise reasonable efforts to ensure the proper safety measures had been taken to effectuate a safe boarding process …" are insufficient to state a claim for negligence against Frontier.  *Id.* at 7.  The Order emphasized that "Plaintiff does not appear to allege that Defendant's flight attendants ever made physical contact with Plaintiff," and deemed verbal instructions directed at Plaintiff to secure her luggage and take her seat insufficient to state a claim. *Id.*  Importantly, this Court concluded that Plaintiff failed to show any negligence by Frontier that *caused* her to trip and fall.  The Order provided Plaintiff with 21 days to amend her complaint.

Following the Order, on August 15, 2024, Plaintiff's prior counsel filed a motion to withdraw as counsel of record and motion for extension of time for leave to file yet another amended complaint [ECF No. 48], which the Court granted on August 16, 2024, providing Plaintiff until October 4, 2024 to file an amended complaint [ECF No. 49].  Then, on October 3, 2024,

Plaintiff (proceeding *pro se*) filed a Motion for Extension of Time to Secure Counsel and Amend Complaint [ECF No. 50] requesting an extension of 45 days (*totaling 110 days since the dismissal*) to "engage new counsel in order to amend the complaint by the deadline" because Plaintiff (an attorney) claimed she needed additional time.  That same day, Defendant filed a Response in Opposition to *Pro Se* Plaintiff's Motion for Extension of time to Secure Counsel and Amend Complaint [ECF No. 51] explaining that Plaintiff was improperly seeking additional time to find a fourth attorney and file a fourth iteration of her complaint under the vague and unsupported allegation of "ongoing heath issues."

Plaintiff, a Florida-barred attorney herself and now *pro se*, filed her Third Amended Complaint on October 4, 2024 [ECF No. 52].

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The Court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Where, however, allegations in an amended complaint are inconsistent with and contradict allegations from a prior complaint, the Court should not afford the amended allegations the presumption of truth. *See, e.g.*, *Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171–72 (D.D.C. May 8, 2013) (noting a plaintiff "may not plead facts in their amended complaint that contradict those

in their original complaint."); *Kant v. Columbia Univ.*, No. 08 CIV. 7476 (PGG), 2010 WL 807442, at *8 (S.D.N.Y. Mar. 9, 2010) ("Courts are free to consider direct contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend, particularly when the proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed."); *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CIV 0400 (NRB), 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (when a plaintiff "blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . a court is authorized to accept the facts described in the original complaint as true.") (internal quotations and citations omitted); *see also Gause v. Chase Home Finance LLC*, 09–CV–4886, 2010 WL 843945, at *2 (E.D.N.Y. Mar. 9, 2010) (amended complaint's jurisdictional allegations that contradicted original compliant were "frivolous at best, and arguably outright malicious"); *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2017 WL 7796306, at *3 (S.D. Fla. Nov. 1, 2017).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007).  A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Fed. R. Civ. P. 8(a)(2) requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." O*xford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## **LEGAL ARGUMENT**

## I.    **PLAINTIFF'S NEGLIGENCE CLAIM FAILS, AS PLED, UNDER STATE LAW**

Plaintiff's negligence claim should be dismissed for failing to meet the exacting standard for negligence under Florida law.  *See Taylor v. Royal Caribbean Cruises, Ltd.*, No. 20-14754,

2021 WL 3502626, at *4 (11th Cir. 2021) (affirming dismissal of an amended complaint because plaintiff failed to adequately plead her negligence claims).  While Plaintiff tries to commingle several alleged "duties" into a single cause of action – here, for example, she alleges a generic duty to "warn", "train", "render aid" – she never articulates sufficient facts as to *how* those alleged duties *caused* Plaintiff to trip over a piece of luggage she allegedly saw before advancing down the aisle.

