IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil No. 1:23-cv-23321-KMM

Rebecca Beliard

Plaintiff,

v.

Frontier Airlines, Inc. (Flight #2984), a
Foreign Profit Corporation

Defendant



FILED BY _____ D.C.

NOV 01 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## RESPONSE IN OPPOSITION TO MOTION TO DISMISS AT DKT. 54 AND INCORPORATED MEMORANDUM OF LAW

MAY IT PLEASE THE COURT:

Comes now the plaintiff, Rebecca Beliard, proceeding *pro se*[1], and, most respectfully, states and prays as follows:

### I. Introduction

An order from a flight attendant has the force of law. This is not only common knowledge, but also codified in federal regulations and included in Frontier's *Contract of Carriage*.

For that reason, when a flight attendant <u>ordered</u> me, despite my protests, to move forward and through dangerous obstacles (another passenger and their luggage) into my assigned seat, I had no choice but to comply. Upon doing so, I tripped, fell, and suffered severe damages. These allegations are not complicated, despite Frontier's attempts to obfuscate and mischaracterize them.

Frontier's *Motion to Dismiss* should be denied because, as I will show: (1) under the reigning notice pleading standard and the Court's *Order* granting the prior *Motion to Dismiss*, the

---

[1] This document was prepared with the assistance of counsel.

*Third Amended Complaint* is more than sufficient to state a claim; (2) there is no contradiction or inconsistency between the operative complaint and the past ones (rather, the operative complaint only adds details to the same core facts that I have always alleged); (3) the *Third Amended Complaint* supersedes all others and should be considered alone; and (4) the *Third Amended Complaint* states causes of action under Florida law.

## II.   Argumentation

### 1.   This is About the Facts

To begin, there is an uncomfortable thread that permeates Frontier's *Motion*, where the airline keeps dismissively claiming that this is about my feelings, rather than the facts. See, e. g., pgs. 2 ("…she felt rushed…"), 9 (…Plaintiff subjectively felt 'pressured' during the boarding process"), 11 ("that Plaintiff felt 'coerced, forced, ordered, pressured'").

This is a plain misconstruing of the *Third Amended Complaint*. It is not about my feelings; it is about a flight attendant's **orders**, which I had a legal duty to follow. That is how it is pled, again and again: ¶ 15 (the flight attendant…"still ordered Plaintiff to move into the dangerous area"), 20 ("accordingly, and as <u>ordered</u> by the flight attendant…plaintiff moved forward, causing her to fall…") (underline in original); 23 ("…she was ordered to move into a dangerous place and had no choice"), and more.

One struggles to see why Frontier does not recognize this when it is so conspicuous. Instead, it tries to paint me as being so fragile that the most minor nudge would get me to walk into an obstacle. But that is not the truth, and it is not what is alleged. Instead, the flight attendant <u>forced</u> me to move.

2

On a related note, I also want to address Frontier's comments about me being an attorney. Yes, I am an attorney. However, I am a corporate attorney and not a litigator, therefore, the comments are misleading, and this court should disregard them.

2.  **The Complaints are Not Contradictory**

Another of Frontier's lines of attack is to claim that I am somehow trying to "plead around" the prior dismissal order. That is not true. While the prior pleadings perhaps fell short in terms of details, that has now been corrected, as this Court allowed. My story has not changed; all I have done is add detail to the same basic facts. This is allowed; what perhaps is not permissible is to blatantly change the facts and directly contradict those in the original complaint. In other words, what goes too far is a major factual change that contradicts and is incompatible with the original complaint. Hourani v. Mirtchev, 943 F. Supp. 2d 159, 171-172 (D.D.C. 2013). As a matter of fact, perhaps this Court said it best: "as a general rule, a plaintiff may not plead facts in their amended complaint that contradict those in their original complaint…And while reconcilable small variations between the complaints are acceptable, where a plaintiff blatantly changes his statement of the facts in order to respond to the defendants' motion to dismiss and directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint as true". Rubinstein v. Keshet Inter Vivos Tr., 2017 WL 7796306, at *3 (S.D. Fla. 2017) (citations omitted) (formatting altered).

