UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,
        Plaintiff,
vs.

FRONTIER AIRLINES, INC. (FLIGHT #2984), a Foreign Profit Corporation
        Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Frontier Airlines, Inc., pursuant to Local Rule 7.1(c), replies to Plaintiff Rebecca Beliard's Response ("Response") [ECF No. 55] to Defendant's Motion to Dismiss the Third Amended Complaint and Stay Discovery ("Motion to Dismiss") [ECF No. 54] as follows:

### I. INTRODUCTION

Plaintiff's *pro se* Response (drafted with the assistance of unidentified counsel in violation of Rule 4(a) of the Special Rules) is simply an attempt to mislead this Court by arguing that Plaintiff's repackaged facts—**which this Court already determined were insufficient to state a claim for negligence**—are somehow now sufficient to withstand Frontier's Motion to Dismiss. Plaintiff has not pled any facts to demonstrate either a *breach* of duty, or that any alleged breach *caused* Plaintiff's damages. Instead, Plaintiff maintains that she was "ordered" and "commanded" (**but not physically touched**) by Defendant's flight attendants to take her seat and that Plaintiff's free will was apparently overridden by the flight attendants' verbal instructions. To be clear, this is no different than Plaintiff saying in her deficient Second Amended Complaint ("SAC") that she was "rushed, coerced, pressed, and forced" to take her seat. Indeed, as Plaintiff admits in her Response "the basic facts remain the same" and these basic facts were insufficient to state a claim for negligence as explained by the Court in its prior dismissal Order. In arguing these same basic

facts are sufficient to state a claim, Plaintiff misstates the standard for reviewing a motion to dismiss to provide a lesser burden that Plaintiff must meet to state a claim. But that is not the law: Plaintiff must state sufficient facts—not conclusory allegations—to state a claim for relief. Plaintiff's claims still do not meet the applicable standards and, for the reasons outlined below, this Court should dismiss Plaintiff's Third Amended Complaint *with prejudice*.

## II. ARGUMENT

As a threshold issue, Plaintiff mistakenly asserts that notice alone is sufficient to withstand a motion to dismiss. *See* Resp. at 6-8. This mischaracterizes the standard of review outlined in the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, and it also completely ignores the standard of review this Court already adopted in its Order dismissing the SAC. [ECF No. 47, p. 2.] According to Supreme Court precedent, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To support her argument that only providing notice of her claim is sufficient, Plaintiff cites to district court cases in Kentucky, Georgia, and Illinois while omitting any district court cases in the Southern District of Florida (including this Court's own Order)—where courts routinely dismiss complaints for failing to provide sufficient factual content. *See, e.g., Diveroli v. Am. Airlines, Inc.*, No. 19-CV-23251, 2019 WL 5697198, at *3 (S.D. Fla. Nov. 4, 2019) (dismissing complaint for failing to allege facts sufficient to state a negligence claim); *Sequeira v. GEICO Gen. Ins. Co.*, No. 16-24542-CIV, 2017 WL 6557427, at *3 (S.D. Fla. Apr. 7, 2017) (concluding

Plaintiff "has failed to plead factual content sufficient to allow the court to draw the inference that American Airlines is liable for the misconduct alleged.").

### A. Plaintiff's "Core Facts" Were Considered And Rejected By This Court

Now, on the fourth iteration of her complaint, Plaintiff tries to rephrase her prior allegations that were already rejected by this Court and "put meat on the bones" by adding allegations regarding the alleged obstruction (i.e., passenger and their luggage) that Plaintiff tripped over. *See generally* Resp. This entirely ignores this Court's July 31, 2024 Order Dismissing Plaintiff's Second Amended Complaint ("Order"), which concluded: "Upon review, the Court agrees that Plaintiff fails to sufficiently allege that Defendant breached its duty of care or caused Plaintiff's injuries." [ECF No. 47, p. 6.] In its Order, this Court held that Plaintiff's negligence claim failed in two independent ways: (1) Plaintiff did not plead any facts to show that Defendant *breached* a duty; and (2) Plaintiff did not plead any facts to show that Defendant *caused* Plaintiff's fall.

