IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil No. 1:23-cv-23321-KMM

Rebecca Beliard

Plaintiff,

v.

Frontier Airlines, Inc. (Flight #2984), a
Foreign Profit Corporation

Defendant



FILED BY _____ D.C.
NOV 15 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO REQUEST TO STRIKE

MAY IT PLEASE THE COURT:

Comes now the plaintiff, Rebecca Beliard, proceeding *pro se*[1], and, most respectfully, states and prays as follows:

1. In its *Reply* at Dkt. 56, Frontier argues that this Court should strike my *Response in Opposition* because I am being aided by counsel who has not appeared.

2. This is meritless, because Florida Bar Ethics Opinion 79-7 (Reconsideration) explicitly allows an attorney to assist a *pro se* plaintiff without entering an appearance in the case, so long as the Court is informed (which I did).

3. Accordingly, I most respectfully request leave to file the attached *Sur-Reply* to address this new issue.

WHEREFORE the plaintiff, Rebecca Beliard, most respectfully requests that this Court allow her to file the tendered *Sur-Reply* (**Ex. 1**).

---

[1] This document was prepared with the assistance of additional counsel.

1

I HEREBY CERTIFY that on this same day the foregoing document was filed on paper and will be notified by the CM/ECF system to all counsel of record. I will also notify defense counsel via email.

/Rebecca Beliard/
Rebecca Beliard
121 NE 34th Street
Apt. 2714
Miami, Fl 33137
Email: Rebecca@rebeccabeliard.com

Date: 11/15/2024

Counsel for defendant is:

SERVICE LIST:
Joshua R. Levenson, Esq.
FBN: 56208
HOLLAND & KNIGHT, LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Email: Joshua.levenson@hklaw.com

Date: 11/15/2024

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil No. 1:23-cv-23321-KMM

Rebecca Beliard

Plaintiff,

v.

Frontier Airlines, Inc. (Flight #2984), a
Foreign Profit Corporation

Defendant

### SUR-REPLY TO REPLY AT DKT. 56

MAY IT PLEASE THE COURT:

Comes now the plaintiff, Rebecca Beliard, proceeding *pro se*[1], and, most respectfully, states and prays as follows:

1. In its *Reply* at Dkt. 56, Frontier argues that this Court should strike my *Response in Opposition* because I am being aided by counsel who has not appeared.

2. This is meritless, because Florida Bar Ethics Opinion 79-7 (Reconsideration) (attached) resolves this very issue and clearly permits an attorney to assist a *pro se* plaintiff without entering an appearance in the case, so long as the Court is informed (which I did).

3. Under Local Rule 6(b)(2)(A) (pg. 118), "attorneys practicing before this Court shall be governed by this Court's Local Rules and by the [Florida] Rules of Professional Conduct, except as otherwise provided by specific Rule of this Court".

---

[1] This document was prepared with the assistance of additional counsel.

1

4. Therefore, the attorney who is assisting me is not required to appear before this Court. His assistance is limited in scope, as is allowed per Florida Bar Ethics Opinion 79-7 (Reconsideration).

5. Moreover, I inform that the attorney is admitted in Florida and admitted to practice before this Court.

6. Accordingly, he should be allowed to help me, and Frontier should not interfere with my attorney-client relationship, particularly when there is an Ethics Opinion that specifically contemplates and allows it.

7. Finally, Rule 4(a), which Frontier cites, is not applicable, as it only regulates which attorneys may appear before this Court. However, under our arrangement, my "assistance attorney" will not appear. When Rule 4(a) is read together with the referenced Ethics Opinion, it is clear that such attorney is allowed to assist me, in a limited way, without appearing. In that sense, his help will be limited to advising me on the law and case strategy, and helping me draft documents.

WHEREFORE the plaintiff, Rebecca Beliard, most respectfully requests that this Court reject Frontier's request to strike her *Reply* and allow her arrangement with her "assistance attorney", who will not appear before the Court but will, rather, simply counsel her in her prosecution of this case and help her draft filings and other documents.

I HEREBY CERTIFY that on this same day the foregoing document was filed on paper and will be notified by the CM/ECF system to all counsel of record. I will also notify defense counsel via email.

/Rebecca Beliard/
_____
Rebecca Beliard
121 NE 34th Street
Apt. 2714
Miami, Fl  33137
Email: Rebecca@rebeccabeliard.com

Date:11/15/24




Counsel for defendant is:

SERVICE LIST:
Joshua R. Levenson, Esq.
FBN: 56208
HOLLAND & KNIGHT, LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Email: Joshua.levenson@hklaw.com

Date: 11/15/24

3

**FLORIDA BAR ETHICS OPINION**
**OPINION 79-7 (Reconsideration)**
**February 15, 2000**

**Advisory ethics opinions are not binding.**

Any pleadings or other papers prepared by an attorney for a *pro se* litigant and filed with the court must indicate "Prepared with the Assistance of Counsel." An attorney who drafts pleadings or other filings for a party triggers an attorney-client relationship with that party even if the attorney does not represent the party as attorney of record.

