UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC. (FLIGHT #2984), a Foreign Profit Corporation

        Defendant.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO REQUEST TO STRIKE

Defendant Frontier Airlines, Inc. ("Defendant") respectfully requests that this Court deny Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Request to Strike ("Motion for Leave") because (1) Plaintiff failed to comply with Southern District of Florida Local Rule 7.1's meet-and-confer requirements and (2) the Motion for Leave (which improperly attaches the Sur-Reply before leave has been granted) is mistakenly premised on a Florida Bar Ethics Opinion and this Court's Local Rules that are both inapplicable because Plaintiff is proceeding *pro se* and is not an attorney practicing before this Court. For these reasons, Plaintiff's Motion for Leave [D.E. 57] should be denied. In support, Defendant states as follows:

### PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 7.1

1. First, Plaintiff's Motion for Leave should be denied because Plaintiff failed to comply with Southern District of Florida Rule 7.1 by not conferring with Defendant's counsel prior to filing the Motion for Leave.[1]

---

[1] This is not the first time Plaintiff has ignored the Court's Local Rules and failed to confer under Local Rule 7.1(a)(3). Indeed, Plaintiff previously filed her *Pro Se* Plaintiff Motion for Extension

2.       Specifically, Local Rule 7.1(a)(3) requires a pre-filing conference prior to filing any motion, except for a limited few not relevant here. Specifically, it states in relevant part:

> Pre-filing Conferences Required of Counsel. **Prior to filing any motion in a civil case**, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, for pro hac vice admission, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award, **counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion**. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. **Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.**

*See* S.D. Fla. L.R. 7.1(a)(3) (emphasis added).

3.       Southern District of Florida Local Rule 1.1 makes clear that "When used in these Local Rules, the word 'counsel' shall be construed to **apply to a party if that party is proceeding pro se**." *See Foreman v. City of Fort Lauderdale*, No. 22-CV-61846-RAR, 2022 WL 16540180, at *1 (S.D. Fla. Oct. 28, 2022) ("Even Plaintiffs appearing *pro se* are required to comply with the

---

of Time To Secure Counsel and Amend Complaint [D.E. 50] without conferring with Defendant's counsel before the filing.

Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure)).  Thus, despite proceeding *pro se*, Plaintiff is obligated to comply with this Court's Local Rules.

4.	As indicated in Local Rule 7.1, this Court has the power to "**deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.**"  *See* S.D. Fla. L.R. 7.1(a)(3) (emphasis added); *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924-CIV, 2018 WL 6520934, at *5 (S.D. Fla. Dec. 11, 2018), *report and recommendation adopted*, No. 16-20924-CIV, 2019 WL 8989848 (S.D. Fla. June 5, 2019) ("due to Plaintiffs' failure to confer under Local Rule 7.1(a)(3) before filing their motions, the Undersigned **respectfully recommends** that the district court **deny** Plaintiffs' Motion[s] to Strike" expert testimony) (emphasis in original).

5.	Thus, because Plaintiff has failed to comply with Local Rule 7.1, Plaintiff's Motion for Leave [D.E. 57] should be denied.

## PLAINTIFF'S IMPROPERLY ATTACHED SUR-REPLY IS MISPLACED

6.	Second, as a threshold issue, Plaintiff has attached her Sur-Reply to the Motion for Leave *before* this Court has decided as to whether leave should be granted.  Notably, however, federal courts in Florida have indicated that the practice of enclosing the proposed sur-reply before being granted leave is improper.  *See, e.g.,* M.D. Fla. L.R. 3.10(d) ("A motion requesting leave to reply must not exceed three pages inclusive of all parts; must specify the need for, and the length of, the proposed reply; and must not include the proposed reply."); N.D. Fla. L.R. 7.1(I) "When leave to file a reply memorandum is required, a party must obtain leave before tendering the reply

3

#513075419_v2

memorandum."). While the Southern District of Florida Local Rules are silent as to this issue, this Court—like the companion district courts in Florida—should not permit such practice.

7. Moreover, even considering the Sur-Reply improperly enclosed to the Motion for Leave, the Sur-Reply is premised on the faulty presumption that Plaintiff, Rebecca Beliard, is an "attorney practicing before this Court" as contemplated under this Court's Local Rules—when, in fact, she is not. *See* S.D. Fla. L.R. 6(b)(2)(A).

8. In her Sur-Reply, Plaintiff relies on Florida Bar Ethics Opinion 79-7 (Reconsideration) and Southern District of Florida Local Rule 6(b)(2)(A) to assert her assistance of counsel is proper. Yet, Florida Bar Ethics Opinion 79-7 (which only requires that a *pro se* litigant indicate that if its pleadings or papers were prepared with the assistance of counsel) and Southern District of Florida Local Rule 6(b)(2)(A) are directed to the attorney assisting Plaintiff—and not Plaintiff herself, who has elected to proceed *pro se*—and are, therefore, inapplicable.

9. Specifically, Local Rule 6(b)(2)(A) states that "[a]ttorneys practicing before this Court shall be governed by this Court's Local Rules and by the Rules of Professional Conduct, except as otherwise provided by specific Rule of this Court." S.D. Fla. L.R. 6(b)(2)(A).

10. Yet, while Plaintiff is an attorney, she is not an "attorney practicing before this Court" because she is not a member of the Southern District of Florida and has elected to appear *pro se* in this case. *See* S.D. Fla. L.R. 6(b)(2)(A). To be sure, that Plaintiff is not a member of Southern District of Florida is confirmed through a search of the "Attorney look up" feature on the Southern District of Florida website. *See United States District Court Southern District of Florida*, https://www.flsd.uscourts.gov/flsd-bar-admission-status-and-admission-date-look (last visited Nov. 19, 2024).

11. Because Plaintiff cannot rely on the Florida Bar Ethics Opinion and Local Rule 6(b)(2)(A) to support her Sur-Reply, the Court should deny Plaintiff's Motion for Leave [D.E. 57].

**WHEREFORE**, Defendant respectfully requests that this Court: (i) deny Plaintiff's Motion for Leave [D.E. 57]; and (ii) grant all other relief as necessary and equitable.

Dated: November 19, 2024

Respectfully submitted,
HOLLAND & KNIGHT LLP

*/s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208
joshua.levenson@hklaw.com
Holland & Knight LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Phone: (954) 525-1000
Fax: (954) 463-2030
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 19, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Rebecca Beliard
RPB Law, PLLC
121 NE 34th St Unit 2714
Miami, FL 33137-3886
Email: hello@rebeccabeliard.com;
rebecca@rebeccabeliardesq.com;
rebecca@rebeccabeliard.com
**[ via E-mail ]**

By: */s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208