UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,
         Plaintiff,
vs.

FRONTIER AIRLINES, INC. (FLIGHT #2984), a Foreign Profit Corporation
         Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS FROM PLAINTIFF

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), pursuant to Federal Rules of Civil Procedure 33, 34, and 37, and Local Rule 26.1(g)(2), respectfully moves the Court for entry of an Order compelling Plaintiff Rebecca Beliard ("Plaintiff") to respond to Defendant's April 30, 2024 Discovery Requests (defined below) and provide all responsive documents to the Discovery Requests.  Alternatively, Defendant renews its request to stay discovery pending resolution of its pending Motion to Dismiss and Motion to Stay.  In support, Defendant states as follows:

### Introduction

1.    This action arises from alleged personal injuries allegedly sustained by Plaintiff. Plaintiff's Second Amended Complaint was dismissed on July 31, 2024 [ECF No. 47], and Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint and Stay Discovery [ECF No. 54] is pending as of the time of this Motion.  In an abundance caution, and because the Court's ruling on Defendant's request to stay discovery remains pending, Defendant is filing this Motion to Compel discovery Plaintiff failed to respond to in compliance with the local rules.

### Plaintiff's Failure to Respond to Discovery or Agree to Stay on Discovery

2.    On April 30, 2024, Defendant served Plaintiff with two sets of written discovery: (i) Defendant's First Set of Interrogatories to Plaintiff Rebecca Beliard (attached hereto as **Exhibit**

**A**), and (ii) Defendant's First Requests for Production to Plaintiff Rebecca Beliard (attached hereto as **Exhibit B**) (collectively, the "Discovery Requests"). Plaintiff had an initial deadline of May 30, 2024 to respond. *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Fed. R. Civ. P. 34(b)(2)(A) ("the party to whom the request is directed must respond in writing within 30 days after being served . . .").

3. Defendant and Plaintiff's prior attorneys then agreed upon multiple extensions of time for Plaintiff to respond pending settlement discussions throughout May to July 2024. On July 31, 2024, while Plaintiff's responses to Defendant's Discovery Requests remained pending, this Court entered an order granting Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and instructed the Clerk of Court to close this case [ECF No. 47]. Upon Plaintiff filing her Third Amended Complaint, the Court instructed the Clerk of Court to reopen this case on October 11, 2024 [ECF No. 53].

4. Now that Plaintiff elected to proceed *pro se*, she claimed on October 28, 2024 that she responded to discovery – the email correspondence is enclosed as **Exhibit C**.[1] Defendant's counsel responded on November 1, 2024 indicating that was not correct in the letter enclosed as **Exbibit D**. Then on November 8, 2024, Plaintiff claimed she needed an unspecified period of time to respond to the Discovery Requests – the email correspondence is enclosed as **Exhibit E.**

5. To date, however, **Plaintiff has failed to provide a written response or produce a single document in connection with the Discovery Requests**.

6. Plaintiff's *complete failure to respond* or object to the Discovery Requests—which were served on Plaintiff over **200 days** ago—has wrongfully deprived Defendant of its rightful

---

[1] This email correspondence contains redactions for confidential settlement communications.

opportunity to investigate Plaintiff's claims and evaluate Defendant's defenses.

7.     Defendant remains willing to table this issue if Plaintiff agrees to a stay on discovery pending resolution or if the Court grants a stay discovery as requested in Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint and Stay Discovery filed on October 18, 2024 [ECF No. 54], but Plaintiff has not agreed to that request to stay discovery.

### **This Court Should Compel Plaintiff To Respond to Defendant's Discovery Requests**

8.     Pursuant to Fed. R. Civ. P. 37, if a party fails to answer interrogatories or requests for production, the discovering party may move for an order compelling a response. *See* Fed. R. Civ. P. 37(a).

9.     Courts routinely grant motions to compel when—as here—there is a complete lack of a response to discovery and a request for extension is not timely made. *See, e.g.*, *Williams v. Perry Slingsby Sys. Inc. v. Technip Group*, Case No. 08-81076, 2009 WL 10668667 (S.D. Fla. Apr. 1, 2009) (granting motion to compel and awarding fees for failure of plaintiff to respond to discovery); *United States v. Valentine*, No. 16-CV-81535, 2017 WL 7806367, at *1 (S.D. Fla. May 10, 2017) (granting motion to compel and awarding fees due to Defendant's failure to respond to Plaintiff's discovery requests).

