# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC. (FLIGHT
#2984), a Foreign Profit Corporation

        Defendant.

_____/

**DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF SERVING**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF REBECCA BELIARD**

        Pursuant to Rule 33, Federal Rule of Civil Procedure, Defendant Frontier Airlines, Inc.

("Frontier") serves its First Set of Interrogatories to Plaintiff Rebecca Beliard, to be answered by

Plaintiff in writing under oath within thirty (30) days from the date of service.

Dated: April 30, 2024.

        Respectfully submitted,
        HOLLAND & KNIGHT LLP

        */s/* Joshua R. Levenson
        Joshua R. Levenson
        Florida Bar No. 56208
        joshua.levenson@hklaw.com
        Holland & Knight LLP
        515 E. Las Olas Boulevard, Suite 1200
        Fort Lauderdale, Florida 33301
        Phone:  (954) 525-1000
        Fax:  (954) 463-2030
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2024, I electronically served the foregoing document on all counsel required to receive notice in a matter authorized by the rules of civil procedure.

Geralda David, Esq.
DAVID LAW OFFICE, P.A.
2200 N. Commerce Parkway, Suite 200
Weston, FL 33326
paralegal@davidlawoffice.com
service@davidlawoffice.com
ghiggins@davidlawoffice.com
gdavid@davidlawoffice.com
*Counsel for Plaintiff*
**[ via E-Service ]**

Brandon E. Stein, Esq.
STEIN LAW, P.A.
20807 Biscayne Boulevard, Suite 200
Aventura, Florida 33180
Telephone: 786.230.3819
Facsimile: 786.627.3302
Email: bstein@steinlaw.com
Email: efranjul@steinlaw.com
*Counsel for Plaintiff*
**[ via E-Service ]**

By: */s/ Joshua R. Levenson*
    Joshua R. Levenson
    Florida Bar No. 56208

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC. (FLIGHT
#2984), a Foreign Profit Corporation

        Defendant.

_____/

## DEFENDANT FRONTIER AIRLINES, INC.'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF REBECCA BELIARD

Pursuant to Rule 33, Federal Rule of Civil Procedure, Defendant Frontier Airlines, Inc. ("Frontier") requests Plaintiff Rebecca Beliard to answer in writing under oath the following Interrogatories within thirty (30) days.

## DEFINITIONS

1.      "Plaintiff", "You", and "Your" shall mean Plaintiff, Rebecca Beliard, in the above styled matter, and all of his/her agents, representatives and attorneys, including all such persons acting or purporting to act on Plaintiff's behalf.

2.      "Frontier" means Frontier Airlines, Inc., its agents, employees, representatives or other persons acting or purporting to act on its behalf, and includes any parent companies, subsidiaries, predecessors, affiliates, successors in interest, departments and divisions of the party that on or about.

3.      "Second Amended Complaint" shall mean the Second Amended Complaint that Plaintiff filed in the Southern District of Florida, Case No. 1:23-cv-23321-KMM on November 29, 2023.

4.      "Incident" refers to the events of May 20, 2022 involving Frontier Flight 2984, as alleged in the Second Amended Complaint.

5.      "Person" shall mean any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

6.      "Documents" shall mean the original and any identical copy, whether in paper or electronic data form, regardless of origin or location, of any writing or record of any type or description in the possession, custody or control of you or of any other person or persons, representatives, agents or attorneys acting on behalf of you, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any non-identical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.

7.      "Communications" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, meeting, telegrams, notes, letters, telecopy transmissions, e-mails, or

any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

8.      The terms "relate to," "related to," or "relating to" shall be construed in their broadest sense and shall mean comprise, consist of, refer to, contain, mention, describe, embody, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, contradict, negate, reflect or be in any way logically or factually connected to, whether directly or indirectly.

9.      "Identify," when used with reference to a natural person means state:

(a)      his/her full name and address (or if the present is not known, his/her last known address);

(b)      the full name and address of each of his/her employers, each corporation of which he/she is an officer or director and each business in which he/she is a principal;

(c)      his/her present (or, if the present is not known, his/her last known) position and his/her position or positions at the time of the act to which the interrogatory answer relates; and

(d)      such other information sufficient to enable Plaintiff to identify the person.

10.      "Identify," when used with reference to any entity other than a natural person, means:

(a)      state the full name of the entity, the type of entity (e.g. corporation, partnership, etc.) the address of its principal place of business, its principal business activity and, if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

      (b)    identify each of the entities' officers, directors, shareholders or other principals;

      (c)    state whatever other information you may have concerning the existence or identity of the entity.

