# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC. (FLIGHT #2984), a Foreign Profit Corporation

        Defendant.
_____/

## DEFENDANT FRONTIER AIRLINES, INC.'S
## FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Frontier Airlines, Inc. ("Frontier") requests Plaintiff Rebecca Beliard to respond to the following Requests for Production within thirty (30) days from the date of service.

## DEFINITIONS

1. Throughout this request, the singular includes the plural, the masculine includes the feminine and neuter, "and" includes "or," "any" includes "all," and vice versa. The words "include" and "including" shall be construed without limitation.

2. "You," "Your," or "Plaintiff" shall mean Plaintiff, Rebecca Beliard, as identified in the Second Amended Complaint, and all of Plaintiff's past or present agents, representatives, attorneys, and all other persons acting or purporting to act on Plaintiff's behalf.

3. "Frontier" means Frontier Airlines, Inc., and any of its agents, employees, representatives or other persons acting or purporting to act on its behalf, and includes any parent companies, subsidiaries, predecessors, affiliates, successors in interest, departments and divisions of the party that on or about.

4. "Second Amended Complaint" shall mean the Second Amended Complaint that Plaintiff filed in the Southern District of Florida, Case No. 1:23-cv-23321-KMM on November 29, 2023.

5. "Incident" refers to the events of May 20, 2022 involving Frontier Flight 2984, as alleged in the Second Amended Complaint.

6. "Person" shall mean any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

7. "Documents" shall mean the original and any identical copy, whether in paper or electronic data form, regardless of origin or location, of any writing or record of any type or description in the possession, custody or control of you or of any other person or persons, representatives, agents or attorneys acting on behalf of you, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any non-identical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.

8. "Communications" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, meeting, telegrams, notes, letters, telecopy transmissions, e-mails, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

9. The terms "relate to," "related to," or "relating to" shall be construed in their broadest sense and shall mean comprise, consist of, refer to, contain, mention, describe, embody, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, contradict, negate, reflect or be in any way logically or factually connected to, whether directly or indirectly.

## **INSTRUCTIONS**

1. Unless otherwise indicated, the relevant time period for the documents requested is from January 1, 2012 to present.

2. These requests relate to all relevant documents and things within Plaintiff's possession, custody, or control, including without limitation documents and things located in the files of all past or present agents, consultants, representatives, attorneys, or other person(s) acting or purporting to act on Plaintiff's behalf.

3. For each document produced, include all additional documents and information necessary to render the produced document comprehensible and not misleading.

4. With respect to those documents to which you may claim privilege, you are requested to identify each such document, in writing, on or before the date of the production set forth herein, together with the following information: (1) the type of document; (2) the general

subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addresses of the document, and any other recipients show in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.  For each such document you are further required to state the basis for your claim of privilege, attorneys' work-product, or trial preparation materials, and if the privilege is governed by state law, indicate the state's privilege rule being invoked.

5.     For each document that would be responsive to one of these requests but has been destroyed, discarded, lost or otherwise disposed of, please furnish a list setting forth as to each document:  (a) the identity of the author or preparer of the document; (b) the identity of the addressee and of every other person who received, read, reviewed, or had access to the document; (c) the date, if any, which the document bears; (e) the date of destruction or other disposition; (f) the person authorizing destruction or other disposition; (g) the person(s) destroying or disposing of the document; and (h) the particular Request that call for the production of the document.

6.     Each Request is continuing in nature to the fullest extent permitted under the Federal Rules of Civil Procedure, and any requested documents obtained or discovered after initial production shall be produced forthwith, no later than 30 days after being obtained or discovered.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**

Copies of each of Plaintiff's respective birth certificate, driver's license, Social Security card, passport, and Heath Insurance Claim Number (HICN) card (if applicable).

**REQUEST NO. 2**

Transcripts from all educational and training institutions attended by Plaintiff including, but not limited to elementary schools, middle schools, high school, vocational schools, colleges and universities.

**REQUEST NO. 3**

All communications, emails, text or SMS messages, WhatsApp messages, correspondence, records, reports, diaries, journals, or recordation of any sort concerning the Incident or Plaintiff's alleged injuries or damages arising from or relating to the Incident.

**REQUEST NO. 4**

All social media or other posts on any social networking site, including but not limited to Facebook, Facebook Messenger, TikTok, Google+, Tumblr, Instagram, Snapchat, Twitter, or any others, concerning the Incident or Plaintiff's alleged injuries or damages arising from or relating to the Incident.

**REQUEST NO. 5**

All photographs, videotape(s), images, accident reports, or other visual representation(s) that depict or detail the aircraft, the scene or aftermath of the Incident or scene.

**REQUEST NO. 6**

All photographs, videotape(s) or other visual representation(s) that depict the injuries, conditions or bases for damages allegedly sustained by Plaintiff arising from or related to the

Incident.

**REQUEST NO. 7**

All statements or reports, whether written or recorded, which describe or relate in any way to the Incident, including those made by or taken from or by Plaintiff, or from any other passenger on Frontier Flight 2984, or from Frontier.

