# EXHIBIT E

| | |
|---|---|
| **From:** | Levenson, Joshua R (FTL - X27852) |
| **Sent:** | Friday, November 22, 2024 1:59 PM |
| **To:** | Rebecca P. Beliard, Esq. |
| **Cc:** | Bittle, Jordan N (FTL - X27988) |
| **Subject:** | RE: Beliard - Deficiency Letter to Plaintiff re Discovery Responses(512242077.1).pdf |

Dear Ms. Beliard,

I am following up on the email below and the voicemail I left you at (631) 839-1348 this afternoon, which is the number for your office from the Florida Bar website. I did not see a different telephone number in your complaint or subsequent filings. Please let us know the status of Plaintiff's response to the pending discovery requests so we can document Plaintiff's position. We are still waiting for confirmation from you regarding the emails below as to deposition topics as well. As mentioned below, if you are willing to agree to a stay on discovery pending resolution of the Motion to Dismiss, then we would be willing to table these issue. But because you are insisting on discovery, we are proceeding accordingly as well.

Thank you.

Josh

**Joshua Levenson** | **Holland & Knight**
Partner
Holland & Knight LLP
515 East Las Olas Boulevard, Suite 1200 | Fort Lauderdale, Florida 33301
Phone 954.468.7852 | Fax 954.463.2030
joshua.levenson@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Levenson, Joshua R (FTL - X27852)
**Sent:** Friday, November 8, 2024 4:41 PM
**To:** Rebecca P. Beliard, Esq. <rebecca@rpblawfirm.com>
**Cc:** Bittle, Jordan N (FTL - X27988) <Jordan.Bittle@hklaw.com>
**Subject:** RE: Beliard - Deficiency Letter to Plaintiff re Discovery Responses(512242077.1).pdf

Ms. Beliard,

Frontier's discovery requests have been pending for almost six months. If Frontier does not receive responses to the discovery in accordance with our prior deficiency notice, we will seek the assistance of the court. If you are willing to agree to a stay on discovery pending resolution of the Motion to Dismiss, then we would be willing to table this issue. But because you are insisting on discovery, we will proceed accordingly as well.

Regarding your discovery responses, I suggest you speak with an attorney as I cannot provide you with legal advice. All of the requests were made in accordance with the Federal Rules of Civil Procedure and do not seek anything that is objectionable. This is the first time I'm being advised by Plaintiff's side that you are seeking an extension to object and not provide documents. Regarding your one example of a social security number, that is relevant because you filed a personal injury lawsuit putting your physical and mental health at issue. My client is entitled to your social security

number so it can do its own investigation into your medical records, social media records, work records, and other relevant information to assess the credibility of your claim.  This is routinely provided, and I am confident the court will require you to produce it.

Regarding the deposition, when your prior attorney Brandon asked for a corporate representative deposition, he said on the phone that he only needs availability for a 1-to-2-hour deposition.  I told him, like I asked you, that we need topics for this deposition because we're required to notify the TSA if you intend to ask question relating to any Sensitive Security Information and then the TSA will need time to determine if they want to attend the deposition too.   And so, we can identify the correct person(s) to serve as the corporate representative.  Brandon provided proposed topics in May, but then we tabled the issue of the deposition to focus on settlement discussions.  Brandon's paralegal, Evelin, then provided four topics on July 12, 2024 – before the case was dismissed and ordered to be closed.   As you know, the Court then dismissed your case on July 31, 2024, and closed it with the court, rendering all pending discovery closed as of that order.

On October 24, 2024, you asked for a "7 hour" corporate representative deposition.  I am not going to make any assumptions on your motivation for that deposition, nor was I going to assume that you meant to cover the same topics that Evelin emailed on July 12 when Brandon wanted a 1-to-2-hour deposition – and who sought to withdraw from representing you over "irreconcilable differences." That is why I asked you to provide the corporate representative topics for the deposition you were asking for.  This is a customary request so we're all on the same page and wasn't, as you seem to believe, some sort of act of gamesmanship.  This could have been avoided had you just provided the topics, or advised you were seeking to revive the request for the 1-to-2-hour deposition Brandon was seeking before the complaint was dismissed.   Instead of providing me with topics, you resorted to making baseless threats and cryptic references to a "violation of law".   I will not respond to such bizarre allegations.  I will note that when you asked me to provide you with the discovery that was served, I did not tell you to go figure it out – I resent you the PDFs.  When I asked for confirmation of corporate representative topics, you failed to provide the same courtesy.   If your request for a deposition is to be on the same four topics that Evelin emailed me, please advise why you need 7 hours for that deposition, when Brandon requested only 1 to 2 hours.  Please confirm your request is on the same four topics that Evelin emailed on July 12 and no other topics so we can make arrangements to notify the TSA as needed and to object as needed.  Our position is that the deposition is premature in light of the pending Motion to Stay discovery, the need to alert the TSA, and will advise the court of that as well.

Josh

**Joshua Levenson** | **Holland & Knight**
Partner
Holland & Knight LLP
515 East Las Olas Boulevard, Suite 1200 | Fort Lauderdale, Florida 33301
Phone 954.468.7852 | Fax 954.463.2030
joshua.levenson@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Rebecca P. Beliard, Esq. <rebecca@rpblawfirm.com>
**Sent:** Friday, November 8, 2024 12:09 AM
**To:** Levenson, Joshua R (FTL - X27852) <joshua.levenson@hklaw.com>
**Cc:** Bittle, Jordan N (FTL - X27988) <Jordan.Bittle@hklaw.com>
**Subject:** Re: Beliard - Deficiency Letter to Plaintiff re Discovery Responses(512242077.1).pdf

*[External email]*

Hi Josh,

2

Thank you for your email. I did discuss some of this information with my former attorney, however, I was unaware that my answers had not been provided to you. That said, I will need sufficient time to re-gather this information. I am confident that the court would agree that additional time is required to complete this.

