UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23321-KMM

REBECCA BELIARD,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

_____/

**ORDER**

THIS CAUSE came before the Court upon Defendant Frontier Airlines, Inc.'s ("Defendant") Motion to Dismiss Third Amended Complaint. ("Mot.") (ECF No. 54). Plaintiff Rebecca Beliard ("Plaintiff") filed a Response in opposition. ("Resp.") (ECF No. 55). Defendant filed a Reply. ("Reply") (ECF No. 56). Plaintiff's Second Amended Complaint ("SAC") was previously dismissed without prejudice for failure to state a claim. *See generally* ("Order") (ECF No. 47). As set forth below, the Court GRANTS the Motion and DISMISSES Plaintiff's Third Amended Complaint WITH PREJUDICE.

**I.    BACKGROUND**[1]

The Court presumes the Parties' familiarity with the factual background of the case. *See* Order. Nevertheless, the Court briefly describes the relevant facts applicable to the instant Motion.

On May 20, 2022, Plaintiff boarded Frontier Airlines Flight No. 2984 at Miami

---

[1] The following facts are taken from the Third Amended Complaint, ("TAC") (ECF No. 52), and are accepted as true for purposes of ruling on the Motion to Dismiss. *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022).

International Airport for a direct flight to Baltimore, Maryland scheduled to depart at 6:00 AM. *See* TAC ¶ 6. Plaintiff alleges that while boarding the flight, Plaintiff was "subjected to unwarranted, aggressive, unsafe, and improper instructions and commands from Defendant's Flight Attendants to disregard the clear obstacles of both a passenger and their luggage blocking the aisle and was improperly instructed to proceed to her seat." *Id.* ¶ 11. Plaintiff further alleges that the flight attendant "acted in direct contradiction of FAA regulations and aggressively urged, commanded, and improperly instructed Plaintiff to bypass the obstruction, neglecting the safety and well-being of Plaintiff." *Id.* ¶ 14. Plaintiff then "had no choice" but to move forward, "causing her to fall as she attempted to navigate the obstacles." *Id.* ¶ 14. Plaintiff states that as a result of the fall, Plaintiff sustained injuries including "a torn ACL and meniscus, necessitating extensive surgery and continued physical therapy." *Id.* ¶ 24.

In her TAC, Plaintiff asserts one count of general negligence against Defendant based on Defendant's purported breach of its duty. *Id.* ¶¶ 27–49. Now before the Court is Defendant's Motion to Dismiss the Third Amended Complaint. *See* Mot.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's

factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. DISCUSSION

In the instant Motion, Defendant argues that Plaintiff's TAC should be dismissed for three reasons: (1) Plaintiff fails to sufficiently allege that Defendant breached its duty of care or caused Plaintiff's injuries, (2) Plaintiff fails to state a claim for premises liability, to the extent the Court construes the TAC as being a claim in premises liability, (3) Plaintiff fails to state a claim for negligent training, to the extent the Court construes the TAC as alleging a cause of action under a negligent training theory, and (4) Plaintiff's negligence claim is preempted by federal law. *See generally* Mot. In response, Plaintiff maintains that (1) the TAC is "more than sufficient" to state a claim, (2) there is no inconsistency between the operative complaint and previous complaints, (3) the TAC supersedes all others and should be considered alone, and (4) the TAC states causes of action under Florida law. *See generally* Resp. Defendant further argues in its Reply that the Court should use its inherent authority to strike Plaintiff's response for violating the rule prohibiting the unauthorized practice of law. *See* Reply at 9. The Court addresses Defendant's arguments in turn.

### A. Request to Strike Plaintiff's Response

Before addressing the merits of the Motion, the Court first turns to Defendant's request to strike Plaintiff's Response in opposition to the Motion. Reply at 9. Plaintiff, appearing *pro se*,[2] discloses in her Response that it was prepared "with the assistance of counsel." Resp. at 1 n.1. Defendant argues that this assistance violates Rule 4(a) of the Southern District of Florida Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, which states that "[o]nly members of this Court's bar may appear as attorneys before the Court, except when the Court permits an appearance pro hac vice." Defendant argues that since the unnamed counsel has not filed an appearance, Plaintiff is "circumventing this Court's local rules" by receiving assistance from unnamed counsel with the practice of law. Reply at 9.