*First*, this Court dismissed Plaintiff's Second Amended Complaint for failing to allege sufficient facts to support her negligence claim.  Plaintiff's Third Amended Complaint does not fix the deficiencies outlined by this Court.  As set forth in the Order:

> Plaintiff fails to plead factual content sufficient to allow the Court to draw the inference that Defendant breached any duty to Plaintiff. **Plaintiff does not appear to allege that Defendant's flight attendants ever made physical contact with Plaintiff.** *See generally* SAC. Rather, as best the Court can tell, Plaintiff alleges that Defendant breached its duty to Plaintiff when Defendant's flight attendants verbally instructed Plaintiff to secure her carry-on luggage and take her seat. See id. ¶¶ 8, 10. Dismissal of an action is appropriate "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. **Here, the Court finds Plaintiff's conclusory and threadbare allegations insufficient to support a plausible finding of breach by Defendant**. *See Sequeira*, 2017 WL 6557427, at *3 ("[E]ven assuming that American Airlines had a duty to exercise reasonable care, Sequeira has not sufficiently alleged that American Airlines breached that duty.").

*See* Order at 7 (emphasis added).  This Court also concluded correctly that "Plaintiff's SAC is simply devoid of any factual allegations indicating how Defendant's purported negligence caused Plaintiff to trip and fall" and therefore, Plaintiff "failed to plead factual content sufficient to allow the Court to draw the inference that Defendant is liable for the misconduct alleged." *Id.* at 8.

Plaintiff's Third Amended Complaint is no different: it commingles, in the most generic sense, various "duties" hoping this Court will assume that a cause of action was stated even though the *causation* of Plaintiff's fall was, by her own admission, her own fault.  For all of the reasons this Court already found, Plaintiff's Third Amended Complaint should be dismissed.

Plaintiff predicates her claim of "negligence" on the fact that Defendant's flight attendants "coerced, forced, ordered, pressured, and provided improper instruction to Plaintiff" (*same as her Second Amended Complaint*) to navigate a blocked aisle during the boarding process.  *See* TAC ¶ 32.  Further, Plaintiff alleges that Defendant's flight attendants "repeatedly issued improper instructions and orders, coercing Plaintiff into ignoring this hazard and proceeding to her seat in a rushed and unsafe fashion" and that these alleged improper instructions and orders issued by Defendant's flight attendants proximately caused Plaintiff's injury.  *Id.* ¶¶ 34, 42.  Again, the Third Amended Complaint is devoid of any allegations that Defendant's flight attendants touched Plaintiff, *only that* Plaintiff subjectively felt "pressured" during the boarding process.  This is not the scenario where the law contemplates recovery, as noted in the Order from this Court.

*Second*, the only "new" material allegation in the Third Amended Complaint is that Plaintiff claims there was luggage in the aisle that Plaintiff saw but walked into and allegedly fell. Manufacturing a "new" fact **for the first time in four attempts** to plead a cause of action some ***577 days after her initial Complaint*** was filed is improper and appears to be nothing more than an attempt to plead around this Court's dismissal Order.  To be clear, in all prior iterations, Plaintiff **never mentioned there was an alleged hazard or obstruction on the floor** that caused her to trip and fall – just that she felt "rushed."  Indeed, Plaintiff told this Court when responding to Defendant's Motion to Dismiss the Second Amended Complaint that, "*This case is not, as Frontier suggests, based on premises liability or a dangerous condition with the aircraft itself.*"  *See* Pl.'s Resp., ¶ 2 [ECF No 43].  This new allegation should not be afforded any weight by this Court. *See, e.g.*, *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *6 (finding a court may disregard contradictory allegations in an amended pleading and accept the facts described in the initial complaint as true).

*Third*, for the reasons that follow, Plaintiff continues to fail to meet the exacting negligence pleading standards.

### A.  Plaintiff Continues To Fail To State A Claim For Negligence

Plaintiff has failed to plead the elements of breach and causation for her purported negligence claim.  A claim for negligence under Florida law consists of four elements: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Sequeira v. GEICO Gen. Ins. Co.*, No. 16-24542-CIV, 2017 WL 6557427, at *3 (S.D. Fla. Apr. 7, 2017); *see also Alvarez v. E&A Produce Corp.*, 708 So. 2d 997, 1000 (Fla. 3d DCA 1998) ("To successfully raise a claim in negligence, a complaint must contain ultimate facts supporting each element of the negligence cause of action.").