Here, a close look at the complaints reveals that they are not inconsistent or contradictory. Rather, the most that can be said is that those coming before the *Third Amended Complaint* lacked some detail.

The first *Complaint*, filed in Florida court, clearly states that I "tripped" as I was attempting to sit after being "rushed" by the flight attendant. Dkt. 1-1, at ¶¶ 7, 13. It also states that there were

3

one or more dangerous conditions on the premises. *Id.*, at ¶¶ 8-10, 13-14. What is missing, if anything, is a description of *what* I tripped on. The same goes for the *First Amended Complaint*. See Dkt. 20, at ¶¶ 7-10, 13-14.

Indeed, the *Second Amended Complaint* goes even further. There, it is alleged that I was "...rushed, coerced, pressed, [and] forced..." by Frontier's flight attendants to hurry to my seat, which caused me to trip and fall. Dkt. 31, at ¶¶ 7-13 (emphasis added).

As this Court can see, the core facts have remained the same: that Frontier's flight attendants forced me to sit down in a rushed and unsafe manner, causing me to trip and fall. That has not changed. All that has changed is the addition of details in the *Third Amended Complaint*. Under the law's notice pleading standard, that operative complaint is sufficient, and does not constitute a contradiction or blatant change of facts from my earlier pleadings.

Indeed, what transpired is the proper and expected course of events: "...dismissal under Rule 12(b)(6) generally is not with prejudice...because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading...Thus, the cases make it clear that leave to amend the complaint should be refused only if there is no basis for concluding that the plaintiff can state a claim and thus permitting an amendment would be futile". 5B Federal Practice & Procedure – Civil, at § 1357 (4th Ed.) (citations omitted). Here, this Court granted leave to amend and reopened the case, remarking that "a review of the Third Amended Complaint demonstrates that Plaintiff has attempted to remedy her Complaint in accord with the Court's order dismissing the Action". *Paperless Order*, at Dkt. 53.

Frontier's position is contrary to the law, since it would never allow any amendment to a complaint that is attacked via a motion to dismiss, even if the amendment merely adds factual details, but does not change the basic story.

So, again, I have not changed my facts or my story. All I have done, in an attempt to comply with this Court's Orders, is added details and "put meat on the bones" of my prior allegations, perhaps most notably by including more descriptions regarding the obstructions in the aircraft aisle[2]. But the basic facts remain the same: the flight attendant forced me to move into a dangerous position, causing me to trip and suffer severe damages.

### 3. The Third Amended Complaint Supersedes All Others

Relatedly, it is a bit odd that Frontier spills so much ink speaking about the prior complaints. As is known, it is a bedrock federal practice rule that, here, the *Third Amended Complaint* supersedes all others, which are mostly rendered irrelevant. As <u>Federal Practice & Procedure</u> teaches:

> A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. **Once an amended pleading is interposed, the original pleading no longer performs any function in the case** and any subsequent motion made by an opposing party should be directed at the amended pleading. This effect of an amended pleading under Rule 15(a) becomes particularly important when the amendment purports to cure a defective earlier pleading. For example, plaintiff may file a new complaint that does not refer to or adopt any of the deficient allegations

---

[2] And even disregarding, *arguendo*, the obstruction allegations, a flight attendant's order to move forward in a fast and dangerous manner that causes someone to fall would still be actionable.

in the original pleading; **if the first complaint is considered superseded by the amendment, the court is not required to dismiss the suit when a motion points up the weaknesses of the earlier pleading.**

6 Federal Practice & Procedure – Civil, at § 1476 (3rd Ed.) (citations omitted) (emphasis added).

Therefore, and most respectfully, this Court should focus squarely on the *Third Amended Complaint* and decline Frontier's invitation to spend time and resources examining the prior ones.