*First*, regarding breach, this Court stated that Plaintiff failed "to plead factual content sufficient to allow the Court to draw the inference that Defendant breached any duty to Plaintiff [and that] ***Plaintiff does not appear to allege that Defendant's flight attendants ever made physical contact with Plaintiff***." *See* Order at 7 (emphasis added). To that end, the Court decided that verbal instructions directed at Plaintiff to secure her luggage and take her seat is *insufficient* to state a claim. *See id*. at 7-8. The Third Amended Complaint does not fix this fatal flaw.

*Second*, regarding causation, the Court also correctly decided that "Plaintiff's SAC [was] simply devoid of any factual allegations indicating how Defendant's purported negligence caused Plaintiff to trip and fall." *Id*. at 8. Again, the Third Amended Complaint does not fix this fatal flaw either – it merely reiterates that Plaintiff felt rushed to take her seat.

3

### B. Plaintiff's Repackaged Facts Do Not Fix The Flaws This Court Noted

The Court's prior dismissal Order was predicated on Plaintiff's allegations that she was "rushed, coerced, pressed, and forced" to take her seat prior to takeoff. *Id*. at 1. Plaintiff's theory of events remains the same, albeit with synonyms masquerading as if they were new facts this Court didn't already hear and reject. Put simply, Plaintiff's Response misses the crux of this Court's Order.

#### i. Plaintiff's Claim Remains Based On Verbal Instructions – Not Physical Touching

First, Plaintiff failed to plead any facts to suggest there was a "breach" of duty. Instead, Plaintiff reiterates that she was "commanded" and "ordered" by Defendants' flight attendants to take her seat prior to takeoff causing her to trip over an obstruction and fall.[1] *See* Resp. at 9-10, 17. But Plaintiff stating that she was "commanded" and "ordered" to take her seat is the same as being "coerced, pressed, and forced" as she previously alleged. Stated differently, Plaintiff is trying to rephrase the same language this Court found was insufficient to now assert a claim. But as Plaintiff admits multiple times in her Response, her "story has not changed" and that "the core facts have remained the same: that Frontier's flight attendants forced me to sit down in a rushed and unsafe manner, causing me to trip and fall. That has not changed." *See id.* at 3-4. If Plaintiff's "story has not changed," then this Court's Order should not change either—Plaintiff's version of events are not cognizable negligence claims.

---

[1] While Plaintiff asserts that "it does not make any difference whether the hazard was open and obvious" and that it only matters whether the flight attendant knew or should have known about it, Plaintiff does not appreciate that she acknowledged the alleged obstruction and voluntarily decided to walk forward anyway. *See* Resp. at 13. Plaintiff's own decision to try to step around a piece luggage that she saw in advance is an intervening cause that breaks any alleged causation from Defendant. *See Gornitz v. National Airlines, Inc.*, 361 So. 2d 201 (Fla. 3d DCA 1978).

4

Despite not changing the "core facts," Plaintiff now contends that she had "no choice" but to follow the flight attendant's instructions and that she "was not free to ignore the commands of a flight attendant while boarding a flight." *See id.* at 9, 17. This is false and Plaintiff's reliance on facts outside the scope of her Complaint to support this false notion should be disregarded. Specifically, Plaintiff claims that the Frontier "Contract of Carriage" obligated her to follow the flight attendant's instructions, no matter what the flight attendant instructed. *See id.* at 9, 10. As a threshold matter, Plaintiff's cryptic reference to the Contract of Carriage in Paragraph 23 of her Complaint—without attaching a copy or citing to a source in her Third Amended Complaint that the one referred to in her Response is the one that governed her flight—is an insufficient attempt to incorporate it under Rule 10(c). For that reason alone, any argument Plaintiff predicates on the Contract of Carriage is not properly pled in her Third Amended Complaint and should be ignored in her Response.