**Note: After this opinion was written, Rule 4-1.2 was amended to add subdivision (c) which provides as follows: If not prohibited by law or rule, a lawyer and client may agree to limit the objectives or scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing. If the attorney and client agree to limit the scope of the representation, the lawyer shall advise the client regarding applicability of the rule prohibiting communication with a represented person.**

**RPC:** Rule 4-3.3, 4-8.4, 4-1.1, 4-1.4, 4-1.7, 4-1.10, 4-1.11, 4-1.8(h)
**Opinions:** 79-7; ABA Informal 1414; Alaska 93-1; New York City 1987-2; North Carolina 114; New York State 613; Virginia 1127

The Committee has revised its original opinion to clarify its views on "ghosted pleadings." Florida Ethics Opinion 79-7 provides, in pertinent part:

> (1) Is it ethical for an attorney to prepare pleadings without signing as attorney for a party?

* * *

> As to the first question, Florida Rule of Civil Procedure 1.030(a) places a duty upon an attorney of record to sign pleadings prepared by him. However, there is no affirmative obligation on an attorney to sign pleadings prepared by him if he is not an attorney of record. It is not uncommon for a lawyer to offer limited services in assisting a party in the drafting of papers while stopping short of representing the party as attorney of record. Under these circumstances, there is no ethical impropriety if the attorney fails to sign the pleadings.

> The Committee takes the position that any pleadings or other papers prepared by an attorney and filed with the court on behalf of a *pro se* litigant must clearly indicate that the litigant was aided by an attorney. Specifically, such filings should state, "Prepared with Assistance of Counsel." The Committee does not express an opinion with respect to any other assistance which an attorney might provide to a party.

County Court Judges who responded to an inquiry from the Committee about Opinion 79-7 expressed concern about *pro se* litigants who appear before them having received limited assistance from an attorney and having little or no understanding of the contents of pleadings these litigants have filed. Almost unanimously, the judges who responded believed that

disclosure of professional legal assistance would prove beneficial, at least where the lawyer's assistance goes beyond helping a party fill out a simple standardized form designed for use by *pro se* litigants. The Committee concurs.

As one judge noted, otherwise the attorney would violate his or her duty of candor to the tribunal as set forth in Rule 4-3.3, Rules Regulating The Florida Bar. See also, ABA Informal Opinion No. 1414 (1978) (attorney who assisted *pro se* litigant in preparing jury instructions, memoranda of authorities and other documents submitted to the Court, violated DR 1-102(A)(4)[1], at least until his participation was disclosed to the court; undisclosed participation by lawyer permits litigant to falsely appear as being without substantial professional assistance); New York City Opinion 1987-2 (disclosure not required if the lawyer merely assists *pro se* litigant in filling out standard forms devised for use by such litigants; however, failure to disclose lawyer's active and substantial assistance to *pro se* litigant constituted misrepresentation to the court and opposing counsel and was misleading because *pro se* litigants receive special consideration and preferential treatment from the court); and Alaska Ethics Opinion 93-1 (unless the lawyer merely helped the client fill out forms designed for *pro se* litigants, the lawyer's assistance to client must be disclosed to the court).

The Committee also cautions lawyers that assisting *pro se* litigants by drafting pleadings on their behalf triggers an attorney-client relationship. Accordingly, a lawyer who aids a *pro se* litigant in such a manner owes the litigant/client all attendant ethical obligations, including but not limited to, duties of competence (Rule 4-1.1), communication (Rule 4-1.4), confidentiality (Rule 4-1.6), and avoidance of conflicts of interest (Rules 4-1.7, 4-1.9 and 4-1.10). Thus, a lawyer assisting a *pro se* litigant must, among other things, explain the scope and consequences of the lawyer-client relationship with the client. See also, North Carolina Ethics Opinion 114 (1991) (lawyer who assists *pro se* litigant forms a lawyer-client relationship and must keep information confidential, avoid conflicts of interest, and otherwise comply with the ethics rules); New York State Opinion 613 (1990) (lawyer who prepares pleadings for *pro se* litigant must disclose the scope and consequences of the lawyer-client relationship, must adequately investigate the matter and prepare pleadings in good faith, and may not limit malpractice liability); and Virginia Ethics Opinion 1127 (1988) (assisting *pro se* litigant by preparing pleadings, discovery requests, or briefs creates a lawyer-client relationship and the attorney must therefore comply with rules on limiting liability and on acceptance and termination of employment).

In summary, the Committee concludes that pleadings or other papers prepared by an attorney and filed with the court on behalf of a *pro se* litigant must indicate "Prepared with Assistance of Counsel." In addition, although lawyer and client may agree that their relationship exists for a limited scope and purpose, to be fully explained to the client, the lawyer nevertheless owes such a client the same ethical obligations owed to any other client.

---

[1] DR 1-102(A)(4) mirrors Florida Rule 4-8.4(d), prohibiting conduct prejudicial to the administration of justice.