10.    Additionally, because Plaintiff has failed to respond to the Discovery Requests within the time allotted by the Federal Rules of Civil Procedure, all objections which could have been lodged are waived. *See, e.g.*, *Williams,* 2009 WL 10668667 at *2; *Allstate Ins. Co. v. South Harbor Joint Venture, LC*, 2008 WL 4826094, *1 (S.D. Fla. Nov. 4, 2008) (noting that "failure to respond or object to discovery requests constitutes a waiver of any valid objections that may have been available"); S.D. Fla. L.R. 26.1(e)(2) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.").

11. Defendant should also be awarded its reasonable fees and costs associated with this Motion. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The court will not order this payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

12. Here, Defendant should be awarded its reasonable fees and costs because Defendant, as noted below, attempted to resolve this issue in good faith prior to filing this Motion; Plaintiff's failure to respond to the Discovery Requests was not substantially justified; and there are no circumstances that make an award of reasonable fees and costs to Defendant unjust.

## Alternatively, Request to Stay Discovery

13. As noted in paragraph seven above, Defendant is willing to table the discovery pending resolution of its pending Motion to Dismiss and Stay Discovery filed on October 18, 2024 [ECF No. 54]. Plaintiff has opposed this request. Defendant believes tabling the discovery issues would be prudent in light of the pending Motion to Dismiss, and because it is Plaintiff's *fourth* attempt to state a cause of action. Here, there is no discovery that Plaintiff could seek that will have any bearing on whether they properly pled her claims for relief, which is the sole subject of Defendant's motion. A stay of discovery, therefore, would mitigate potentially unnecessary discovery costs and avoid unnecessary discovery disputes.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3), the undersigned has attempted to resolve this discovery

dispute with Plaintiff prior to bringing the Motion. Specifically, on November 1, 2024, the undersigned provided a detailed letter to Plaintiff via email outlining Plaintiff's failure to respond to Defendant's interrogatories and requests for production. *See* Exhibit D. On November 6, 2024, Plaintiff responded to undersigned counsel regarding the deficiency notice and asked if undersigned could send Plaintiff any requests not yet answered by Plaintiff, which undersigned did that same day. Then, on November 8, 2024, Plaintiff informed undersigned counsel that she was unaware her discovery responses had not been provided to Defendant and that she "will need sufficient time to re-gather this information." *See* Exhibit E. On November 22, 2024, undersigned counsel (Joshua Levenson, Esq.) left a voicemail with Plaintiff and received no response as of this filing, as memorialized in Exhibit E. Because Plaintiff has still not responded to the Discovery Requests as of November 25, 2024 (i.e., 28 days after Plaintiff claimed discovery was already responded to on Oct. 28, 2024), Defendant is filing this Motion in compliance with the timing requirements of Local Rule 26.1(g). Plaintiff opposes a stay on discovery.

**WHEREFORE**, Defendant respectfully requests (i) an Order compelling Plaintiff Rebecca Beliard to provide responses and responsive documents to the Discovery Requests identified above; (ii) the Court award Defendant its attorneys' fees incurred in connection with this Motion; (iii) alternatively, stay discovery pending resolution of the Defendant's Motion to Dismiss; and (iv) grant all other relief as necessary and equitable.

Dated: November 25, 2024

Respectfully submitted,
HOLLAND & KNIGHT LLP

*/s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208
joshua.levenson@hklaw.com
Holland & Knight LLP
515 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301

                                        Phone:  (954) 525-1000
                                        Fax:  (954) 463-2030
                                        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on November 25, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Rebecca Beliard
RPB Law, PLLC
121 NE 34th St Unit 2714
Miami, FL 33137-3886
Email: hello@rebeccabeliard.com;
rebecca@rebeccabeliardesq.com;
rebecca@rebeccabeliard.com
rebecca@rpblawfirm.com
**[ via E-mail ]**

                                      By: */s/ Joshua R. Levenson*
                                              Joshua R. Levenson
                                              Florida Bar No. 56208