11.    "Identify," when used with reference to a document or communication, means state:

      (a)    its nature (e.g., letter, telegram, memorandum, chart, report, study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

      (b)    the identify of each signer to the document or communication;

      (c)    the title or heading of the document or communication;

      (d)    its substance;

      (e)    its present (or, if the present is not known, the last known) location and custodian;

      (f)    the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (1) you and (2) any other person (naming such other person) who, at the time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

      (g)    the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

12.     You may, in lieu of identifying any document, attach a true copy of such document or communications as an exhibit to your answers to these interrogatories, along with an explicit reference to the interrogatory to which each such attached document or communication relates.

13.     In answering each interrogatory, identify each document or communication or act (a) relied upon in the preparation of each answer; (b) which forms all or part of the basis for that answer; (c) which corroborates the answer; and (d) the substance of which forms all or part of the answer.

14.     If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the affiant any part of the information furnished.

15.     If additional space is required, please attach additional sheets.

16.     All requests are limited to the time period of January 1, 2012 to present, unless otherwise stated.

## <u>INTERROGATORIES TO PLAINTIFF</u>

**<u>INTERROGATORY NO. 1</u>**:

What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the Plaintiff to whom the interrogatories are directed?

**<u>INTERROGATORY NO. 2</u>**:

Describe any and all income earned by Plaintiff for the past 10 years.  Please include the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom Plaintiff has worked or been employed in the past 10 years.

**<u>INTERROGATORY NO. 3</u>**:

List all former names and when You were known by those names.  State all addresses where You have lived for the past 10 years, the dates you lived at each address, the persons with whom You have lived at each address, Your Social Security number, Your date of birth, and, if You are or have ever been married, the date of marriage, the name of Your spouse or spouses, and the date of legal or formal separation or divorce from such spouse(s), if any.

**<u>INTERROGATORY NO. 4</u>**:

Describe in detail how the Incident happened, including what Plaintiff was doing at the time of the Incident, whether any portion of Plaintiff's body struck any portion of the aircraft or another passenger, and if so, what or who, and with what part of Plaintiff's body, and all actions taken by Plaintiff to avoid injuries or damages and/or to lessen, reduce or mitigate Plaintiff's injuries or damages.

**INTERROGATORY NO. 5**:

Was Plaintiff suffering from physical or mental infirmity, disability, or sickness at the time of the Incident? If so, please describe the nature and extent of the infirmity, disability, or sickness, when did it commence, how was it treated and by whom, how did it resolve, and how was it addressed at all times prior to and following the Incident?

**INTERROGATORY NO. 6**:

Please list and describe the nature and substance of each announcement made by the flight or inflight crew on May 20, 2022, onboard Frontier Flight 2984, including announcements made before, during, and after the Incident or the flight.

**<u>INTERROGATORY NO. 7</u>**:

Describe any and all medical treatment or care, including first-aid and emergency care, that Plaintiff received at any time following the Incident, and provide the name(s) and business address(es) of each physician or medical, hospital or rehabilitation facility who has treated or examined you following the Incident for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination, the injury or condition for which you were examined or treated and whether the injury has resolved or the current status of any alleged injuries.

**<u>INTERROGATORY NO. 8</u>**:

List each item of expense or damage that Plaintiff claims to have incurred or sustained as a result of the Incident, including but not limited to any and all medical bills and/or statements for services rendered, paid or unpaid, and any non-medical expenses claims as damages in this lawsuit. Please include a description of the type and nature of the expense or damage; the amount of the expense or damage; complete details of the methods used to compute the value of the expense or damage; who paid the expense or damage, if anyone; and if anyone paid the expense or damage, how much was paid, how much expense or damage remains outstanding, if any, whether any lien or right of subrogation exists, and the specific injury or condition that Plaintiff claims resulted in the expense or damage.

**<u>INTERROGATORY NO. 9</u>**:

Describe each physical, mental, or emotional injury for which Plaintiff is claiming damages in this case, including: (a) the specific part of the body that Plaintiff claims was injured; (b) the nature of the injury; (c) the date the injury first manifested itself or Plaintiff was first aware of such injury; (d) whether the injury is permanent or temporary, and, if temporary, the period thereof; (e) how that injury occurred in the Incident; and, (f) has Plaintiff ever had an injury or condition to that part of Plaintiff's body at any time before the Incident, and if so, please describe the nature of the previous injury or condition, the time frame when such injury or condition first occurred, the treatment received for such injury or condition in the past, and the name and business addresses of each physician, therapist, hospital or other medical provider who has treated or examined you for that injury or condition at any time in the past.