**REQUEST NO. 8**

All news media coverage of the Incident, including statements made to news or media outlets by or on behalf of Plaintiff or by any other passenger on Frontier Flight 2984.

**REQUEST NO. 9**

Copies of all passenger tickets, passage tickets, boarding passes, itineraries, and/or reservation records for air transportation taken by Plaintiff from January 1, 2012 to present.

**REQUEST NO. 10**

Copies of all passenger tickets, passage tickets, boarding passes, itineraries, and/or reservation records for air transportation on Frontier taken by Plaintiff from January 1, 2012 to present, including specifically relating to Frontier Flight 2984 involved in the Incident.

**REQUEST NO. 11**

All receipts, credit card, and bank statements reflecting purchases made by Plaintiff relating to Frontier Flight 2984 or relating to any injury or damages allegedly sustained in, arising from, or related to the Incident for the 30 days leading up to and including the day of the Incident and 30 days following the Incident.

**REQUEST NO. 12**

All documents in Plaintiff's possession listing the names and addresses of all persons who are or were witnesses to Plaintiff's experience in or following the Incident and/or that describe

6

Plaintiff's experience in or following the Incident.

**REQUEST NO. 13**

All documents in Plaintiff's possession listing the names and addresses of all persons who are or were witnesses to Plaintiff's alleged injuries or damages caused in or as a result of the Incident, and/or that describe the knowledge of each such persons.

**REQUEST NO. 14**

All documents that support Plaintiff's claim for injuries and damages as alleged in the Second Amended Complaint, including but not limited to medical, hospital, or other treatment records.

**REQUEST NO. 15**

All documents evidencing the following damages, if alleged in the Second Amended Complaint:

(a) medical, hospital or other treatment costs and expenses related to any condition or injury allegedly caused in or related to the Incident (whether paid by You or someone else);

(b) loss of income, loss of earning capacity, loss of benefits, and any other economic losses You claim to have sustained in or as a result of the Incident;

(c) personal injuries (physical and mental), including but not limited to photographs, videotapes, and other visual representations that depict the injuries or other conditions allegedly caused in or related to the Incident;

(d) loss of household or other services, consortium, society, comfort, companionship, nurture, care, and guidance;

(e) inability or limitations to do now, because of the Incident, activities that You were able to do before the Incident or did without limitations before the Incident;

(f) any other damages alleged by You in the Second Amended Complaint or otherwise arising from or related to the Incident.

**REQUEST NO. 16**

All documents reflecting all payments, money, reimbursements, credits, insurance payments or proceeds, or other goods or services you received as a result of the Incident or for treatment received relating to or arising from the Incident.

**REQUEST NO. 17**

All federal, state or local income tax returns (or similar documents issued in another country), and all schedules and attachments thereto, filed by or on behalf of Plaintiff for the years 2012 through present. In addition, please provide duly executed authorization (Form 4506) permitting the attorneys for Frontier to obtain certified copies of same (see attached authorization).

**REQUEST NO. 18**

All W-2, 1099 or other income or wage forms or statements issued to Plaintiff during the years 2012 through present.

**REQUEST NO. 19**

All documents concerning life, health, disability, and accident insurance policies held by or covering you for the years 2012 through present, including the policy itself and any claims and/or benefit payments made under the policy.

**REQUEST NO. 20**

All documents concerning any rejection of an application made by or on behalf of you for life, health, disability, or accident insurance, or of any issuance of such insurance at higher than the usual premium, for any reason directly or indirectly related to medical grounds.

**REQUEST NO. 21**

All payroll, personnel, and other employment records concerning Plaintiff for the years 2012 through present.  In addition, please provide a duly executed authorization permitting the

attorneys for Frontier to obtain certified copies of same (see attached authorization).

**REQUEST NO. 22**

All statement of wages or earnings for Plaintiff, including periods of employment and names and addresses of employers, maintained by the Social Security Administration. In addition, please provide a duly executed authorization permitting the attorneys for Frontier to obtain certified copies of same (see attached authorization).

**REQUEST NO. 23**

All reports of medical, economic, vocational, or other experts that describe, evidence, or refer to the injuries or damages claimed to have been sustained by Plaintiff in or as a result of the Incident.

**REQUEST NO. 24**

All documents that describe, evidence, or refer to Plaintiff's physical and/or mental condition <u>before the Incident</u>, including all records and invoices or bills of any physician, nurse, other physical or mental health care provider, hospital, clinic, or other medical or health care facility who or which treated or examined Plaintiff during the period January 1, 2012 through the date of the Incident. In addition, please provide a duly-executed authorization permitting the attorneys for Frontier to obtain certified copies of same (see attached authorization).

**REQUEST NO. 25**

All documents that describe, evidence, or refer to Plaintiff's physical and/or mental condition <u>from the date of the Incident up to the present time</u>, and continuing, including all records and invoices or bills of any physician, nurse, other physical or mental health care provider, hospital, clinic, or other medical or health care facility who or which treated or examined Plaintiff. In addition, please provide a duly-executed authorization permitting the attorneys for Frontier to

obtain certified copies of same (see attached authorization).