Additionally, please refrain from referencing the time allowed for my former counsel, as they are no longer representing me, and I am now handling this matter pro se. As such, I am unfamiliar with many aspects of this process and my case and will need time to compile the information being requested and will also need to discuss with the court whether I am obligated to provide some of the requested information. Several of your requests seem overly broad and invasive. For example, I am unclear as to why you need my Social Security number, as it is sensitive personal information that is not relevant to the case. Unless you can provide a clear and reasonable explanation for its necessity, I cannot consent to sharing such information.

Furthermore, I am confused about your request for documents. You previously indicated that continuing discovery would be improper, yet you are now asking for a range of documents. Can you clarify whether your position has changed and whether you now believe it is appropriate to proceed with discovery? My understanding is that discovery is improper only if a judge dictates that, but as a pro se litigant, I am still unfamiliar with all the rules and procedures. Please clarify your position.

I also need confirmation that you have provided responses to all of my former attorney's questions and document requests. If so, please send them to me so I can review them and keep a record.

I requested deposition dates by this Wednesday but have not yet received a response. The topics have already been sent to you, despite your indication that they had not been received. Please check your records and let me know your client's availability, as I am looking to schedule depositions timely.

Finally, I must express my concern. I trust there has been no intentional misrepresentation, either to me or to the court, regarding certain statements you've made. Specifically, you initially indicated that discovery was improper, and you previously claimed to have not received the topics, despite my records clearly showing they were properly served. As you are likely aware, such conduct could be perceived as unethical and potentially a violation of law. I trust this was merely an unintentional oversight on your part, and that you will uphold the highest ethical standards in our communications.

Thank you and I look forward to your response.

Regards,
Rebecca

---

**From:** joshua.levenson@hklaw.com <joshua.levenson@hklaw.com>
**Sent:** Wednesday, November 6, 2024 5:14 PM
**To:** Rebecca P. Beliard, Esq. <rebecca@rpblawfirm.com>

3

**Cc:** Jordan.Bittle@hklaw.com <Jordan.Bittle@hklaw.com>
**Subject:** RE: Beliard - Deficiency Letter to Plaintiff re Discovery Responses(512242077.1).pdf

Dear Ms. Beliard,

Attached are the discovery requests that are overdue. Plaintiff has not yet responded to the attached Request for Production or First Set of Interrogatories. We provided multiple extensions to your prior attorneys, and last week was the first time we were advised that we had a disagreement regarding the discovery requests based on your inaccurate statement that they were allegedly responded to already.

Josh

**Joshua Levenson** | **Holland & Knight**
Partner
Holland & Knight LLP
515 East Las Olas Boulevard, Suite 1200 | Fort Lauderdale, Florida 33301
Phone 954.468.7852 | Fax 954.463.2030
joshua.levenson@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Rebecca P. Beliard, Esq. <rebecca@rpblawfirm.com>
**Sent:** Wednesday, November 6, 2024 1:28 PM
**To:** Arias, Michelle (FTL - X27818) <michelle.arias@hklaw.com>
**Cc:** Levenson, Joshua R (FTL - X27852) <joshua.levenson@hklaw.com>; Bittle, Jordan N (FTL - X27988) <Jordan.Bittle@hklaw.com>; Swain, Martell R (FTL - X27992) <Martell.Swain@hklaw.com>
**Subject:** Re: Beliard - Deficiency Letter to Plaintiff re Discovery Responses(512242077.1).pdf

*[External email]*

Hi Michelle,

Thank you for your email.

Josh, could you please clarify which questions have not yet been addressed? As far as I'm aware, all questions asked of me have been answered, but I'd appreciate it if you could send over any specific questions that remain open so I can ensure you have responses.

Thank you.

Best regards,
Rebecca

**From:** michelle.arias@hklaw.com <michelle.arias@hklaw.com>
**Sent:** Friday, November 1, 2024 5:14 PM
**To:** Rebecca P. Beliard, Esq. <rebecca@rpblawfirm.com>; Rebecca P. Beliard, Esq. <rebecca@rpblawfirm.com>; Rebecca P. Beliard, Esq. <rebecca@rpblawfirm.com>; Rebecca P. Beliard, Esq. <rebecca@rpblawfirm.com>

**Cc:** joshua.levenson@hklaw.com <joshua.levenson@hklaw.com>; Jordan.Bittle@hklaw.com <Jordan.Bittle@hklaw.com>; Martell.Swain@hklaw.com <Martell.Swain@hklaw.com>
**Subject:** Beliard - Deficiency Letter to Plaintiff re Discovery Responses(512242077.1).pdf

Please see attached correspondence dated November 1, 2024.

Sent on behalf of

**Joshua Levenson** | **Holland & Knight**
Partner
Holland & Knight LLP
515 East Las Olas Boulevard, Suite 1200 | Fort Lauderdale, Florida 33301
Phone 954.468.7852 | Fax 954.463.2030
joshua.levenson@hklaw.com | www.hklaw.com

Add to address book | View professional biography
NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.