Plaintiff then filed a Motion for Leave to File Sur-Reply in Opposition to Defendant's Request to Strike. *See* (ECF No. 57). Therein, Plaintiff requests to file a Sur-Reply to Defendant's Reply, stating that in accordance with Florida Bar Ethics Opinion 79-7, attorneys are permitted to assist a *pro se* plaintiff without entering an appearance in the case, so long as the Court is informed. *Id.* Defendant then filed a response in opposition to Plaintiff's Motion for Leave to File Sur-Reply, arguing: (1) Florida Bar Ethics Opinion 79-7 and Southern District of Florida Local Rule 6(b)(2)(A) do not apply to Plaintiff, who has elected to appear *pro se*, because she is not an attorney practicing before the Court; (2) Plaintiff failed to comply with Southern District of Florida Local Rule 7.1 by not conferring with Defendant's counsel prior to

---

[2] Plaintiff was previously represented by counsel, but the Court granted counsel for Plaintiff's Motion to Withdraw as Counsel of Record due to "irreconcilable differences." *See* (ECF No. 49). The Court further granted Plaintiff an extension of time to file an Amended Complaint, in light of Plaintiff proceeding without counsel. Plaintiff filed a Third Amended Complaint, *pro se*, on October 4, 2024.

filing the Motion for Leave; and (3) Plaintiff improperly attached her proposed Sur-Reply before the Court granted leave. *See generally* (ECF No. 58).

Turning to Defendant's first argument, Local Rule 6(b)(2)(A) states that "[a]ttorneys practicing before this Court shall be governed by this Court's Local Rules and by the Rules of Professional Conduct, except as otherwise provided by specific Rule of this Court." Defendant continues that since Plaintiff is not an "attorney practicing before this Court," Plaintiff cannot rely on the Florida Bar Ethics Opinion and Local Rule 6(b)(2)(A) to support her Sur-Reply. (ECF No. 58) at 4.  From what the Court can ascertain, Defendant is both arguing that Plaintiff has violated the Local Rules, yet at the same time, that Plaintiff cannot argue that she has followed the local rules, because they do not apply to her.  Put differently, the Local Rules only apply to Plaintiff when convenient for Defendant.

Under Southern District of Florida Local Rule 1.1, the word "counsel" when used in the local rules "shall be construed to apply to a party if that party is proceeding *pro se*."  With this understanding, Defendant fails to cite to any case or proffer a cogent argument for why Florida Bar Ethics Opinion 79-7 (Reconsidered), which permits an attorney to indicate on pleadings for a *pro se* litigant "Prepared with the Assistance of Counsel," does not apply in this case.  As for Defendant's additional arguments, while Plaintiff should have conferred with Defendant before filing her motion, there is no Local Rule in this district that forbids Plaintiff from attaching her Sur-Reply to her Motion for Leave.  Accordingly, the Court will not exercise its discretion to strike Defendant's response, "a drastic remedy generally disfavored by courts." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015) (internal citation and quotations omitted).

By citing to a litany of improperly applicable local rules in its request to strike and the pleadings that followed, Defendant does nothing more than delay the disposition of its Motion to Dismiss. Accordingly, Defendant's request to strike Plaintiff's Response is denied.

**B. Federal Preemption**

The Court now addresses Defendant's argument that dismissal is warranted because Plaintiff's state law negligence claim is preempted by the Federal Aviation Act of 1958 ("FAA"), 49 U.S.C. § 40101 *et seq.*, and its implementing regulations. *See* Mot. at 4–6; Reply at 4. The Court previously rejected this argument. *See* Order at 3–5. It is well settled Eleventh Circuit precedent that Congress's enactment of a provision in the FAA providing for express preemption of state laws "having a connection with or reference to airline rates, routes, or services" implies that items outside the scope of that provision are not preempted by the FAA. *Public Health Trust of Dade County, Florida v. Lake Aircraft, Inc.*, 992 F.2d 291, 295 (11th Cir. 1993) (finding injured passenger's state law design defect claims not preempted by federal regulations promulgated under the FAA). Although other courts have reached a different conclusion,[3] the case law in this Circuit makes clear that *Public Health Trust* "remains good law" and "definitively resolves the implied preemption argument raised by Defendant." *Psalmond v. Delta Air Lines, Inc.*, No. 1:13-CV-2327-JEC, 2014 WL 1232149, at *4 (N.D. Ga. Mar. 25, 2014); *see also Ballenger v. Sikorsky Aircraft Corp.*, No. 2:09CV72-MHT, 2011 WL 5245209, at *2 (M.D. Ala. Nov. 3, 2011) ("[T]his court has no choice but to follow the Eleventh Circuit's decision in Public Health Trust."); *Morales*, 2018 WL 11467406, at *2.