Plaintiff has failed to sufficiently allege that Defendant breached *any* duty owed to Plaintiff.  In conclusory fashion, Plaintiff alleges only that Defendant breached its duty of care in failing to manage the boarding process safely by coercing, forcing, ordering, pressuring, and providing improper instruction to Plaintiff to navigate a blocked aisle during the boarding process. *See* TAC ¶¶ 32, 37.  And that the Defendant's flight attendants' instructions violated the standard of care expected in managing passenger boarding and that this alleged breach "was further exacerbated by the Defendant's failure to ensure its Flight Attendants were adequately trained to handle such situations." *Id.* ¶¶ 35-36.

Put differently, as she did in three prior iterations of the pleading, Plaintiff's alleged "breach" centers on the allegation that Defendant's flight attendants **verbally** directed Plaintiff to take her seat on the flight.  In doing so, Plaintiff again omits any allegations that Defendant's flight attendants touched Plaintiff in any way.  As this Court already found, telling someone to take their

seat is not a breach of Defendant's duty in securing a safe and controlled boarding of the flight. Quite the opposite, Defendant's flight attendants were simply acting in accordance with their duties as flight attendants in ensuring the proper stowage of baggage and the safe boarding of passengers on the flight prior to takeoff. *See, e.g.*, 14 C.F.R. § 121.589 (2024) (Carry-on baggage); 14 C.F.R. § 121.571 (2024) (Briefing passengers before takeoff).

Similarly, Plaintiff fails to allege "causation": the purported negligent acts on the part of Frontier—verbally (i.e., no touching) instructing that the Plaintiff to take her seat prior to takeoff— did not *cause* Plaintiff to trip and fall. What *caused* Plaintiff to trip and fall was her own purported carelessness. She saw a piece of luggage, paused upon seeing it, then tried to step around it and fell. Defendant's conclusory allegation that Defendant's "flight attendant ordered and compelled [Plaintiff] to move directly into a fall hazard, which then caused her to fall" is nothing more than an attempt to rephrase a supporting allegation that this Court already considered and rejected. *See* TAC ¶ 20. The same applies to Plaintiff's conclusory assertion that the "causal connection is evident as the injury occurred in the immediate attempt to comply with the Flight Attendants orders." *See* TAC ¶ 44. As this Court previously explained, legal conclusions (such as these allegations) masquerading as facts are insufficient to avoid dismissal. *See* Order at 2 (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

Obviously, Plaintiff boarded the flight with an intention to sit in her assigned seat, and Defendant's request for her to do what she was already planning to do (i.e., sit down) was not what caused Plaintiff to walk into luggage she saw in advance. Defendant's request for Plaintiff to take her seat was not the cause of her fall. It is not improper for a flight attendant to instruct a passenger to stow baggage and take a seat, because it is the exact duty of a flight attendant. *See, e.g.*, 14 C.F.R. § 121.589 (2024). That Plaintiff felt "coerced, forced, ordered, pressured"—***but not***

*touched*—is insufficient, even at the pleading phase, to provide the necessary causation link. Under Plaintiff's theory, all flight attendants who verbally request that passengers take their seat prior to takeoff would be liable where a passenger trips and falls while taking their seat based solely on their own subjective feelings and accord.

Plaintiff's Third Amended Complaint contains no additional allegations that this Court did not already consider in dismissing her Second Amended Complaint.

### B.       Plaintiff Failed To State A Claim For Premises Liability

To the extent this Court interprets Plaintiff's Third Amended Complaint as being a claim in premises liability, Plaintiff's claim nonetheless similarly fails.  Unlike the previous iterations of Plaintiff's complaint, Plaintiff appears to be now overtly pleading a claim for premises liability. *See generally* TAC.  **To be clear, this is a complete contradiction to Plaintiff's prior complaints.**  Specifically, when Defendant requested that the Court dismiss the Second Amended Complaint on the grounds that Plaintiff failed to plead a premises liability claim, Plaintiff admitted "*[t]his case is not, as Frontier suggests, based on premises liability or a dangerous condition with the aircraft itself. Therefore, this response will focus on the claim for ordinary negligence.*" *See* Pl.'s Resp., ¶ 2 (emphasis added).  Now, some 18-months and three complaints later, Plaintiff is claiming she tripped over "the clear obstacles of both a passenger and their luggage blocking the aisle" while attempting to take her seat.  *See* TAC ¶ 11.  Plaintiff asserts that Defendant's flight attendants disregarded this "dangerous condition" and ordered Plaintiff to move into the dangerous area.  *See* TAC ¶ 15.  These evolving facts—**which Plaintiff has never alleged before**—are nothing more than a blatant and disingenuous attempt by Plaintiff to plead around this Court's Order to avoid dismissal and should not be tolerated.  *See, e.g.*, *Hourani*, 943 F. Supp. 2d at 171–72; *Kant*, 2010 WL 807442, at *8; *Colliton*, 2008 WL 4386764, at *6; *Gause*, 2010 WL 843945,

at *2.