### 4. The Federal Standard Remains Notice Pleading

Relatedly, Frontier acts as if the notice pleading standard has been repealed. It has not, and as is known, federal pleading standards apply here. See, e. g. Simmerman v. Ace Bayou Corp., 304 F.R.D. 516, 518-519 (E.D. Ky. 2015) (examining the matter and concluding that "in short, the Rule 8 pleading standards apply to all district court proceedings, including those that originated in state courts") (citations omitted).

In what is relevant, under Fed. R. Civ. P. 8(a), all that a complaint requires is "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief". Further, "specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests". Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted) (formatting altered); Mgmt. Advisory Servs., Inc. v. Brennan, 2021 WL 5029293, at *1 (N.D. Ga. 2021) ("generally, notice pleading is all that is required for a valid complaint…Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests") (citations omitted).

6

In more detail, and under the notice pleading standard, it is not necessary to plead with specificity, nor is it necessary to plead a particular legal theory. A detailed factual proffer or a *prima facie* case is not required. "[The] sole inquiry...is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[ ], the complaint states a claim for which relief can be granted...In other words, we ask whether the complaint "contain[s] sufficient factual matter to state a claim to relief that is plausible on its face." Also, "we take the facts of the complaint as true, "drawing all reasonable inferences in [the plaintiff's] favor, and see if they plausibly narrate a claim for relief." Importantly, "...**a complaint need not plead facts sufficient to establish a prima facie case or allege every fact necessary to win at trial...there is no need to set forth a detailed evidentiary proffer in a complaint....[t]here need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action.**" Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 717–18 (1st Cir. 2014) (citations omitted) (formatting altered) (emphasis added).

As well, "a complaint need not point to the appropriate statute or law in order to raise a claim for relief under Rule 8 of the Federal Rules of Civil Procedure. And, we held that **a complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim**, as long as relief is possible under any set of facts that could be established consistent with the allegations". ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist., 973 F. Supp. 2d 839, 840–41 (N.D. Ill. 2013) (citations omitted) (formatting altered) (emphasis added).

The Supreme Court has likewise spoken:

Federal pleading rules call for a short and plain statement of the claim showing that the pleader is entitled to relief...**they do not countenance dismissal of a**

7

**complaint for imperfect statement of the legal theory supporting the claim asserted**...Federal Rules of Civil Procedure are designed to discourage battles over mere form of statement...a basic objective of the rules is to avoid civil cases turning on technicalities...

...

Our decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), are not in point, for they concern the factual allegations a complaint must contain to survive a motion to dismiss. A plaintiff, they instruct, must plead facts sufficient to show that her claim has substantive plausibility. Petitioners' complaint was not deficient in that regard. Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim...**The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief.**

Johnson v. City of Shelby, Miss., 574 U.S. 10, 11–12 (2014) (citations omitted) (formatting altered) (emphasis added).

5. The Third Amended Complaint is More than Sufficient

    A. *Federal Law Obligated Me to Follow the Flight Attendant's Commands*

Frontier makes much of the fact that the flight attendant did not touch me. Well, that may matter in other contexts, but it does not here. The reason is that, under the law and the *Contract of Carriage*, the flight attendant gave me (and insisted upon) an order to move ahead in spite of a visible dangerous condition and my protests, and I had no choice but to follow that order.

As alleged in the *Third Amended Complaint* at Dkt. 52, the flight attendant instructed and commanded me, in spite of my objections, to disregard the clear obstacles of both a passenger and their luggage blocking the aisle, to proceed past them into my seat. Upon attempting to do so, I tripped and fell. *Id.*, at ¶¶ 10-20, 23, 32, 34, 37, 40-43.

While I might be free to ignore the commands of a stranger on the street, I was not free to ignore the commands of a flight attendant while boarding a flight. It does not matter if there was an "open and obvious" hazard, if the flight attendant ordered me to ignore it and proceed through it.

This is, first, a result of the *Contract of Carriage*, as alleged in the *Third Amended Complaint*, at ¶ 23. Indeed, I note that the current *Contract of Carriage* available online states that "Frontier may refuse to provide transportation to any person and may require that a passenger leave an aircraft or be removed from an aircraft for the following reasons, in which case no refund to the original form of payment will be due and Frontier will have no further liability… Failure to Follow Instructions - *Any passenger who refuses to obey instructions from an employee or crewmember*". See *Contract of Carriage*, at § 3(b)(15)[3] (emphasis added).