But assuming *arguendo* that Plaintiff did properly adopt the Contract of Carriage in her Third Amended Complaint, it still fails to support her argument against dismissal of her negligence claims (notably, it's not a "breach of contract" claim she pled). Despite what Plaintiff argues in theory, the Contract of Carriage does not override Plaintiff's free will. Normally, when a person claims they had no choice but to do something it is because the action was the product of physical duress, threats of violence, or some similar assault. To be sure, the Contract of Carriage does not take away Plaintiff's free will and it does not absolve Plaintiff of her responsibility of staying aware of open and obvious conditions.

The Contract of Carriage provides in relevant part that if Plaintiff does not comply with a crewmember's instructions, "Frontier may refuse to provide transportation to any person and may require that a passenger leave an aircraft or be removed from an aircraft . . . in which case Frontier

5

will provide a refund to the original form of payment of the amount paid for their ticket." *See* Contract of Carriage, at § 3(b)(15). This is not a situation where Plaintiff had no option but to comply with the flight attendant's instructions—Plaintiff had the option to leave the aircraft and/or address the situation in real time. Instead, she voluntarily proceeded to her seat and tripped on the very object she admits seeing in advance—another passenger's luggage.[2] Under Plaintiff's strange logic, presumably if the flight attendant told her to jump off the airplane or hop on one foot, Plaintiff would have "no choice" but to do so because that is what the Contract of Carriage would require her to do. It's nonsensical and Plaintiff should not be permitted to advance this claim any further. Her voluntary decision to proceed based on verbal instructions to take her seat is not a breach of any duty of care, as this Court previously found.

        ii.        <u>Plaintiff's Claim Still Fails To Allege Any Facts To Support A Causal Connection Between Frontier's Verbal Instructions And What Caused Plaintiff To Fall</u>

Second, Plaintiff still fails to plead any causal connection to support her negligence claims. Instead, Plaintiff's attempt to "put meat on the bones" of her prior allegations was to describe for the first time the obstruction (i.e., fellow passenger and their luggage)—that Plaintiff saw in advance and nonetheless tripped over. *See* Resp. at 5. Yet, factual allegations regarding the purported obstruction that Plaintiff tripped over through her own fault **was not** the basis for the Court's Order. To the contrary, the Court explained that it was Plaintiff's allegations regarding the Defendant's flight attendant's instructions that did not support a finding that Defendant *caused* Plaintiff to trip and fall. *See* Order at 7-8. Defendant told Plaintiff (and other passengers) to take

---

[2] *See also Vanderwall v. United Airlines, Inc.*, 80 F. Supp. 3d 1324, 1334 (S.D. Fla. Jan. 26, 2015) (noting in connection with a Montrel Convention claim that "it is not unusual or unexpected for there to be a single item of trash on the aisle of an aircraft[.]"). A fellow passenger's luggage should be viewed similarly – it's something you should expect to encounter in an airplane aisle.

6

her seat. The flight attendant didn't tell her to close her eyes while doing so or to not pay attention to where she was walking. Plaintiff admits to seeing the luggage in advance. She was just careless in trying to get around it: that's Plaintiff's fault, not Frontier's fault. While Plaintiff contends that whether or not she was "touched" by Frontier "does not [matter] here," this was a crucial point of the Court's prior dismissal Order. *See* Resp. at 9. The Court noted in its Order that Plaintiff failed to allege that "Defendant's flight attendants ever made **physical contact** with Plaintiff." Order at 7 (emphasis added).

In short, that Plaintiff added allegations regarding the purported obstruction does not change the fact that the Court determined already that verbal instructions directed at Plaintiff to take her seat are insufficient for causation purposes.