**<u>INTERROGATORY NO. 10</u>**:

Describe in detail all activities that Plaintiff claims Plaintiff was able to perform before the Incident, but that Plaintiff is unable to perform or limited in performing following the Incident, and describe how the Incident resulted in Plaintiff's inability or limited ability to perform the activity, and whether that ability has improved, declined, or remained the same following the Incident, and describe how the ability to perform the activity has improved, declined or remained the same.

12

**INTERROGATORY NO. 11**:

Identify each airplane flight Plaintiff has taken from January 1, 2012 to present. As for each, describe the purpose of the trip, the date(s) of travel, the departure airport, any intermediate destination, and the final destination, and any medical or emotional condition or difficulty Plaintiff encountered in taking or participating in said flight.

**INTERROGATORY NO. 12**:

Please describe the boarding process for Frontier Flight 2984. In Your answer, please state (a) whether You were touched by any employees of Frontier while You were boarding Frontier Flight 2984; (b) where You were seated in the aircraft; (c) whether the aircraft was equipped with a seat that was operational and available for Your use; and (d) whether there were any foreign objects or debris on the ground of the aircraft while You were boarding.

**<u>INTERROGATORY NO. 13</u>**:

List the names and business addresses of all  physicians, medical facilities, or other health care providers by whom or at which Plaintiff has been examined or treated in the past 10 years to present date; and state as to each the dates of examination or treatment and the condition or injury for which Plaintiff was examined or treated.

**<u>INTERROGATORY NO. 14</u>**:

List the names, addresses, and contact information of all persons who are believed or known by Plaintiff, Plaintiff's agents, or Plaintiff's attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**<u>INTERROGATORY NO. 15</u>**:

List the names, addresses, and contact information of every person known to Plaintiff, Plaintiff's agents, or Plaintiff's attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, audio recording, visual recording, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**<u>INTERROGATORY NO. 16</u>**:

Do you contend that You have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Second Amended Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

**INTERROGATORY NO. 17**:

Has Plaintiff has ever made any claim or filed or participated in any lawsuit, other than the instant lawsuit? If so, please state all details giving rise to the claim or lawsuit, including the name, address, and telephone number of the person(s) against whom each claim was made or lawsuit filed and the nature of the injury or damages incurred; the name and location of the court proceeding where a lawsuit was filed; the filing date, the caption and the case number of the lawsuit; the nature of each claim or lawsuit (e.g., personal injury negligence, auto accident, etc.), the nature of the injury(ies) or damages claimed in such claim or lawsuit, the amount sought and recovered in connection with each claim or lawsuit, your attorney for such claim or lawsuit if any, the adverse party's attorney, and the dates the claim or lawsuit was resolved or dismissed.

**INTERROGATORY NO. 18**:

Has Plaintiff ever been convicted of a crime, other than any juvenile adjudication, which under the law under which Plaintiff was convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

**<u>INTERROGATORY NO. 19</u>**:

State the factual basis for any allegation in Plaintiff's Second Amended Complaint against Frontier that the pilots or employees of Frontier acted negligently, carelessly, intentionally, improperly, or otherwise acted below the standard of care or violated its/their respective duty of care, and for each such allegation, describe in detail each act or omission on the part of the pilots or employees of Frontier that you contend constituted the basis for any such claim.

**<u>INTERROGATORY NO. 20</u>**:

Did You consume any alcoholic beverages or take any drugs or medications within 24 hours before the time of the Incident described in the Second Amended Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which You consumed, and the approximate time and location where you consumed it/them.

**<u>INTERROGATORY NO. 21</u>**:

Has anything been paid or is anything payable from any third party for the damages You claim to have sustained in connection with the Incident, including any such damages listed in your answers to these Interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, to whom such payments were made, and which of those third parties have or claim a right of subrogation.

**<u>INTERROGATORY NO. 22</u>**:

Have You heard or do You know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**<u>INTERROGATORY NO. 23:</u>**

Do You claim that any third party committed any act of negligence or bears any responsibility for the claims alleged in Your Second Amended Complaint or for any injuries or damages allegedly sustained or any damages arising from the Incident? If so, please identify the third party, and all actions or inactions by such third party that You contend constitutes negligence or gives rise to such third party having responsibility for the Incident or for any claims alleged in Your Second Amended Complaint.

**(verification on next page)**

19

## <u>VERIFICATION FOR PLAINTIFF REBECCA BELIARD</u>

I swear or affirm that the answers provided to the foregoing are true and correct.

_____
Rebecca Beliard


STATE OF                               )
                                       ) ss:
COUNTY OF                              )

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this ___ day of _____, ____, by _____, who is     personally     known     to     me     or     who     has     produced _____ as identification.

_____
[NOTARIAL SEAL]                    Print Name:_____
Notary Public, State of _____
Commission #:_____
My Commission Expires:_____

20