**REQUEST NO. 26**

All documents that describe, evidence, or refer to any pre-existing injury or condition claimed by Plaintiff to be aggravated or exacerbated as a result of the Incident, including all records and bills of any physician, nurse, other physical or mental health care provider, hospital, clinic, or other medical or health care facility who or which treated or examined Plaintiff. In addition, please provide a duly-executed authorization permitting the attorneys for Frontier to obtain certified copies of same (see attached authorization).

**REQUEST NO. 27**

All documents that describe, evidence, or refer to any part of Plaintiff's body that Plaintiff claims was injured in the Incident, including all records and invoices or bills of any physician, nurse, other physical or mental health care provider, hospital, clinic, or other medical or health care facility who or which treated or examined Plaintiff at any time in the past up to present time for those specific areas of Plaintiff's body. In addition, please provide a duly-executed authorization permitting the attorneys for Frontier to obtain certified copies of same (see attached authorization).

**REQUEST NO. 28**

All records of any claims made by you with the United States, any federal, state, or any local government or any agency thereof, in connection with any illness, injury or disability suffered by you prior to the Incident.

**REQUEST NO. 29**

All records of any claims made by Plaintiff with the United States, any state, or any local government or any agency thereof, in connection with any illness, injury or disability suffered by

Plaintiff during the period <u>from the date of the Incident up to the present time</u>.

**REQUEST NO. 30**

All documents relating to any workmen's compensation claims, armed services benefits, or other governmental or employment benefits, made by or paid to the Plaintiff as a result of the Incident; or any injury, illness, or disability of the Plaintiff.

**REQUEST NO. 31**

All documents relating to Plaintiff's use of drugs, including prescription drugs, or alcohol prior to and including on the date of Incident, including any treatment sought, obtained, or ordered for same.

**REQUEST NO. 32**

All documents that describe, evidence, or refer to any claims or lawsuits (including complete litigation and court files) made by Plaintiff (other than this lawsuit) or brought against Plaintiff.

**REQUEST NO. 33**

All documents and communications Plaintiff obtained or received in response to any subpoena, Freedom of Information Act request, or similar request in connection with the Incident.

**REQUEST NO. 34**

All documents identified in Plaintiff's answers to Frontier's Interrogatories, all documents to which Plaintiff referred or on which Plaintiff relied in formulating answers to Frontier's Interrogatories, and all documents that substantiate statements made in Plaintiff's answers to Frontier's Interrogatories.

**REQUEST NO. 35**

All documents which Plaintiff relied upon when drafting the Second Amended Complaint and/or that support Plaintiff's allegations that Frontier is liable pursuant to the allegations in the

Second Amended Complaint.

**REQUEST NO. 36**

All documents which Plaintiff intends to introduce as evidence, or use in any fashion, at trial.

**REQUEST NO. 37**

All expert reports, communications, evaluations, recommendations, and other documents prepared by any and all experts who will testify at trial.

**REQUEST NO. 38**

All reports, manuals, textbooks, policy sheets or other documents, or communications which any said expert or witness has consulted or reviewed as a result or in preparation of this litigation or will consult or review and/or rely upon in connection with the expert's or witness's testimony.

**REQUEST NO. 39**

Resumes and qualifications of any and all experts who will testify at trial.

**REQUEST NO. 40**

All documents received pursuant to subpoenas issued to third parties, including the FAA, NTSB, health care providers, or anyone else.

Dated: April 30, 2024.

        Respectfully submitted,
        HOLLAND & KNIGHT LLP

        */s/* Joshua R. Levenson
        Joshua R. Levenson
        Florida Bar No. 56208
        joshua.levenson@hklaw.com
        Holland & Knight LLP
        515 E. Las Olas Boulevard, Suite 1200
        Fort Lauderdale, Florida 33301
        Phone:  (954) 525-1000

Fax: (954) 463-2030
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2024, I electronically served the foregoing document on all counsel required to receive notice in a matter authorized by the rules of civil procedure.

| | |
|---|---|
| Geralda David, Esq.<br>DAVID LAW OFFICE, P.A.<br>2200 N. Commerce Parkway, Suite 200<br>Weston, FL 33326<br>paralegal@davidlawoffice.com<br>service@davidlawoffice.com<br>ghiggins@davidlawoffice.com<br>*Counsel for Plaintiff*<br>**[ via E-Service ]** | Brandon E. Stein, Esq.<br>STEIN LAW, P.A.<br>20807 Biscayne Boulevard, Suite 200<br>Aventura, Florida 33180<br>Telephone: 786.230.3819<br>Facsimile: 786.627.3302<br>Email: bstein@steinlaw.com<br>Email: efranjul@steinlaw.com<br>*Counsel for Plaintiff*<br>**[ via E-Service ]** |

By: */s/ Joshua R. Levenson*
    Joshua R. Levenson
    Florida Bar No. 56208