---

[3] Indeed, "[m]any courts that have considered the issue of whether federal law preempts state law in the field of aviation safety have found in the affirmative." *Morales*, 2018 WL 11467406, at *2 (collecting cases). However, the Eleventh Circuit is "among the minority of courts to have reached the opposite conclusion." *North v. Precision Airmotive Corp.*, No. 6:08-CV-2020-ORL, 2011 WL 679932, at *4 (M.D. Fla. Feb. 16, 2011).

6

Defendant now argues that unlike Plaintiff's prior iterations of her complaint, Plaintiff's TAC contains allegations referencing and citing to FAA regulations, including that "Defendant's flight attendant acted in direct contradiction off FAA regulations." TAC ¶ 13. Defendant goes on to state that "[a]ny argument that Defendant's flight attendants violated the federal standard of care or that the interior of the subject aircraft had an unsafe layout is preempted by federal law and cannot serve as the basis of a claim for state law." Mot. at 17. The Court is not persuaded by this argument. The Court interprets Plaintiff's allegations as simply providing a description of the subject area as context for Plaintiff's claims. Any vague reference to unspecified FAA regulations does not automatically strip Plaintiff of her underlying state law negligence claims, which the Eleventh Circuit has explicitly found are not preempted. *See Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1258 (11th Cir. 2003); *see also Mennella v. Am. Airlines, Inc.*, No. 17-21915-CIV, 2019 WL 1429636, at *7 (S.D. Fla. Mar. 29, 2019) ("[T]he Eleventh Circuit has specifically excluded claims for negligence arising from personal injuries resulting from the operation or maintenance of the aircraft"), *aff'd,* 824 F. App'x 696 (11th Cir. 2020).

Accordingly, the Court will again not dismiss Plaintiff's Third Amended Complaint on federal preemption grounds.

### C. General Negligence[4]

The Court next turns to Defendant's argument that dismissal of Plaintiff's claim is warranted under ordinary negligence principles, because Plaintiff has failed to sufficiently plead the elements of breach and causation. *See* Mot. at 8–10. Defendant argues that the TAC fails to fix the deficiencies outlined by this Court in its Order on Plaintiff's SAC. Upon review, the Court agrees that Plaintiff fails to sufficiently allege that Defendant breached its duty of care or caused Plaintiff's injuries.

Under Florida law, a claim for negligence consists of four elements: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Sequeira v. GEICO Gen. Ins. Co.*, No. 16-24542-CIV, 2017 WL 6557427, at *3 (S.D. Fla. Apr. 7, 2017) (quoting *Est. of Rotell ex rel. Rotell v. Kuehnle*, 38 So. 3d 783, 788 (Fla. 2d DCA 2010)). "To successfully raise a claim in negligence, a complaint must contain ultimate facts supporting each element of the negligence cause of action." *Alvarez v. E & A Produce Corp.*, 708 So. 2d 997, 1000 (Fla. 3d DCA 1998).

The Court begins by highlighting Plaintiff's attempts to remedy her SAC in accord with the Court's Order dismissing this Action. In the Court's Order, as to the breach element, the

---

[4] The Court takes note that Defendant also argues that to the extent the Court interprets the TAC as being a claim in premises liability, Plaintiff's claim fails. *See* Mot. at 12. As the Court previously held, the Court declines to construe Plaintiff's claim as one for premises liability, in light of Plaintiff's explicit rejection of this theory of liability. *See* Resp. at 12 ("[I]t is evident that this is not a premises liability case"); *see also Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("The party who brings a suit is master to decide what law [s]he will rely upon."). Moreover, Defendant has not provided, nor has the Court independently identified, any case law supporting Defendant's position that Plaintiff's claim is "overtly" a premises liability claim, and may not be brought under a theory of general negligence. *See generally* Mot. The Court therefore rejects Defendant's attempt to recast Plaintiff's claim under a legal theory that she does not pursue. *See Rhodes v. Embry-Riddle Aeronautical Univ., Inc.*, 513 F. Supp. 3d 1350, 1357 (M.D. Fla. 2021).

8

Court held that "Plaintiff fails to plead factual content sufficient to allow the Court to draw the inference that Defendant breached any duty to Plaintiff." Order at 7. Specifically, the Court held that "Plaintiff does not appear to allege that Defendant's flight attendants ever made physical contact with Plaintiff." *Id.* As to causation, the Court further held "Plaintiff's SAC is simply devoid of any factual allegations indicating how Defendant's purported negligence caused Plaintiff to trip and fall." *Id.*

Now, in the TAC, Plaintiff does not allege that Defendant made any physical contact with her, but rather states that the airplane aisle was "obstructed" by "both a passenger and their luggage." *Id.* ¶ 12. Plaintiff alleges that the flight attendant's instructions breached the standard of care expected in managing passenger boarding, a breach which was "further exacerbated by Defendant's failure to ensure its Flight Attendants were adequately trained to handle such situations, prioritizing timely departure over passenger safety." *Id.* ¶ 36.