Nevertheless, Plaintiff falls patently short of pleading a claim for premise liability. To sustain such a claim, "a plaintiff must prove the standard elements of a negligence claim: duty, breach of duty, proximate causation, and damages—with the added element that the landowner had possession or control of the premises when the alleged injury occurred." *Conner v. Marriott Hotel Servs., Inc.*, 559 F. Supp. 3d 1305, 1308 (M.D. Fla. Mar. 29, 2021) (noting that a landowner must warn of dangers on the premises and maintain the premises in a reasonably safe condition). In the context of a premises liability claim, to show a breach of the duty to protect, a plaintiff must show that the defendant "failed to maintain its property in a reasonably safe condition, or that it failed to warn the plaintiff of a concealed peril of which it either knew or should have known and which could not have been discovered by the plaintiff through the exercise of ordinary care." *Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1367–68 (S.D. Fla. Sept. 4, 2008). There is "no duty to warn when a potentially dangerous condition is open and obvious, or when the plaintiff had actual knowledge of the condition." *Kelley v. Sun Communities, Inc.*, No. 8:19-CV-1409-T-02AAS, 2021 WL 37595, at *2 (M.D. Fla. Jan. 5, 2021).

Notably, in Florida, if an alleged danger is open and obvious enough, it does not consist of a dangerous condition as a matter of law.[1] *See Ugaz,* 576 F. Supp. 2d at 1371 (noting Florida recognizes the open and obvious doctrine); *Krol v. City of Orlando*, 778 So. 2d 490, 492 (Fla. 5th DCA 2001) ("The obvious danger doctrine recognizes that owners and occupiers should be legally

---

[1] *See also Collazo v. Carnival Corp.*, No. 23-23451-CIV, 2024 WL 1554853, at *3 (S.D. Fla. Apr. 10, 2024) ("Because the Plaintiff failed to allege the dangerous condition was not open and obvious, the negligent failure to warn claim is dismissed without prejudice."); *Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1112 (S.D. Fla. July 10, 2023) ("Plaintiff at no point states or even suggests that the substance on which he slipped was not open or obvious.").

permitted to assume that the invitee will perceive that which would be obvious to them upon the ordinary use of their own senses.").  Indeed, numerous courts across Florida have applied this doctrine where conditions that caused an injury were so open and obvious that they did not constitute a hidden dangerous condition as a matter of law.  *See e.g.*, *Navarro v. Carnival Corp.*, No. 19-21072-CIV, 2020 WL 1307185, at *2 (S.D. Fla. Mar. 19, 2020) (dismissing amended complaint that failed to allege that the risk creating condition was "not open and obvious."); *Circle K Convenience Stores, Inc. v. Ferguson*, 556 So. 2d 1207, 1208 (Fla. 5th DCA 1990) (finding that an uneven parking lot surface located at a convenience store does not constitute a hidden dangerous condition); *Aventura Mall Venture v. Olson*, 561 So. 2d 319, 320 (Fla. 3d DCA 1990) (finding that six-inch sidewalk curb located at a mall is not a "concealed or latent danger"); *Yaque v. J.C. Penney Corp., Inc.*, No. 08-20923-CIV, 2009 WL 10666693, at *3 (S.D. Fla. June 18, 2009) (granting summary judgment in favor of J.C. Penney and noting that a table leg on a display table was an open and obvious condition); *see also Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. Feb. 9, 2015) (granting summary judgment in favor of cruise ship on passenger's duty to warn theory where a passenger tripped and fell over luggage in a crowded and narrow corridor while debarking the cruise ship because "both the luggage and the crowd are open and obvious conditions, thus Defendant owed no duty to warn Plaintiff of them.").