Perhaps more importantly, federal law compelled me to follow the flight attendant's commands. 14 C.F.R. § 121.580 ("no person may assault, threaten, intimidate, or interfere with a crewmember in the performance of the crewmember's duties aboard an aircraft being operated

---

[3] Available at https://www.flyfrontier.com/legal/contract-of-carriage/

9

under this part") (emphasis added). This regulation clearly applied, since the flight attendant was performing their duties (albeit in a tortious way) when they ordered me to proceed to my seat. See, also, Wallaesa v. Fed. Aviation Admin., 824 F.3d 1071, 1079-1082 (D.C. Cir. 2016) ("…passengers must follow the directions given by flight attendants…") (citations omitted).

The other side of the coin, which Frontier violated, is an airline's duty to "…provide service with the highest possible degree of safety…". 49 U.S.C. § 44701(d)(1)(A) (referring to factors that the FAA must consider when promulgating regulations).

B. *The Standard of Care and Duty Owed*

First, under general Florida tort law, "… a cause of action for negligence arises where one's failure to use that degree of care which a reasonably careful person would use **under like circumstances** causes injury. Common law negligence is open-ended and divorced from intent, allowing the plaintiff to claim that any given conduct was negligent". Kohl v. Kohl, 149 So. 3d 127, 131–32 (Fla. 4th Dist. Ct. App. 2014) (emphasis added) (citations omitted) (formatting altered). See also, e. g., Fabozzi v. United States, 693 F. Supp. 3d 1267, 1270 (N.D. Fla. 2023) ("…the degree of care that is owed depends on the circumstances involved…After all, negligence is the failure to observe such care, precaution and vigilance as the circumstances justly demand or the failure to do what a reasonable and prudent person would ordinarily have done under the situation") (citations omitted) (formatting altered); Abrisch v. United States, 359 F. Supp. 2d 1214, 1226 (M.D. Fla. 2004) (an aviation case) ("applying Florida's traditional negligence principles, air traffic controllers owe pilots and their passengers the same duty of reasonable care that a reasonably careful person would use under like circumstances. The duties of air traffic controllers are set forth in the Air Traffic Control Manual (FAA Order 7710.65), and, although those guidelines

are evidence of the standard of care in the industry, an air traffic controller's duties are supplemented by the general duty of care owed under the circumstances. Thus, once they undertake to provide a service, even one not required by the Air Traffic Control Manual, under general negligence principles, air traffic controllers have a duty to provide such services with due care") (citations omitted) (formatting altered).

Here, the flight attendant owed me a duty to act as a reasonable and prudent person, **under the circumstances**. Those circumstances were that she was, contractually and legally, in a position of essentially absolute authority over me. As alleged, she exercised that authority to force me to attempt to negotiate a safety hazard, despite my pleas to the contrary. That caused me to fall and become injured. Therefore, the complaint alleges an ordinary fault and/or negligence cause of action.

A second modality of this is that federal aviation law and the *Contract of Carriage* imposed a duty of safety on Frontier and its flight attendants. The violation of that duty constitutes both negligence *per se* and *prima facie* evidence of negligence. Kohl v. Kohl, 149 So. 3d 127, 132 (Fla. 4th Dist. Ct. App. 2014). Here, Frontier and its flight attendants had special duties to ensure the safety of passengers. In that sense, and under Florida law, Frontier is a common carrier with a heightened duty of care to its passengers. See, e. g., Nadeau v. Costley, 634 So. 2d 649, 651 (Fla. 4th Dist. Ct. App. 1994) (a cruise case) ("…under Florida law, a contractual duty arises between a passenger and common carrier obligating the carrier to transport the passenger to his or her destination, exercising the highest degree of care and vigilance for the passenger's safety. This duty extends to the carrier's employees and any willful misconduct by its employees are actionable as against the carrier-employer. A common carrier is liable to a passenger for the wrongful acts of its employees occurring through the entire contractual period (the time of embarkation to