    **C.**     **Plaintiff's Negligence Claim Is Preempted By Federal Law**

Plaintiff attempts to have it both ways—relying on federal regulations to claim that Defendant's flight attendants violated the federal standard of care while at the same time arguing that her negligence claim is not preempted by the Federal Aviation Act of 1958 ("FAA"), 49 U.S.C. § 40101 *et seq.*, and its implementing regulations.

Plaintiff asserts that Defendant's flight attendants violated the federal standard of care in managing passenger boarding and that Frontier was negligent in training its flight attendants with respect to the boarding process. As further explained in Frontier's Motion to Dismiss, the allegations predicating Plaintiff's negligence claim in the Third Amended Complaint implicate the FAA and its implementing regulations concerning the safety precautions for flight crewmembers and the boarding process of an airplane. In her opposition, Plaintiff doubles down on her claim that Frontier violated federal law, specifically portions of the FAA. *See* Response at 10. Plaintiff attempts to distinguish her reliance of federal law under some unpled strict liability or negligence

7

per se theory without any corresponding allegations in her Third Amended Complaint or any proof whatsoever.

Because Plaintiff did not plead a cause of action under the FAA and its implementing regulations, which she now relies on, the Third Amended Complaint must be dismissed.

### D. Plaintiff Fails To State A Claim For Negligent Training

Plaintiff does not plead the requisite allegations for stating a claim under a theory of negligent training. And such a theory is devoid from her Third Amended Complaint, which alleges standard negligence. Plaintiff's conclusory allegations that "Defendant Frontier Airlines, Inc. owed a duty to train its flight attendants to not give improper and unsafe instructions and directions to Frontier Airlines passengers during the boarding process" and that "[t]he breach was further exacerbated by the Defendant's failure to ensure its Flight Attendants were adequately trained to handle such situations, prioritizing timely departure over passenger safety" are insufficient to state a claim for negligent training. *See* Resp. at 13. As this Court previously explained, such conclusory allegations masquerading as facts will not prevent dismissal. *See* Order at 2 (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

For a plaintiff "to state a claim for negligent training, he must show that [the defendant] was negligent in the implementation or operation of [a] training program." *Mayer v. Carnival Corp.*, No. 24-CV-20160, 2024 WL 1759145, at *4 (S.D. Fla. Apr. 24, 2024) (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005)). Additionally, "Plaintiff cannot state a claim for . . . negligent training . . . with boilerplate allegations." *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1311 (S.D. Fla. Aug. 20, 2021).

Here, aside from Plaintiff's conclusory allegations stated above, Plaintiff does not allege anything about any training program that Defendant implemented or operated. *See e.g.*, *Mayer*, 2024 WL 1759145, at *4 (granting motion to dismiss as to Plaintiff's negligent training claim);

8

*Walsh v. Carnival Corp.*, 2020 WL 10936272, at *5 (S.D. Fla. July 7, 2020) (dismissing negligent training claim and explaining the "Complaint fails to include any factual allegations with respect to *how* Defendant was negligent in implementing or operating its training programs."); *Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1273 (S.D. Fla. Nov. 17, 2015) (dismissing a negligent training claim in a non-maritime case where the plaintiff did not "identify a training program or policy and explain specifically how the [defendant] was negligent in implementing it"); *see also Summers v. Carnival Corp.*, 2015 WL 11983231, at *6 (S.D. Fla. Apr. 6, 2015) (granting motion to dismiss "because Plaintiff has failed to allege facts that are suggestive enough to render each element of his claim for negligent hiring, retention and training plausible").

   **E. The Court Should Strike Plaintiff's Response For Violating The Rule Prohibiting The Unauthorized Practice of Law**

   Lastly, this Court should use its inherent authority to strike Plaintiff's Response for violating the Southern District of Florida Rules Governing The Admission, Practice, Peer Review, and Discipline of Attorneys ("Special Rules") because Plaintiff brazenly admitted it was prepared "with the assistance of counsel" who is unnamed and has not appeared in this case for Plaintiff. *See* Resp. at 1 n.1.