Beginning with breach, the Court cannot conclude that Plaintiff has repleaded her allegations in the TAC to state a viable claim. Plaintiff alleges that Defendant "breached its duties to its passengers, including Plaintiff Beliard, when its flight attendants coerced, forced, ordered, pressured, and provided improper instruction to Plaintiff Beliard to navigate a blocked aisle during the boarding process despite clear safety hazards and without providing necessary assistance or ensuring the aisle was clear for safe passage." TAC ¶ 32. However, as the Court previously found, Plaintiff fails to plead factual content sufficient to allow the Court to draw the inference that Defendant breached any duty to Plaintiff. Plaintiff does not appear to allege that Defendant's flight attendants ever made physical contact with Plaintiff. *See generally* TAC. Rather, as best the Court can tell, Plaintiff alleges that Defendant breached its duty to Plaintiff when Defendant's flight attendants verbally instructed Plaintiff to take her seat. *Id.* ¶ 13.

Plaintiff fails to provide any indication, outside of conclusory allegations, that the flight attendant used coercion for Plaintiff to step directly in front of an obstruction. *See id.* Dismissal of an action is appropriate "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Here, the Court finds Plaintiff's conclusory allegations insufficient to support a plausible finding of breach by Defendant. *See Sequeira*, 2017 WL 6557427, at *3 ("[E]ven assuming that American Airlines had a duty to exercise reasonable care, Sequeira has not sufficiently alleged that American Airlines breached that duty.").

Moreover, as with any negligence claim, Plaintiff must establish that Defendant's negligent performance of a duty in some way caused the specific injury she suffered. *See Mennella*, 2019 WL 1429636, at *7 ("[A] defining factor of negligence and personal injury claims against an airline is that an employee's performance of his duties caused a plaintiff some specific physical, mental, or emotional injury."). Defendant's attempts at pleading causation by stating that the "flight attendant ordered and compelled [Plaintiff] to move directly into a fall hazard, which then caused her to fall." TAC ¶ 20. Plaintiff's TAC is devoid of any factual allegations indicating how Defendant's purported negligence caused Plaintiff to trip and fall. As a result, Plaintiff has failed to plead factual content sufficient to allow the Court to draw the inference that Defendant is liable for the misconduct alleged. *See Sequeira*, 2017 WL 6557427, at *3.

### D. Negligent Training

Defendant further argues that to the extent Plaintiff is alleging a cause of action under a negligent training theory, which Plaintiff confirms she is, such claim should fail. To state a claim for negligent training, a plaintiff must allege (1) that a defendant "negligently implemented

and operated its training program," and (2) that such negligence caused a plaintiff's injury. *Doe v. NCL (Bahamas) Ltd.*, No. 16-CV-23733-UU, 2016 WL 6330587, at *4 (S.D. Fla. Oct. 27, 2016).

Here, the TAC alleges that "Defendant Frontier Airlines, Inc. owed a duty to train its flight attendants to not give improper and unsafe instructions and directions to Frontier Airlines passengers during the boarding process." TAC ¶ 30. The TAC further alleges that Defendant failed "to ensure its Flight Attendants were adequately trained to handle such situations, prioritizing timely departure over passenger safety." *Id.* ¶ 36. Outside of these conclusory allegations, Plaintiff fails to allege how Defendant was negligent in implementing or operating its training programs, or even identify any training programs that exist. *See also Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1269 (S.D. Fla. 2015) (dismissing a negligent training claim where plaintiff failed to "identify a training program or policy and explain specifically how the [defendant] was negligent in implementing it."). Thus, Plaintiff's claim for negligent training must be dismissed.

Under Rule 15, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff has already amended her complaint three times. Now, having considered the Third Amended Complaint and having found Plaintiff's contentions to be deficient for almost the same reasons, the Court finds that further amendment of the Third Amended Complaint would be futile. Therefore, dismissal of this case with prejudice is appropriate. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citations omitted) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

IV.  CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss the Third Amended Complaint (ECF No. 54) is GRANTED. Plaintiff's Third Amended Complaint (ECF No. 52) is DISMISSED WITH PREJUDICE. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __12th__ day of February, 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record