Here, Plaintiff claims that as she was boarding the flight with other passengers, and at such time, Defendant's flight attendants instructed her to "disregard the clear obstacles of both a passenger and their luggage blocking the aisle" in an effort to take her seat prior to takeoff.  *See* TAC ¶ 11.  Yet, during the boarding process, Plaintiff "became aware of the obstructed aisle" and nonetheless proceeded to take her seat anyway.  *See* TAC ¶ 10.  Thus, by Plaintiff's own admission, there was no concealed danger but instead only the open and obvious "passenger and their luggage"

that Plaintiff was able to observe through common sense and the ordinary use of eyesight.  *See Lancaster*, 85 F. Supp. 3d at 1344.  Stated differently, Plaintiff—through her own actions—failed to use ordinary care for her own safety and did not look where she was going.  *See Casby v. Flint*, 520 So. 2d 281, 282 (Fla. 1988) (affirming trial court's granting of motion to dismiss plaintiff's complaint for negligence and holding that host had no duty to warn social guest of difference in floor levels because they were not inherently dangerous conditions).  Because the subject aircraft had no hidden or latent hazardous conditions and the luggage and passenger were open and obvious conditions, Defendant breached no duty in keeping the premises safe.  Nor did Defendant fail to warn the Plaintiff of any concealed peril of which it either knew or should have known that was on the premises—because, by Plaintiff's own admission, there was none.  As a matter of law, luggage on an airplane isn't something out of the ordinary that is unexpected and is no different than if trash was left in the aisle.  *See, e.g., Vanderwall v. United Airlines, Inc.*, 80 F. Supp. 3d 1324, 1334 (S.D. Fla. Jan. 26, 2015) (holding that the presence trash in an airplane aisle was not unusual or unexpected for purposes of whether the Plaintiff stated an "accident" under the Montreal Convention).

### C.    To The Extent Alleged, Plaintiff Cannot Maintain A Cause Of Action For Negligent Training

In the event Plaintiff is alleging a cause of action under a negligent training theory (which is not entirely clear), such claim must fail.  "Negligent training occurs when an employer was negligent in the implementation or operation of the training program and this negligence caused a plaintiff's injury."  *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1324 (S.D. Fla. June 26, 2020).  Indeed, "[a] plaintiff bringing such a claim must allege that he was harmed as a result of the employer's failure to adequately train an employee, and that the nature of the employment put the plaintiff in a 'zone of risk' such that the employer had a duty running to the plaintiff."  *See Fogle*

15

*v. IBM Corp.*, No. 8:19-CV-2896-T-33JSS, 2020 WL 4260988, at \*5 (M.D. Fla. July 24, 2020). Aside from Plaintiff's broad and vague allegation that Defendant failed to ensure its flight attendants were adequately trained to manage the boarding process, Plaintiff fails to allege anything about Defendant's training of its employees—let alone any training program that Defendant implemented. *See* TAC ¶¶ 30, 36.

## II.     PLAINTIFF'S NEGLIGENCE CLAIM IS PREEMPTED BY FEDERAL LAW

Plaintiff's newly-alleged premises liability claim is governed by the Federal Aviation Act of 1958 ("FAA"), 49 U.S.C. § 40101 *et seq.,* and its implementing regulations.[2]

Contrary to the first three iterations of the pleading, Plaintiff's Third Amended Complaint now contains allegations referencing, and even citing to, FAA regulations.  Plaintiff alleges, among other things, that: the "Subject Aircraft was a small aircraft, characterized by a confined cabin area with a single aisle;" "Defendant's flight attendant acted in direct contradiction off FAA regulations" that "require flight attendants to maintain clear aisles and ensuring a safe environment for passengers;" Plaintiff was "ordered by the flight attendant (*see, e.g.,* 14 CFR §§ 91.11 and 121.580)" to move forward; Defendant "violat[ed] the standard of care expected in managing passenger boarding, especially in the context of a small, confined aircraft cabin;" and "Defendant's flight attendants failed to fulfill their federally mandated responsibilities, which include maintaining clear aisles and ensuring a safe environment for passengers, as outlined in FAA regulations."  *See* TAC ¶¶ 9, 13, 20, 35, 40.