disembarkation)...") (citations omitted); Commodore Cruise Line, Ltd. v. Kormendi, 344 So. 2d 896, 897 (Fla. 3rd Dist. Ct. App. 1977) (same); E. Airlines, Inc. v. Dixon, 310 So. 2d 336, 338 (Fla. 3rd Dist. Ct. App. 1975) (Hendry, J., concurring) (applying the same legal principles to an airline). It is no stretch to say that, when the flight attendant abused her authority over me to order me to step into a hazard, she violated these duties.

Turning the page to federal law, and speaking of Frontier's direct liability, Frontier had a duty to train its flight attendants in safely handling passengers. See, e. g., 14 C.F.R. § 121.421(a)(1)(ii). Also, as mentioned, it is an airline's duty to "...provide service with the highest possible degree of safety...". 49 U.S.C. § 44701 (d)(1)(A) (referring to factors that the FAA must consider when promulgating regulations). Frontier itself admits and accepts this: "at Frontier, the safety of our customers and employees is our number one priority"[4]. See, also, 14 CFR § 91.13 (prohibiting the operation of an aircraft in a careless or reckless manner so as to endanger the life or property of another).

Therefore, and as the *Third Amended Complaint* alleges, Frontier and its flight attendants had a clear duty of safety towards me. When combined with the flight attendants' legal and contractual right to issue commands to me inside the aircraft, it is clear that, as alleged, they breached their duty by ordering me to step into a hazardous area, despite my protests and despite knowing of the hazards.

C.   *This is Not a Premises Liability Case*

Though it is not necessary to plead legal theories, it is evident that this is not a premises liability case. I am not alleging negligence because the aisle was obstructed. I am, as the *Third*

---

[4] https://www.flyfrontier.com/travel-tails/posts/2024/travel-tips/our-commitment-to-your-health-and-safety-onboard/

*Amended Complaint* states, alleging fault and/or negligence because the flight attendant used her "command power" over me to <u>order</u> me to move into an obstructed area, causing me to trip and fall. Therefore, it does not make any difference whether the hazard was open and obvious, except to establish that the flight attendant knew or should have known about it (which is reinforced by the fact that I protested the order).

        D.     *I Pled a Claim for Negligent Training*

I alleged negligent training. <u>See</u> the *Third Amended Complaint*, at ¶¶ 30, 36. Under the notice pleading standard, that is sufficient, especially when taken in the context of the entire *Complaint*. No "magic words" are necessary under the law and federal pleading standards. What is more, most or all of the cases that Frontier cites to criticize the negligent training allegations trace back to <u>Clary v. Armor Corr. Health Servs., Inc.</u>, 2014 WL 505126, at *4 (M.D. Fla. 2014), which only holds that "for an employer to owe a plaintiff a duty, the plaintiff must be in the zone of risk that was reasonably foreseeable to the employer. Accordingly, to state a claim, the plaintiff must allege facts that would establish a nexus between the plaintiff and the tortfeasor's employment from which a legal duty would flow from the defendant-employer to the plaintiff". *Id.*, at *4. Read fairly, the *Third Amended Complaint* pleads this, since it specifically pleads Frontier's duty to train its flight attendants to refrain from giving passengers improper and unsafe directions, and then pleads that the breach that occurred was exacerbated by that failure of training. *Third Amended Complaint*, at ¶¶ 30, 36.

6.    **There is No Preemption**

Here, Frontier's argument is essentially nothing more than the rehashing of arguments that this Court previously rejected.

In that sense, this Court already addressed and rejected Frontier's preemption arguments in its *Order* at Dkt. 47, starting at pg. 3. By now, it is well-known that there is no federal preemption for state law torts, as this Court held ("...state law personal injury claims are not preempted..."). *Id.*, at pg. 5 (citations omitted).