   Rule 4(a) of the Special Rules says that "[o]nly members of this Court's bar may appear as attorneys before the Court, except when the Court permits an appearance pro hac vice." Plaintiff is appearing *pro se*. The unnamed counsel who aided Plaintiff in preparing the Response, however, has not filed an appearance on behalf of Plaintiff in this case and is circumventing this Cout's local rules by assisting Plaintiff with the practice of law, but not actually appearing. Worse, it is not clear if this unnamed attorney is a member of the Southern District of Florida or the Florida Bar. And they certainly have not been admitted pro hac vice to practice in this case. Therefore, the Court should use its inherent power to strike Plaintiff's Response for violating Rule 4(a) of the

9

Special Rules, which prohibits the unauthorized practice of law. *See Ferguson v. Berryhill*, No. 14-CV-62923, 2017 WL 7360403, at *1 (S.D. Fla. Apr. 18, 2017) (striking 'Motion Notice for Sanction and Letter to Attorney General' filed by Plaintiff's mother for violating Rule 4(a) of the Special Rules Governing the Admission and Practice of Attorneys in the Southern District of Florida); *Adams v. Bellsouth Telecommunications, Inc.*, No. 96-2473 CIV., 2000 WL 33941852, at *5 n.7 (S.D. Fla. Nov. 20, 2000) (report and recommendation stating "in order to practice law in this jurisdiction Mr. Kochler had to be admitted pro hac vice. See Special Rules Governing the Admission and Practice of Attorneys—Rule 4. He was not. Therefore Mr. Kochler is in violation of the rule prohibiting unauthorized practice of law.").[3]

### F.  A Stay of Discovery Is Warranted While The Motion to Dismiss Is Pending

A stay of discovery mitigates unnecessary discovery costs and avoids unnecessary discovery disputes—especially where the Court has already dismissed Plaintiff's prior complaint for being deficient. For this reason, and the reasons outlined Frontier's Motion to Dismiss, this Court should stay discovery pending ruling on the Motion to Dismiss. *See Redford v. Gwinnet Cty. Jud. Cir.*, 350 F. App'x. 341, 346 (11th Cir. 2009) (affirming discovery stay where dispositive motion to dismiss raised "questions regarding the viability of [the plaintiff's] complaint.").

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the Third Amended Complaint in its entirety as a matter of law and with prejudice, stay discovery pending ruling on the Motion to Dismiss, and grant all other relief as necessary and equitable.

Dated: November 8, 2024         Respectfully submitted,
                                HOLLAND & KNIGHT LLP

---

[3] *See also* R. Regulating Fla. Bar 4–5.5(b)(3)("A lawyer who is not admitted to practice in Florida may not . . . appear in court, before an administrative agency, or before any other tribunal unless authorized to do so by the court, administrative agency, or tribunal under the applicable rules of the court, administrative agency, or tribunal.").

                                                      */s/ Joshua R. Levenson*
                                                      Joshua R. Levenson
                                                      Florida Bar No. 56208
                                                      joshua.levenson@hklaw.com
                                                      Holland & Knight LLP
                                                      515 E. Las Olas Boulevard, Suite 1200
                                                      Fort Lauderdale, Florida 33301
                                                      Phone: (954) 525-1000
                                                      Fax: (954) 463-2030
                                                      *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 8, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Rebecca Beliard
RPB Law, PLLC
121 NE 34th St Unit 2714
Miami, FL 33137-3886
Email: hello@rebeccabeliard.com;
rebecca@rebeccabeliardesq.com;
rebecca@rebeccabeliard.com
rebecca@rpblawfirm.com
**[ via E-mail ]**

                                                    By: */s/ Joshua R. Levenson*
                                                       Joshua R. Levenson
                                                       Florida Bar No. 56208