These allegations implicate the FAA and its implementing regulations concerning the

---

[2] *See Abdullah v. Am. Airlines Inc*., 181 F.3d 363, 368 (3d Cir. 1999); *Bailey v. Rocky Mountain Holdings*, 136 F. Supp. 3d 1376, 1380 (S.D. Fla. Sept. 23, 2015), *aff'd ,*889 F.3d 1259 (11th Cir. 2018) (acknowledging "Congress' intent to rest sole responsibility for supervising the aviation industry with the federal government" when it enacted the FAA").

safety precautions for flight crewmembers and the design of an airplane.  *See, e.g.*, 14 C.F.R. §

121.580 (2024) (Prohibition on interference with crewmembers); 14 C.F.R. § 121.571 (2024)

(Briefing passengers before takeoff); 14 C.F.R. § 25.785 (2024) (Seats, berths, safety belts, and

harnesses); 14 C.F.R. § 125.113 (2024) (Cabin interiors); 14 C.F.R. § 25.815 (2024) (Width of

aisle); 14 C.F.R. § 25.791 (2024) (Passenger information signs and placards); 14 C.F.R. § 121.570

(2024) (Airplane evacuation capability); 14 C.F.R. § 121.309 (2024) ("Emergency equipment");

14 C.F.R. § 25.863 (2024) (Flammable fluid fire protection).  Any argument that Defendant's flight

attendants violated the federal standard of care or that the interior of the subject aircraft had an

unsafe layout is preempted by federal law and cannot serve as the basis of a claim for state law

negligence.  *See Carvajal v. American Airlines*, No. 10-cv-23269, 2011 WL 13273367, at *4 (S.D.

Fla. Nov. 10, 2011) (finding claims based upon an airline's instruction to remain seated and

allegations of improper maintenance of the aircraft to be "comfortably within the category of

airline regulation entrusted to the federal agency").[3]

Because Plaintiff did not plead a cause of action under the FAA and its implementing

regulations, Plaintiff's Third Amended Complaint must be dismissed.

## III.    DISCOVERY SHOULD BE STAYED PENDING DECISION ON THIS MOTION

In the interest of judicial economy and cost efficiency, Defendant respectfully requests a

stay of discovery pending the Court's ruling on this dispositive motion. A stay of discovery is

generally warranted during the pendency of a dispositive motion. *See Redford v. Gwinnet Cty. Jud.*

*Cir.*, 350 F. App'x. 341, 346 (11th Cir. 2009) (affirming discovery stay where dispositive motion

---

[3] *Schopp v. American Airlines*, No. 16-cv-23630, 2017 WL 3130360, at *3 (S.D. Fla. July 24, 2017) (denying Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use and quoting *Abdullah* to conclude that "the FAA and FARs 'establish complete and thorough safety standards for interstate and international air transportation.'").

to dismiss raised "questions regarding the viability of [the plaintiff's] complaint."). Here, there is no discovery that Plaintiff could seek that will have any bearing on whether they properly pled her claims for relief, which is the sole subject of Defendant's motion. A stay of discovery, therefore, would mitigate potentially unnecessary discovery costs and avoid unnecessary discovery disputes.

## CONCLUSION

For the foregoing reasons, Frontier respectfully requests that this Court: (i) grant this Motion; (ii) dismiss the Third Amended Complaint in its entirety as a matter of law and with prejudice and without leave to replead; (iii) stay discovery pending ruling on the Motion to Dismiss; and (iv) grant such other relief as necessary and equitable.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3), a conferral is not required for a motion to dismiss for failure to state a claim upon which relief can be granted.  Regarding the request to stay discovery pending resolution of the motion to dismiss, the undersigned conferred with Plaintiff on October 18, 2024, and Plaintiff indicated she objects to the relief sought in this motion.

Dated: October 18, 2024

Respectfully submitted,
HOLLAND & KNIGHT LLP

*/s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208
joshua.levenson@hklaw.com
Holland & Knight LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Phone:  (954) 525-1000
Fax:  (954) 463-2030
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Rebecca Beliard
RPB Law, PLLC
121 NE 34th St Unit 2714
Miami, FL 33137-3886
Email: hello@rebeccabeliard.com;
rebecca@rebeccabeliardesq.com;
rebecca@rebeccabeliard.com
**[ via E-mail ]**

By: */s/ Joshua R. Levenson*
       Joshua R. Levenson
       Florida Bar No. 56208