Moreover, citing to and using federal standards within state tort-law claims does not create a preemption issue. As explained above, those standards, regardless of whether they can establish actionable violations under federal law, can be used within state law causes of action, particularly under the negligence *per se* and *prima-facie*-evidence-of-negligence analysis. Kohl v. Kohl, 149 So. 3d 127, 132 (Fla. 4th Dist. Ct. App. 2014):

> Proof that a defendant violated a statute...can be categorized in a negligence case in one of three ways, depending on the statute's purpose:
>
> (1) violation of a strict liability statute designed to protect a particular class of persons who are unable to protect themselves, constituting negligence per se; (2) violation of a statute establishing a duty to take precautions to protect a particular class of persons from a particular type of injury, also constituting negligence per se; (3) violation of any other kind of statute, constituting mere prima facie evidence of negligence.
>
> Focusing on the final category, Florida courts permit proof of a statutory violation to serve as prima facie evidence of negligence because the standard of conduct or care embraced within such a legislative measure represents a standard of at least

reasonable care which should be adhered to in the performance of any given activity.

(Citations omitted) (formatting altered).

7. **Discovery Should Not Be Stayed**

Generally, motions to stay discovery pending the resolution of a motion to dismiss are disfavored and denied, unless the movant carries its burden of demonstrating its appropriateness, necessity, and reasonableness. As this Court has explained:

> Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems…discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made…The party moving for a stay of discovery has the burden of showing good cause and reasonableness.
>
> …
>
> There is no general rule that discovery be stayed while a pending motion to dismiss is resolved…In fact, motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district.
>
> …
>
> While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive…a motion to

15

stay discovery is rarely appropriate unless resolution of the motion will dispose of the entire case…Further, discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory.

Cuhaci v. Kouri Grp., LP, 540 F. Supp. 3d 1184, 1186–87 (S.D. Fla. 2021) (citations omitted) (formatting altered).

Here, Frontier's main argument is that "…there is no discovery that Plaintiff could seek that will have any bearing on whether they properly pled her claims for relief…". Dkt. 54, at pgs. 17-18.

First, this is incorrect, since discovery as to Frontier's internal rules, regulations, and manuals could shed light on what the flight attendant was supposed to do (rather than ordering me to move into an obstruction). Moreover, corporate and flight-attendant depositions should be very revealing in terms of Frontier's side of the story. All of that will move the case forward, and could help to draft even more precise and full pleadings, if necessary.

Second, Frontier has not met its burden of justifying a stay, particularly since a "preliminary peek" at the *Motion to Dismiss* and this response will, I most respectfully submit, show that Frontier's motion is highly unlikely to succeed.

Therefore, discovery should not be stayed.

### III. Conclusion

Let us go back to basics. As I have shown, and under the notice pleading standard, the *Third Amended Complaint* goes far beyond legal sufficiency. It alleges, time and again, that Frontier's flight attendant was in position of power, having the contractual and legal right to command me to

move while inside the aircraft cabin. The attendant knew that there was an obstruction, and yet ordered me to move into and past it. I protested. The attendant disregarded my protests, and again ordered me to move. Having no choice, I did, causing me to trip and fall, suffering damages.

Despite all of Frontier's protestations, that is the core of this case, and it is amply and appropriately alleged. Therefore, this Court should deny the *Motion to Dismiss*, deny a stay of discovery, and allow both parties to continue moving this case forward.

WHEREFORE the plaintiff, Rebecca Beliard, most respectfully requests that this Court deny the *Motion to Dismiss* at Dkt. 54.

I HEREBY CERTIFY that on this same day the foregoing document was filed on paper and will be notified by the CM/ECF system to all counsel of record. I will also notify defense counsel via email.

/s/ Rebecca Beliard
Rebecca Beliard
121 NE 34th Street
Apt. 2714
Miami, FL 33137
Email: Rebecca@rebeccabeliard.com

Date: 11/1/2024


Counsel for defendant is:

SERVICE LIST:
Joshua R. Levenson, Esq.
FBN: 56208
HOLLAND & KNIGHT, LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Email: Joshua.levenson@hklaw.com

Date: 11/1/2024